1  PETER HSIAO (Bar No. 119881)
   *phsiao@kslaw.com*
2  MICHAEL R. LESLIE (Bar No. 126820)
   *mleslie@kslaw.com*
3  **KING & SPALDING LLP**
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:  (213) 443-4355
5  Facsimile:   (213) 443-4310

6  JOEL BLANCHET (*Pro Hac Vice Application Forthcoming*)
   *jblanchet@phillipslytle.com*
7  CHRISTOPHER BARRAZA (*Pro Hac Vice Application Forthcoming*)
   *cbarraza@phillipslytle.com*
8  **Phillips Lytle LLP**
   One Canalside
9  125 Main Street
   Buffalo, NY 14203-2887
10 Telephone: (716) 847-7050
   Facsimile: (716) 852-6100
11
   Attorneys for Defendant
12 THE DOW CHEMICAL COMPANY

13

14                  **UNITED STATES DISTRICT COURT**

15                 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

                          **WESTERN DIVISION**
16

17 | MDR HOTELS, LLC, | **Case No.** |
|---|---|
18 | Plaintiff, | **(Los Angeles Superior Court Case No. 20STCV28908)** |
19 | vs. | |
20 | MARATHON OIL COMPANY; THE DOW CHEMICAL COMPANY; and DOES 1 through 10, inclusive, | **THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
21 | | |
22 | Defendants. | **[Declaration of Michael R. Leslie in support of Notice of Removal and Exhibits filed concurrently herewith]** |
23 | | |
24 | | Action Filed:      July 31, 2020 |
25 | | Served on The Dow Chemical |
26 | | Company:          August 3, 2020 |
   | | Trial Date:        None Set |
27

28

---

DEFENDANT THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL,**

**PLEASE TAKE NOTICE THAT** Defendant The Dow Chemical Company ("Dow"), by and through the undersigned Counsel, hereby files this Notice of Removal of the above-captioned action (the "Action") from the Superior Court of the State of California for the County of Los Angeles, Central District, to the United States District Court for the Central District of California, Western Division.  This Notice of Removal is based on federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for the reasons stated below.  In support of this Notice of Removal, Dow states the following:

I.   **DOW HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C. § 1446**

**Background**

1.     On July 31, 2020, Plaintiff MDR Hotels, LLC ("MDR") filed a lawsuit captioned *MDR Hotels, LLC v. Marathon Oil Company, et al.* in the Superior Court of California, for the County of Los Angeles, Case No. 20STCV28908 ("Complaint").  A true and correct copy of the Complaint is attached as Exhibit 1.  Declaration of Michael R. Leslie ("Leslie Decl.") filed concurrently herewith (*Id.* ¶ 5).

2.     MDR served Dow with a summons and copy of the Complaint on August 3, 2020.  A true and correct copy of the summons to Dow is attached as Exhibit 2. (Leslie Decl. ¶ 6.)

3.     A true and correct copy of the other documents served on Dow along with the Complaint—Civil Case Cover Sheet and Addendum, First Amended General Order, Voluntary Efficient Litigation Stipulations, ADR Information Package, Notice of Confirmation of Electronic Filing, and Notice of Case Assignment—are attached as Exhibit 3.  (Leslie Decl. ¶ 7.)

4.     MDR served Marathon Oil Company ("Marathon") with a summons and copy of the Complaint on August 3, 2020.  A true and correct copy of the summons to Marathon is attached as Exhibit 4.  (Leslie Decl. ¶ 8.)

5.    Exhibits 1 through 4 are true and correct copies of all state court "process, pleadings, and orders served upon such defendant or defendants in such action," and are attached to this Notice of Removal pursuant to 28 U.S.C. § 1446(a).

**Timeliness**

6.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after MDR served on Defendants a copy of any "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

**Venue**

7.    Venue lies in the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. § 1441(a) because MDR filed the Complaint in a state court located within the Central District of California.

