# EXHIBIT 4



**Service of Process Transmittal**
08/03/2020
CT Log Number 538034614

| | |
|---|---|
| **TO:** | Charlene Tsang-Kao<br>Marathon Oil Company<br>5555 San Felipe Street<br>Houston, TX 77056-2723 |
| **RE:** | **Process Served in California** |
| **FOR:** | Marathon Oil Company  (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MDR HOTELS, LLC, ETC., PLTF. vs. MARATHON OIL COMPANY, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV28908 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/03/2020 at 14:31 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/03/2020, Expected Purge Date: 08/08/2020<br><br>Image SOP<br><br>Email Notification,  CARRIE TELLO  cgtello@marathonoil.com<br><br>Email Notification,  Charlene Tsang-Kao  ctsangkao@marathonoil.com<br><br>Email Notification,  Shirin Tello  stello@marathonoil.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / RA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Mon, Aug 3, 2020 |
| **Server Name:** | Dion Jones |
| **Location:** | Los Angeles , CA-LA |

| | |
|---|---|
| Entity Served | MARATHON OIL COMPANY |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20stcv28908 |
| Jurisdiction | CA-LA |



Electronically FILED by Superior Court of California, County of Los Angeles on 07/31/2020 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 2:20-cv-08008-AS Document 1-5 Filed 09/01/20 Page 4 of 16 Page ID #:60
20STCV28908

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARATHON OIL COMPANY, an Ohio corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MDR HOTELS, LLC, a Delaware limited liability company

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
California Superior Court, County of Los Angeles
Central District
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
20STCV28908

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Perry S. Hughes, Esq/ Kevin M. Hannifan, Esq., Cox, Castle & Nicholson LLP, 2029 Century Park East,
Suite 2100, Los Angeles, CA 90067. Phone: 310-284-2200; Fax: 310-284-2100

DATE: 07/31/2020           Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                  Clerk, by _____R. Perez_____ , Deputy
                           *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] 

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Marathon Oil Company, an Ohio corporation
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 07/31/2020 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
Case 2:20-cv-08008-AS Document 1-5 Filed 09/01/20 Page 5 of 16 Page ID #:61
20STCV28908
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Dennis Landin

COX, CASTLE & NICHOLSON LLP
Perry S. Hughes (SBN 167784)
Kevin M. Hannifan (SBN 288135)
2029 Century Park East, 21st Floor
Los Angeles, CA 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
phughes@coxcastle.com; khannifan@coxcastle.com

Attorneys for MDR Hotels, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MDR HOTELS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MARATHON OIL COMPANY, an Ohio corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 20STCV28908<br><br>COMPLAINT FOR:<br>1. NEGLIGENCE;<br>2. CONTINUING PUBLIC NUISANCE;<br>3. CONTINUING PRIVATE NUISANCE;<br>4. PERMANENT PUBLIC NUISANCE;<br>5. PERMANENT PRIVATE NUISANCE; and<br>6. TRESPASS |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

Plaintiff MDR HOTELS, LLC (hereafter "MDR") alleges and complains as follows:

## INTRODUCTION AND FACTUAL ALLEGATIONS

1. This case arises from the discovery of a leaking abandoned oil well on the real property located at 4360 Via Marina in Marina Del Rey, California (the "**Property**").

2. The Property is owned by the County of Los Angeles. MDR is the ground lessee of the Property, on which it is undertaking to construct a 288-room hotel.

3. In 1931, Defendant MARATHON OIL COMPANY ("**Marathon**"), formerly known as The Ohio Oil Company, drilled an oil well on or in the vicinity of the Property. Marathon operated the well from approximately 1931 to 1933, and in 1941 abandoned the oil production zone of the well, which occurs at approximately 3,400 feet below surface level.

4. After Defendant Marathon abandoned the oil production zone, the well was acquired and operated by Defendant DOW CHEMICAL COMPANY ("**Dow**") to extract and produce iodine. The salt water zone Dow used to extract iodine occurs just above the oil production zone, from approximately 3,376 feet to 3,076 feet below surface level. In 1956, Dow attempted to permanently abandon the well; The County of Los Angeles (the "**County**") undertook additional work to re-abandon the well in 1959.

