COX, CASTLE & NICHOLSON LLP
Perry S. Hughes (State Bar No. 167784)
Alicia N. Vaz (State Bar No. 215081)
Kevin M. Hannifan (State Bar No. 288135)
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: phughes@coxcastle.com;
avaz@coxcastle.com;
khannifan@coxcastle.com

Attorneys for MDR Hotels, LLC

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MDR HOTELS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON OIL COMPANY, an Ohio corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-08008-FLA(JPRx)<br><br>Assigned to the Hon. Fernando L. Aenlle-Rocha<br><br>**JOINT REPORT OF INITIAL MEETING OF COUNSEL**<br><br>Scheduling<br>Conference:   February 12, 2021<br>Time:              1:00 p.m.<br>Place:             First Street Courthouse, 350 West 1st Street, Courtroom 6B, Los Angeles, California 90012 |

081006\12131658v1     - 1 -

CASE NO. 2:20-cv-08008-FLA(JPRx)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
LOS ANGELES, CA

| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| | Mary Rose Alexander (Bar No. 143899) |
| 2 | *mary.rose.alexander@lw.com* |
| | Thomas J. Heiden (Admitted *Pro Hac Vice*) |
| 3 | *thomas.heiden@lw.com* |
| | 330 North Wabash Avenue, Suite 2800 |
| 4 | Chicago, IL 60611 |
| | Tel: 312.876.7700 |
| 5 | Fax: 312.993.9767 |
| 6 | Shannon D. Lankenau (Bar No. 294263) |
| | *shannon.lankenau@lw.com* |
| 7 | 505 Montgomery Street, Suite 2000 |
| | San Francisco, CA 94111 |
| 8 | Tel: 415.391.0600 |
| | Fax: 415.395.8095 |
| 9 | Michael A. Hale (Bar No. 319056) |
| | *michael.hale@lw.com* |
| 10 | 355 South Grand Avenue, Suite 100 |
| | Los Angeles, CA 90071 |
| 11 | Tel: 213.485.1234 |
| | Fax: 213.891.8763 |
| 12 | |
| 13 | Attorneys for Defendant Marathon Oil Company |
| 14 | PETER HSIAO (Bar No. 119881) |
| | *phsiao@kslaw.com* |
| 15 | MICHAEL R. LESLIE (Bar No. 126820) |
| | *mleslie@kslaw.com* |
| 16 | **KING & SPALDING LLP** |
| | 633 West Fifth Street, Suite 1600 |
| 17 | Los Angeles, CA 90071 |
| | Telephone: (213) 443-4355 |
| 18 | Facsimile: (213) 443-4310 |
| 19 | JOEL BLANCHET (*Pro Hac Vice*) |
| | *jblanchet@phillipslytle.com* |
| 20 | **Phillips Lytle LLP** |
| | One Canalside |
| 21 | 125 Main Street |
| | Buffalo, NY 14203-2887 |
| 22 | Telephone: (716) 847-7050 |
| | Facsimile: (716) 852-6100 |
| 23 | CHRISTOPHER BARRAZA (*Pro Hac Vice*) |
| | *cbarraza@phillipslytle.com* |
| 24 | 340 Madison Ave., 17th Floor |
| | New York, NY 10173 |
| 25 | Telephone: 212.759.4888 |
| | Facsimile: 212.308.9079 |
| 26 | |
| 27 | Attorneys for Defendant The Dow Chemical Company |
| 28 | 081006\12131658v1              - 2 - |

**LAW OFFICES OF**
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

Pursuant to this Court's November 3, 2020 Order Setting Scheduling Conference (Dkt. 37), Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26-1, the parties conducted a Rule 26(f) meeting via video conference on December 4, 2020.  All parties participated.