8.    The Superior Court of the State of California for the County of Los Angeles is located within the Western Division of the Central District of California.  *See* 28 U.S.C. § 84(c)(2) (providing that the Central District of California, Western Division, includes Los Angeles County).

9.    Venue is therefore proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**Marathon's Joinder in Removal**

10.    As set forth in the Declaration of Michael R. Leslie filed concurrently herewith, Marathon joins in this removal.  (Leslie Decl. ¶ 4.)

11.    The remaining defendants are fictitiously named "Doe" defendants, which are disregarded in determining diversity jurisdiction.  28 U.S.C. § 1441(b)(1).

**Notice to Adverse Parties and State Court**

12.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will be served on all parties.

DEFENDANT THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

### **Original Jurisdiction**

13.    This Court has original jurisdiction of this civil Action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is alleged to exceed $75,000 and the parties are citizens of different states.

### **Diversity of Citizenship**

14.    For purposes of diversity jurisdiction and removal, limited liability companies ("LLCs") are citizens of every state in which their members/owners are citizens.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The LLC's place of incorporation/registration does not matter.  *See, e.g., BAMKO, LLC v. Emmer,* No. CV205028FMOAGRX, 2020 WL 3497401, at *2 (C.D. Cal. June 29, 2020) (LLCs "are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed 'a citizen of every state of which its owners/members are citizens'… *Moreover, [a]n LLC's principal place of business [or] state of organization is irrelevant for purposes of diversity jurisdiction.*") (internal citations and quotations omitted) (emphasis added).

15.    MDR is an LLC whose sole member is Chadam Del Rey Investors, LLC.  (Leslie Decl. ¶¶ 9-10; Ex. 5.)

16.    On information and belief, the sole member of Chadam Del Rey Investors, LLC is Samuel A. Hardage, who is a citizen of California.  (Leslie Decl. ¶¶ 11-13; Exs. 6-7.)

17.    Thus, MDR is a citizen of California for purposes of diversity jurisdiction.

18.    Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of (i) the state by which it has been incorporated and (ii) the state where it has its principal place of business.

19.    Dow is a Delaware corporation with its principal place of business in Midland, Michigan.  (Leslie Decl. ¶ 14; Ex. 8.)  Dow is therefore a citizen of Delaware and Michigan for purposes of diversity jurisdiction.

20.    Marathon is an Ohio corporation with its principal place of business in Houston, Texas.  (Leslie Decl. ¶ 14; Ex. 9.)  Marathon is therefore a citizen of Ohio and Texas for purposes of diversity jurisdiction.

21.    For removal based on diversity of citizenship, as here, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

22.    Accordingly, there is complete diversity of citizenship amongst MDR, the sole named Plaintiff in the Complaint, on the one hand, and Defendants Dow and Marathon, on the other hand.  28 U.S.C. § 1332(a)(1).

### Amount in Controversy

23.    The amount in controversy in this Action "exceeds the sum or value of $75,000" under 28 U.S.C. § 1332(a)(1) because MDR alleges it has suffered damages "which exceed $40 million."  (Complaint ¶ 62.)

24.    By removing this action to this Court, Dow does not waive any defenses, objections or motions available to it under applicable law

### III.    CONCLUSION

25.    For all the reasons set forth above, this Action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Western District of California; (ii) it is between citizens of different States; and (iii) the amount in controversy exceeds $75,000.

**BASED ON THE FOREGOING**, Dow respectfully requests that this Action be removed from the Superior Court of the State of California for the County of Los Angeles, Central District, to the United States District Court for the Central District of California, Western Division, and that this Action be entered into the docket of this Court for further proceedings as though the Action had originally been instituted in

DEFENDANT THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1  this Court.

2

3

4  Dated: September 1, 2020

**KING & SPALDING LLP**

5

6  By:  */s/ Michael R. Leslie*
       Michael R. Leslie

7

8  Attorneys for Defendant
   The Dow Chemical Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE DOW CHEMICAL COMPANY'S NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446