5. When MDR began to plan for its improvement of the Property, the historical well records submitted by Defendants and maintained by the California Division of Oil, Gas & Geothermal Resources ("**DOGGR**") indicated that the well would be located within a County of Los Angeles right-of-way that is outside the footprint of MDR's improvements. However, in the fall of 2017, when MDR's contractor attempted to excavate the vapor "cone" above the well, it discovered that the well was not located within the right-of-way, as recorded by Defendants, but rather inside the proposed footprint of the planned building.

6. When the well was located by MDR's contractor, it was observed to be leaking methane into the atmosphere.

7. After discovering the well, MDR undertook months of research to determine ownership of the well and mineral rights, and to identify who was empowered to re-abandon the leaking well.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 2 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

8. In the meantime, excavation work at the Property was ongoing. On or about February 14, 2018, one of the designated import sites that was receiving excavated soils from the project rejected a load of soils. The loads of soil transmitted on February 14, 2018, were different in consistency and odor from prior loads. Soil removed from the site appeared to be saturated with and smelled of aged petroleum. Due to the obviously impacted nature of the soil, the soil was sampled and shown to contain hazardous metals that were previously undetected on-site, including but not limited to petroleum, lead, cobalt, copper, and molybdenum. As a result of the petroleum, the designated import sites refused to accept any further loads of soil from the Property.

9. Consequently, MDR was forced to locate an alternate disposal site for the February 14, 2018 soils as well as all soil subsequently excavated at the Property, and paid significantly more per load to dispose of the material. In total, MDR incurred at least $1.7 Million in excess disposal costs due to the presence of petroleum and heavy metals in the soil.

10. In approximately June 2018, MDR requested and received approval from DOGGR to re-abandon the well as part of it plans to develop the surface property. Initially, the scope of work required to re-abandon the well was estimated to cost approximately $12,000.

11. Re-abandonment work began in August 2018. However, the well conditions as reported in the DOGGR records were found to be inaccurate. Further, as constructed, the well allowed methane to vent to the surface given the failure to seal the annulus around the casing. Gas was observed escaping from the well even before it was entered for re-abandonment. A September 7, 2018 air monitoring survey confirmed the presence of gas vapors from the leaking well.

12. DOGGR also concluded that as constructed, the well provided a pathway for petroleum hydrocarbons to migrate upwards and into beneficial aquifers beneath the Property.

13. Due to the defective condition of the well, overwhelming amounts of gas were encountered during re-abandonment work, resulting in an imminent and dangerous condition. As work to stop the imminent and substantial endangerment to public health continued at DOGGR's direction, MDR's construction team encountered ongoing problems with the well. Gas kicks required the team to incur delays, which increased when they were forced to cease abandonment work in order to contain the gas-leak by circulating gas out of the well.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 3 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

14. On December 25, 2018, the well experienced a blowout, during which significant amounts of methane gas migrated to and were released to the surface. A larger well blowout occurred on January 11, 2019, which spewed gasses into the atmosphere and caused DOGGR to issue an Emergency Order. The costs MDR incurred to comply with DOGGR's Emergency Order following the second blow-out were extraordinary, exceeding $100,000 per day.

15. After the January 11, 2019 well blowout, DOGGR spent many weeks determining how to complete the re-abandonment, during which time MDR was continuing to pay nearly $100,000 per day to comply with DOGGR's Emergency Order. MDR received authorization from DOGGR to complete the re-abandonment on March 19, 2019, and the abandonment was completed – per DOGGR's directives – on April 6, 2019.

16. In November and December 2018, prior to identification of the gas leak, loss of circulation, gas kicks, and blowouts, MDR's abandonment costs totaled over $1.6 Million. Following the identification of the gas kicks and blowouts, the costs MDR incurred to stop the imminent and substantial threat to public health and welfare exceeded $8.2 Million. In all, MDR incurred at least $10 Million to completely re-abandon the well. Additionally, delays caused by the well abandonment and the blowout resulted in increased construction expenses that are expected to exceed $10 million, and a loss of business due to delayed opening of the hotel and restaurants, expected to exceed $20 million.