**A.   STATEMENT OF THE CASE**

   1.   *Neutral statement*

This case arises from environmental contamination Plaintiff MDR Hotels, LLC ("**MDR**") alleges resulted from the historic operations of Defendants Marathon Oil Company and The Dow Chemical Company (respectively, "**Marathon**," "**Dow**" or collectively, "**Defendants**").  MDR alleges that the Defendants installed and/or operated the RGC #10 oil well (the "**Well**") on property located at 4360 Via Marina in Marina Del Rey, California (the "**Property**") in the 1930's, 40's and 50's.  The Property is owned by the County of Los Angeles ("**County**").   On July 31, 2017, MDR entered into a sixty-year  ground lease with the County for the purpose of developing hotels on the Property.

MDR alleges that Marathon installed and operated the Well for crude oil production from approximately 1931 to 1933, and in 1941 abandoned the oil production zone of the Well.  After Marathon abandoned the oil production zone, the Well was acquired and operated by Dow to extract and produce iodine from the saltwater zone just above the oil production zone.  In 1956, Dow abandoned the Well.  Dow alleges that its abandonment was done with agency supervision and with agency approval.  In 1958, Dow conveyed the Well to the County.  It is alleged that that the County then re-abandoned the Well in 1959 under agency supervision and with agency approval, and has owned the Property and the Well since that time.

MDR asserts that Defendants' historic operations on the Property left behind petroleum contamination buried in soil and a defective oil well that was improperly

081006\12131658v1                  - 3 -

**LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA**

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

constructed, and later abandoned, and allowed methane to vent, uncontrolled, into the atmosphere. Dow and Marathon deny these allegations, and assert that MDR is a sophisticated developer who leased the Property as-is after conducting due diligence and with knowledge of both the Well and any methane issues at the Property. MDR claims to have incurred approximately $20.2 million in damages related to the disposal of the impacted soil, properly abandoning the allegedly defective well, and increased cost of construction, and $20 million in lost hotel and restaurant revenue. Marathon and Dow deny that MDR suffered damages to this extent, or at all, and deny that they are liable for any costs or damages MDR may have incurred as a result of the Well or its development of the Property.

MDR has asserted claims for (1) Negligence; (2) Continuing Public Nuisance; (3) Continuing Private Nuisance; (4) Permanent Public Nuisance; (5) Permanent Private Nuisance; and (6) Trespass.

Defendants deny the allegations of the Complaint. They have filed a motion to dismiss the Complaint with prejudice on grounds of statute of limitations, lack of duty, and the economic loss rule, among other defenses, which the Court has taken under submission. ECF Nos. 36, 43, 44. Defendant Marathon independently claims that any possible liability terminated at least by 1958 pursuant to several quitclaim deeds. ECF Nos. 36, 43.

**B.  SUBJECT MATTER JURISDICTION**

This matter was removed from Los Angeles Superior Court on September 1, 2020. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy is alleged to exceed $75,000 and the parties are citizens of different states.

**C.  LEGAL ISSUES**

Procedurally, this case presents issues pertaining to real estate development, environmental contamination, the abandonment of a former oil well, the cause of

081006\12131658v1 - 4 -

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

the well blowout, and the efforts to stop the blowout. The parties anticipate that issues regarding duty and causation will be the primary focus. Additionally, Defendants anticipate issues related to MDR's conduct in due diligence, MDR's re-entering of the Well, the cause of the Well blowout, and MDR's efforts to stop the blowout. It is anticipated that the issues in the case will also focus on the actions or inactions of the County, MDR's contractors, and the orders, directives, and findings of the California Division of Geological and Energy Management (CalGEM), which issued an emergency order to MDR and conducted a root cause analysis concerning the blowout. Also, Defendants have also asserted that many of MDR's claims are barred by the statute of limitations. As such, if Defendants do not prevail on their Motion to Dismiss, issues will likely include: (1) when MDR had knowledge of the allegedly defective Well and potential contamination; and (2) when MDR was reasonably on notice of the Well and any potential soil contamination; and (3) whether the statute of limitations accrued when the County was on notice of the location and condition of the Well and the potential property contamination. Lastly, Defendants contend that MDR's negligence claim is precluded for lack of duty and by the Economic Loss Rule. They further contend that MDR's claims are barred by the quitclaims and other agreements in the chain of title, and that MDR must elect between its continuing and permanent nuisance theories. Lastly, Defendants assert that these issues may raise additional legal questions related to MDR's possessory right to the Property and standing to assert property damages.