17. On information and belief, MDR alleges that Defendants Marathon and Dow's construction, operation, and abandonment work on the well were negligently performed, and proximately caused or contributed to both the contamination of soils and the conditions that caused the well to blow-out in December 2018 and January 2019. Defendants' negligent actions are alleged to include, but not limited to the following:

- Installing a stove pipe casing, rather than solid pipe, which is incapable of holding well pressure;
- Failing to install concrete around the surface casing to ground level;
- Failing to install concrete around the production casing throughout and above the hydrocarbon production zone;

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 4 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

- During the initial abandonment attempt in 1941, failing to cement the well above the salt water zone;
- During abandonment attempts, employing "collar shots" and other methods to fracture and breach the well casing in an attempt to cut and recover the well casing, which methods caused discontinuity in the well casing and provided pathways for gas to migrate from the well into the surrounding soils and escape to the surface;
- Failing to install cement into the anulus of the casing at and above the 2,200 foot level, which provided further paths for gas to migrate from the well into the surrounding soils and to the surface; and
- During all abandonment attempts, failing to account for the porous nature of the riveted stovepipe that was used for the production and surface casings, which caused and/or contributed to surface migration of gasses and blowouts or other failures of the well.

18. As a direct and proximate cause of Defendants' negligent construction, operation, and abandonment of the well, including those actions identified above, MDR was damaged in that it incurred costs to remove contaminated soils, institute temporary measures to protect its property and the public from the uncontrolled release of methane gases, and to clean up, remediate, and safely re-abandon the well. Additionally, as referenced above, the delays associated with the abandonment of the well caused increased construction expenses and loss of business.

19. In addition, the dangerous conditions posed by the leaking well damaged MDR by requiring it to retain the services of various engineering and contracting firms to evaluate the existence and cause of the soil contamination, methane leaks, and well conditions, and employing firms to design and implement remedial and reparative measures.

## PARTIES, JURISDICTION, AND VENUE

20. Plaintiff MDR is a Delaware limited liability company, with its principal place of business in San Diego, California. MDR is qualified to do business in the state of California and is the ground lessor of the Property.

21. Defendant Marathon Oil Company ("Marathon") is an Ohio corporation with its

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 5 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

principal place of business in Houston, Texas, doing business in the County of Los Angeles, State of California. On information and belief, Defendant Marathon is the successor-in-interest to The Ohio Oil Company.

22. Defendant Dow Chemical Company is a Delaware corporation, with its principal place of business in Midland, Michigan, doing business in the County of Los Angeles, State of California

23. DOES 1 through 50 inclusive are the partners, agents, employees, contractors, principals, officers, directors, affiliates, and/or subsidiaries of the named Defendants, and of each other whose true names and capacities are currently unknown to MDR. MDR is informed and believes, and thereupon alleges, that each of the DOES 1 through 50 is legally responsible, negligently or in some other actionable manner, for the events and happenings alleged herein, and proximately caused the injuries described herein. DOES 1 through 50 are liable to MDR to the extent of the liability of the named Defendants. MDR will amend this Complaint to assert the true names and/or capacities of the DOES 1 through 50 when ascertained.

24. The Superior Court of the state of California for the County of Los Angeles has jurisdiction over this dispute under Code of Civil Procedure section 410.10. Venue is appropriate pursuant to Code of Civil Procedure sections 392 and 395.5.

## FIRST CAUSE OF ACTION
(Negligence)

25. MDR incorporates the allegations set forth in Paragraphs 1 through 24.

26. Defendants owed MDR a duty to use due care in their construction, use, and maintenance of the well, and in particular, the measures they undertook to install, operate and abandon the well after their use of the Property ended.

27. Defendants breached that duty by failing to use due care in the construction, use, maintenance, and abandonment of the well, as well as the on-site disposal of petroleum-impacted soil.

28. As a proximate cause of Defendants' actions, MDR has suffered and continues to suffer injury to its property and incur monetary damages, which MDR estimates presently exceed

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 6 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

$40 million.

29. The Defendants acted with conscious disregard of the probable injurious consequences of their misconduct that resulted in the contamination and well blowouts described herein, deliberately failed to avoid those consequences, and deliberately created a dangerous condition that has and will likely result in further damage to MDR.