Because this case involves allegations regarding conduct that occurred prior to and during the 1950s, discovery in this case will involve Defendants searching for very old historical records that may no longer be available. Because sixty years have passed since Defendants last had any contact or involvement with the Well or Property, relevant documents may no longer exist and some percipient witnesses

081006\12131658v1 - 5 -

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

may be deceased. Defendants' investigation in this regard is continuing.

**D.  PARTIES AND EVIDENCE**

   1.  *Plaintiff MDR Hotels, LLC*

MDR identifies the following as subsidiaries, parents, or affiliates:

   a.  Hardage Hospitality, LLC
   b.  Chadam Del Rey Investor, LLC
   c.  Hardage Hotels, LLC
   d.  Hardage Hotels I, LLC
   e.  Hardage Suite Hotels, LLC
   f.  Samuel Hardage

MDR will supplement the following list in its initial disclosures, but identifies the following percipient witnesses and key documents:

Witnesses:

| Name | Company | Contact Info | Subject Matter |
|---|---|---|---|
| Sam Hardage | MDR Hotels | Through counsel | Site acquisition and planned development |
| Chase Hardage | MDR Hotels | Through counsel | Planned development and lost revenue |
| Hyrum Madsen | MDR Hotels | Through counsel | Planned development and construction |
| Tony Santos | MDR Hotels | Through counsel | Well discovery and construction. |
| Michael Hale | MDR Hotels | No longer with MDR. Counsel will coordinate availability. | Well abandonment and construction. |

081006\12131658v1   - 6 -   CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

| Mike Giuliani | InterAct | mike.giuliani@interactprojects.com<br>(805) 290-2074 | Well abandonment |
|---|---|---|---|
| Val Lerma | InterAct | val.lerma@interactprojects.com<br>(805) 256-4454 | Well abandonment |
| Jim Chaconas | InterAct | jim.chaconas@interactprojects.com<br>(805) 705-3342 | Well abandonment |
| Loren Nodolf | InterAct | l.nodolf@sbcglobal.net<br>(805) 625-4270 | Well abandonment |
| Randy Moskal | California Well Services | rigrandy@gmail.com<br>(805) 331-0016 | Well abandonment |
| Troy Powell | California Well Services | tpowell@terracore.co<br>(805) 868-5948 | Well abandonment |
| Steve Toal | R.D. Olson | | Construction delays and damages |
| Chris Conohan | Methane Specialist | cconahan@methanespecialists.com | Well abandonment |
| Aaron Scheet | Wild Well Control | | Root cause analysis |
| Brun Hilbert, Jr. | Exponent | | Root cause analysis |

Key document categories:

a. Documents related to due diligence performed prior to signing lease with County, as well as lease-related documents;

b. Documents related to investigating and discovering the well;

c. Documents related to methane issues at Property;

081006\12131658v1 - 7 -

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

  d. Documents related to the discovery and re-abandonment of well, including correspondence and reports from contractors, sub-contractors and CalGEM/DOGGR;

  e. Construction plans and budgets;

  f. Documents related to claims for damages, included well abandonment costs, construction change orders, and lost revenue;

MDR reserves its rights to revise and supplement these categories of documents as the matter proceeds. MDR has received Dow's informal request for documents referenced below and shall work with Dow to develop reasonable limits on the requested scope to retrieve relevant documents.

  2. *Defendant Marathon Oil Company*

Marathon identifies the following as subsidiaries, parents, or affiliates: Marathon Oil Company is a wholly-owned subsidiary or Marathon Oil Corporation.