### SECOND CAUSE OF ACTION
(Continuing Public Nuisance: Civil Code 3479, 3480; Code of Civil Procedure 731)

30. MDR incorporates the allegations set forth in Paragraphs 1 through 29.

31. Plaintiff MDR is the ground lessor of the Property and is constructing a hotel thereon. MDR has a right to use and enjoy the Property without interference by the Defendants.

32. The Defendants owe MDR a duty not to interfere with its use and enjoyment of the Property. The Defendants also had and have a public duty to use and maintain the Property in a manner that does not cause a nuisance to the public.

33. Defendants' improper construction, use, maintenance and abandonment of the well resulted in soil contamination, uncontrolled releases of methane gas, and well-blowouts that substantially and unreasonably interfere with MDR's use and enjoyment of its property. Further, the dangerous condition and lack of integrity of the abandoned well substantially and unreasonably interferes with MDR's use and enjoyment of its property, presents an ongoing threat to the safety and well-being of the public, and constitutes a nuisance per se.

34. MDR did not consent to the Defendants' interference with its right to use and enjoy the Property.

35. The nuisance created by the Defendants affects the entire community, as it created a public health and safety risk, and has specifically injured MDR. As alleged herein, MDR has been injured and suffered damages, including the loss of use of its property, delays to its planned improvements, and the remediation and repair costs it has incurred to date, which exceed $40 million.

36. Defendants acted with conscious disregard of the probable injurious consequences of their misconduct that resulted in the contamination of the soils and blowouts in 2018 and 2019,

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 7 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

1 deliberately failed to avoid those consequences, and deliberately created a dangerous condition that will likely result in further damage to MDR.

### THIRD CAUSE OF ACTION

**(Continuing Private Nuisance: Civil Code 3481; Code of Civil Procedure 731)**

37. MDR incorporates the allegations set forth in Paragraphs 1 through 36.

38. Plaintiff MDR is the ground lessor of the Property and is constructing a hotel thereon. MDR has a right to use and enjoy the Property without interference by the Defendants.

39. The Defendants owe MDR a duty not to interfere with its use and enjoyment of the Property. The Defendants also have a public duty to use and maintain the Property in a manner that does not cause a nuisance to MDR.

40. Defendants' improper construction, use, maintenance and abandonment of the well resulted in soil contamination, uncontrolled releases of methane gas, and well-blowouts that substantially and unreasonably interfere with MDR's use and enjoyment of its property. Further, the dangerous condition and lack of integrity of the abandoned well substantially and unreasonably interferes with MDR's use and enjoyment of its property, presents an ongoing threat to the safety and well-being of the public, and constitutes a nuisance per se.

41. MDR did not consent to the Defendants' interference with its right to use and enjoy the Property.

42. The nuisance resulting from the contamination of the soils and blowouts in 2018 and 2019 was caused by Defendants and has specifically injured MDR. As alleged herein, MDR has been injured and suffered damages, including the loss of use of its property, delays to its planned improvements, and the remediation and repair costs it has incurred to date, which exceed $40 million.

43. Defendants acted with conscious disregard of the probable injurious consequences of their misconduct that resulted in the contamination of the soils and blowouts in 2018 and 2019, deliberately failed to avoid those consequences, and deliberately created a dangerous condition that will likely result in further damage to MDR.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 8 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

## FOURTH CAUSE OF ACTION

### (Permanent Public Nuisance)

44. MDR incorporates the allegations set forth in Paragraphs 1 through 43.

45. Plaintiff MDR is the ground lessor of the Property and is constructing a hotel thereon. MDR has a right to use and enjoy the Property without interference by the Defendants.

46. The Defendants owe MDR a duty not to interfere with its use and enjoyment of the Property. The Defendants also had and have a public duty to use and maintain the property in a manner that does not cause a nuisance to the public.

47. Defendants' improper construction, use, maintenance and abandonment of the well resulted in soil contamination, uncontrolled releases of methane gas, and well-blowouts that substantially and unreasonably interfere with MDR's use and enjoyment of its property. Further, the dangerous condition and lack of integrity of the abandoned well substantially and unreasonably interferes with MDR's use and enjoyment of its property, presents an ongoing threat to the safety and well-being of the public, and constitutes a nuisance per se. Because of the manner in which the well was constructed, used, and abandoned, the ongoing threat posed by the existence and condition of the well constitutes a permanent nuisance.