Marathon will supplement the following list in its initial disclosures, but identifies the following percipient witnesses and key documents in its possession, custody, or control:

Witnesses: Marathon has not yet identified any percipient witnesses.

Key document categories: Real property documents, including but not limited to title certificates, lease agreements and quitclaim deeds; well construction, maintenance, and abandonment records; and diligence documents. Marathon anticipates conducting party discovery and third party discovery of MDR's contractors and the County. Marathon reserves its rights to revise and supplement these categories of documents as its investigation and discovery proceeds in this matter.

081006\12131658v1   - 8 -   CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

3.    *Defendant The Dow Chemical Company, Inc.*

Dow identifies the following as subsidiaries, parents, or affiliates:

The parent company of Defendant The Dow Chemical Company is Dow, Inc.

Dow will supplement the following list in its initial disclosures, but identifies the following percipient witnesses and key documents:

Witnesses:  Dow is currently investigating whether there are percipient witnesses that are still alive and available to testify.  Dow anticipates it will also have 30(b)(6) witnesses and expert witnesses.  Dow reserves its rights to supplement this list as its investigation continues.

Key document categories:  Dow is currently searching its files for relevant documents; however, because this case involves allegations that arise from conduct that occurred over 60 years ago, such documents may no longer be available.

With respect to Dow's discovery of MDR, Dow currently anticipates MDR will produce the following categories of records as part of MDR's Initial Disclosures and formal discovery:

1. All documents, ESI and communications constituting or pertaining to all development plans, construction plans, methane mitigation plans, leases, options, quitclaims, title searches, well history, property history, and due diligence relating to the Property (as defined in MDR's Complaint) and/or the well at issue in the Complaint, also known as Dow R.G.C. Well No. 10 (the "Well").

2. All documents, ESI and communications constituting or pertaining to all environmental review, permits, CEQA documents and analyses, Coastal Commission documents and analyses, and all related proceedings, decisions and appeals relating to the Property and/or the Well.

3. All documents, ESI and communications constituting or pertaining to the planning, permitting and implementation of all abandonment, re-abandonment and/or well kill efforts relating to the Property and/or the Well.

4. All documents, ESI and communications constituting or pertaining to DOGGR/CalGEM permits, well files, well history, notices, submissions, approvals, orders, root cause analysis, proceedings, decisions and appeals relating to the Property and/or the Well.

5. All documents, ESI and communications constituting or pertaining to InterAct, California Well Services, Weatherford, Methane Specialists, Exponent, methane investigations, methane leaks or migration, methane mitigation, blowout prevention, well kill efforts, and/or locating, remediating, abandoning the Well and any other oil wells or subsurface structures on or under the Property.

6. All documents, ESI and communications with the County of Los Angeles pertaining to the Property and/or the Well, including without limitation all leases, options, permits, analyses, due diligence, environmental history, environmental analysis, title, title history, deeds, quitclaims and agreements.

7. All documents, ESI and communications received by you or MDR as a result of any and all Public Records Act requests (including without limitation the Public Records Act requests themselves) relating to the Property and/or the Well.

8. All documents, ESI and communications constituting or pertaining to MDR's damages, including without limitation any and all damages, costs, fees and expenses related to: investigating, abandoning and re-abandoning the Well; stopping and remediating the blowout of the Well; environmental investigation and remediation on the Property; methane leaks and/or mitigation; disposal of impacted soils or contaminants; orders and proceedings involving DOGGR/CalGEM; delays to MDR's planned improvements and construction; lost business; lost use of the Property; and any other harm or damages suffered by MDR.

Dow reserves its rights to revise and supplement these categories of documents as its investigation and discovery proceeds in this matter.

Dow also anticipates conducting third party discovery of MDR's contractors and the County.