48. MDR did not consent to the Defendants' interference with its right to use and enjoy the Property.

49. The nuisance created by the Defendants affects the entire community and has specifically injured MDR. As alleged herein, MDR has been injured and suffered damages, including the loss of use of its property, delays to its planned improvements, and the remediation and repair costs it has incurred to date, which exceed $40 million.

50. Defendants acted with conscious disregard of the probable injurious consequences of their misconduct that resulted in the contamination of the soils and blowouts in 2018 and 2019, deliberately failed to avoid those consequences, and deliberately created a dangerous condition that will likely result in further damage to MDR.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 9 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

## FIFTH CAUSE OF ACTION

### (Permanent Private Nuisance)

51. MDR incorporates the allegations set forth in Paragraphs 1 through 50.

52. Plaintiff MDR is the ground lessor of the Property and is constructing a hotel thereon. MDR has a right to use and enjoy the Property without interference by the Defendants.

53. The Defendants owe MDR a duty not to interfere with its use and enjoyment of the Property. The Defendants also had and have a public duty to use and maintain the property in a manner that does not cause a nuisance to the public.

54. Defendants' improper construction, use, maintenance and abandonment of the well resulted in soil contamination, uncontrolled releases of methane gas, and well-blowouts that substantially and unreasonably interfere with MDR's use and enjoyment of its property. Further, the dangerous condition and lack of integrity of the abandoned well substantially and unreasonably interferes with MDR's use and enjoyment of its property, presents an ongoing threat to the safety and well-being of the public, and constitutes a nuisance per se. Because of the manner in which the well was constructed, used, and abandoned, the ongoing threat posed by the existence and condition of the well constitutes a permanent nuisance.

55. MDR did not consent to the Defendants' interference with its right to use and enjoy the Property.

56. The nuisance created by the Defendants has specifically injured MDR. As alleged herein, MDR has been injured and suffered damages, including the loss of use of its property, delays to its planned improvements, and the remediation and repair costs it has incurred to date, which exceed $40 million.

57. Defendants acted with conscious disregard of the probable injurious consequences of their misconduct that resulted in the contamination of the soils and blowouts in 2018 and 2019, deliberately failed to avoid those consequences, and deliberately created a dangerous condition that will likely result in further damage to MDR.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 10 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

## SIXTH CAUSE OF ACTION
### (Trespass)

58. MDR incorporates the allegations set forth in Paragraphs 1 through 57.

59. Plaintiff MDR is the ground lessor of the Property and is constructing a hotel thereon.

60. On information and belief, Defendants' construction, use, maintenance and abandonment of the well caused the soils at the Property to be contaminated with petroleum, lead, cobalt, copper, and molybdenum, and allowed methane gas to escape from the well and vent to the surface.

61. The contamination of soils and uncontrolled releases of methane gas at the Property occurred without MDR's consent and caused damage to its Property.

62. As alleged herein, MDR has been injured and suffered damages as the result of Defendants continuing trespass, including the including the loss of use of its property, delays to its planned improvements, and the remediation and repair costs it has incurred to date, which exceed $40 million.

63. Defendants acted with conscious disregard of the probable injurious consequences of their conduct that resulted in the contamination of soils and uncontrolled releases of methane gas and deliberately failed to avoid those consequences.

## PRAYER FOR RELIEF

Based on the foregoing, MDR respectfully requests that the Court enter judgment in Its favor and against Defendants, awarding as follows:

(a) A judgment in favor of MDR on all claims;

(b) An order compelling Defendants to abate the nuisances on their properties;

(c) Compensatory and general damages, which at present exceed $40 million, according to proof at the time of trial;

(d) An award of all amounts to which Plaintiffs are entitled under Cal. Civil Code §3334;

(e) Costs;

(f) Injunctive Relief;

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 11 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS

1    (g)    Pre- and post-judgment interest; and

2    (h)    All other relief the Court may deem just and proper.

DATED: July 31, 2020          COX, CASTLE & NICHOLSON LLP

By: *[signature]*
Perry S. Hughes
Kevin M. Hannifan
Attorney for Plaintiff MDR Hotels, LLC

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\11717840v5

- 12 -

COMPLAINT FOR NEGLIGENCE, NUISANCE, AND TRESPASS