081006\12131658v1                - 10 -

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

E.  **DAMAGES**

MDR's alleged damages to date include disposal costs related to contaminated soil equaling approximately $1.7 million and well abandonment costs and construction related damages totaling approximately $18.5 million. Additionally, MDR alleges that it suffered a loss of revenue related to the hotel and restaurant project totaling $20 million.

F.  **INSURANCE**

1.  *MDR*

MDR has not identified any applicable insurance policies that would be responsible for any judgments of claims or otherwise provide a defense to said claims.

2.  *Defendant Marathon*

Marathon has not identified any applicable insurance policies.

3.  *Defendant Dow*

Dow has not yet identified any insurance policies that would be applicable to MDR's claims, but its investigation continues.

G.  **MOTIONS**

1.  *MDR*

Presently, MDR does not anticipate filing any dispositive motions, but after conducting discovery may decide to file a motion for partial summary judgment on liability issues. MDR is hopeful that all discovery disputes can be resolved with parties engaging in a good faith meet and confer, and so it expects to avoid discovery-related motions. Lastly, MDR is not presently aware of any third parties that may have liability and does not anticipate filing any motions to seek leave to add additional parties. However, MDR has not yet received any information or documents from Defendants and reserves the right to additional parties if warranted. Lastly, MDR reserves the right to file all appropriate motions in limine.

081006\12131658v1                    - 11 -
LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA
                                        CASE NO. 2:20-CV-08008-FLA (JPRX)
                                        JOINT REPORT OF INITIAL
                                        MEETING OF COUNSEL

2.  *Defendants*

Defendants have filed a Motion to Dismiss, which the Court has taken under submission. ECF Nos. 36, 43, 44. Defendants have asked the Court to dismiss the case with prejudice, and if that Motion is unsuccessful in full or part, Defendants reserve their rights to file a renewed motion to dismiss after reviewing any amended pleading filed by MDR. If any portion of the case survives Defendants' motion(s) to dismiss, Defendants will conduct discovery and anticipate filing further dispositive motions. The County is a third party with potential liability for MDR's alleged damages. The County owns the Property and was the last party to have attempted re-abandonment of the well at issue. Additionally, MDR leased the Property from the County. Defendants also reserve the right to file motions in limine, as well as motions regarding MDR's experts. It is anticipated that each of the parties will have multiple experts on various issues presented by the case.

**H.   MANUAL FOR COMPLEX LITIGATION**

In general, the parties do not believe that all or part of the procedures of the Manual for Complex Litigation should be utilized in this matter.

**I.   STATUS OF DISCOVERY**

Formal discovery has not yet commenced. The parties have been focused on Defendants' decision to remove the matter to federal court, and on Defendants' subsequent Motion to Dismiss. On December 18, 2020, following the parties' Early Meeting of Counsel, Defendants sent a letter to MDR identifying the general categories of documents Defendants identified as relevant to the claims and defenses in the case, which Defendants expect MDR has in its possession, custody, or control, and that MDR will voluntarily produce under Rule 26 and this Court's orders. Defendants have also issued California Public Records Act requests to various County and State entities in order to obtain documents potentially relevant to the claims and defenses in the case. Defendants will exchange any documents

081006\12131658v1                            - 12 -
                                                                                    CASE NO. 2:20-CV-08008-FLA (JPRX)
                                                                                    JOINT REPORT OF INITIAL
                                                                                    MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

relevant to the claims and defenses in the case they have received pursuant to their Public Records Act requests as part of their initial disclosures.

## J. DISCOVERY PLAN

### 1. *Changes to FRCP Limits*

The parties have stipulated to exchange initial disclosures on January 22, 2020.  The parties have agreed to produce documents in phases rather than wait for all documents to be located and reviewed by counsel.  The parties plan to begin producing documents concurrently with the initial disclosures.

The parties also have agreed to phase fact discovery and expert discovery, as set forth in the attached proposed schedule.  The parties propose that any party disclosing any expert via FRCP Rule 26(a)(2) shall be required to make any expert available for deposition upon reasonable notice pursuant to FRCP Rule 30(b), without the need to serve a subpoena pursuant to Rule 45.  The parties shall make reasonable efforts to meet and confer before serving notice for expert depositions, taking into account the following:

    (a)    The availability of counsel;

    (b)    The availability of the witness;

    (c)    The schedule for other expert depositions in the action; and

    (d)    A logical order for the depositions of various experts, including but not limited to the extent to which any expert's testimony may rely upon or respond to any other expert's testimony or opinions.

By phasing the discovery, the parties hope to create efficiency in scheduling and lower costs of litigation.  In that vein, the parties have also agreed that they will negotiate in good faith with respect to discovery needed.

### 2. *MDR's Discovery Plan*

MDR will conduct discovery concerning: ownership, operation, use,

081006\12131658v1     - 13 -

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

maintenance, and repair of Defendants' well; the abandonment of the well, and processes for storing and disposing of petroleum wastes on-site.  MDR may determine that additional subjects are relevant to resolution of this matter and will seek to conduct discovery on those subjects as well.

### 3. *Defendants' Discovery Plan*

Defendants will conduct discovery concerning MDR's knowledge of and diligence regarding the alleged soil contamination, defective well, and methane issues, MDR's re-abandonment of the well, the well blowouts that occurred during MDR's re-abandonment of the well, and MDR's alleged damages.  This specifically includes but is not limited to MDR's conduct in due diligence; MDR's investigation regarding the location and condition of the well, methane issues, and soil contamination on the Property; the actions and inactions of MDR and its contractors in abandoning the well, trying to stop the blowout, and removing and disposing impacted soil; mitigating methane leaks and methane migration on the Property; the development plans and permits of MDR and its predecessors regarding the Property; MDR's internal communications and negotiations and communications with the County regarding its development plans, due diligence, the Option, and the Lease; regulatory and environmental review and approvals for the Property involving MDR and its predecessors; the actions and inactions of MDR's contractors; the chain of title and property records for the Property; well files and well records for the well at issue; MDR's and its contractors' communications with CalGEM and any associated permits, orders, directives or proceedings; and MDR's alleged damages.  Defendants may determine that additional subjects are relevant to resolution of this matter and will seek to conduct discovery on those subjects as well.

**K.  DISCOVERY CUT-OFF**

The parties have proposed phasing discovery, including phasing fact and expert discovery, as per the below schedule.

| Activity | Proposed Dates |
|---|---|
| Fact discovery cut-off (including motions) | 11/24/2021 |
| Expert disclosure | 1/14/2022 |
| Rebuttal expert disclosure | 2/18/2022 |
| Expert discovery cut-off (including motions) | 6/10/2022 |

**L.  EXPERT DISCOVERY**

See the dates above.

**M.  DISPOSITIVE MOTIONS**

The parties anticipate that dispositive motions may be heard before August 19, 2022, and shortly after the cut-off for the expert phase of discovery.  If they do not prevail on their Motion to Dismiss, Defendants plan to bring motions for summary judgment or summary adjudication challenging liability on the grounds of statute of limitations, property law and defenses, lack of duty, the economic loss rule, and other potential affirmative defenses. MDR may bring motions for summary judgment to determine causation after conducting discovery.

**N.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have agreed that ADR Procedure No. 3, private mediation, is an appropriate ADR method for this case, pursuant to L.R. 16-15.4.  The parties have agreed to meet and confer regarding selection of a mediator experienced in contaminated site issues by November 24, 2021, and set the first private mediation session as soon as schedules will reasonably allow, with a target date for the first mediation session in December 2021.  The parties will work with the mediator to schedule additional sessions as necessary.

081006\12131658v1 - 15 -
CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL
LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

O. **TRIAL ESTIMATE**

The parties currently estimate that trial will take approximately 10 court days. The parties expect to continue the analysis of this issue as discovery unfolds, and reserve their rights to modify their estimates for the length of trial based upon the outcome of fact discovery, expert discovery, and the Court's rulings on the parties' motions.

P. **TRIAL COUNSEL**

| | |
|---|---|
| Perry S. Hughes<br>Alicia N. Vaz<br>Cox Castle & Nicholson | Attorneys for Plaintiff<br>MDR Hotel, LLC |
| Mary Rose Alexander<br>Thomas J. Heiden<br>Shannon D. Lankenau<br>Michael A. Hale<br>Latham & Watkins LLP | Attorneys for Defendant<br>Marathon Oil Company, Inc. |
| Peter Hsiao<br>Michael R. Leslie<br>King & Spalding, LLP<br><br>Joel Blanchet<br>Christopher Barraza<br>Phillips Lytle LLP | Attorneys for Defendant<br>The Dow Chemical Company |

Q. **INDEPENDENT EXPERT OR MASTER**

At this time, the parties do not believe an independent expert or master is required for this action.

R. **TIMETABLE**

See the attachment for the proposed Civil Schedule of Dates, which includes the parties' proposed fact discovery phasing and cut-offs. The parties will advise the Court in a timely way if the ongoing COVID-19 pandemic impacts these dates.

S. **OTHER ISSUES**

At this time, the Defendants are still considering whether to bring other parties, including without limitation, the owner of the Property, the County, and MDR contractors that performed abandonment work on the Well. MDR will

081006\12131658v1    - 16 -

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

dismiss the Doe defendants named in its Complaint prior to the scheduling conference.

DATED: December 30, 2020            **COX, CASTLE & NICHOLSON LLP**

By: */s/ Perry S. Hughes*
Perry S. Hughes
Kevin M. Hannifan
Attorney for MDR Hotels, LLC

**LATHAM & WATKINS LLP**

By: */s/ Mary Rose Alexander*
Mary Rose Alexander
Thomas J. Heiden (*Pro Hac Vice*)
Shannon D. Lankenau
Michael A. Hale
Attorneys for Marathon Oil Company

**KING & SPALDING LLP**

By: */s/ Michael R. Leslie*
Peter Hsiao
Michael R. Leslie
Attorneys for The Dow Chemical Company

**PHILLIPS LYTLE LLP**

By: */s/ Joel A. Blanchet*
Joel A. Blanchet
Christopher Barraza
Attorneys for The Dow Chemical Company

081006\12131658v1             - 17 -
CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

# SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: MDR Hotels, LLC v. Marathon Oil Company and The Dow Chemical Company

CASE NO: 2:20-cv-08008-FLA(JPRx)

| Matter | Time | Weeks before trial | Parties' Joint Request | Court Order |
|---|---|---|---|---|
| Trial (jury)(court) (length _10_ days) **(Tuesday)** | 8:30 am | | 11/28/22 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00 pm | 4 | 10/28/22 | |
| Trial Documents (Set Two) **All Trials:** Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine **Jury Trial Only:** File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | 10/14/22 | |
| Trial Documents (Set One) **All Trials:** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only:** Lodge Findings of Fact and Conclusions of Law; LR 52; File Summaries of Direct Testimony (optional) | | 7 | 10/7/22 | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | 9/9/22 | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | 8/19/22 | |
| Non-expert Discovery Cut-off | | 21+ | 11/24/21 | |
| Expert Disclosure (initial) | | | 1/14/22 | |

081006\12131658v1                - 18 -

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

| Expert Disclosure (rebuttal) | | | 2/18/22 | |
|---|---|---|---|---|
| Expert Discovery Cut-off | | 21+ | 6/10/22 | |
| Last day to hear motion to amend pleadings or add parties **(Monday)** | | 32+ | 4/11/22 | |

081006\12131658v1     - 19 -

CASE NO. 2:20-CV-08008-FLA (JPRX)
JOINT REPORT OF INITIAL
MEETING OF COUNSEL

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA