UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
|---|---|---|---|
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. Vallery | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) DEFENDANTS' MOTION TO DISMISS [DKT. 36]

## Ruling

Defendants Marathon Oil Company ("Marathon") and Dow Chemical Company ("Dow," collectively "Defendants") bring this Motion to Dismiss (the "Motion") as to all of Plaintiff MDR Hotels, LLC's ("MDR Hotels" or "Plaintiff") claims. Dkt. 36, 36–1 ("Mot. Br."). The court GRANTS the Motion in part as to the first, fourth, and fifth causes of action with 20 days' leave to amend. Otherwise, the Motion is DENIED.

## Background

This action concerns the real property located at 4360 Via Marina, Marina Del Rey, California (the "Property"), which is currently owned by Los Angeles County (the "County"), and an abandoned oil well located on the Property. Dkt. 1–2 ("Compl.") at ¶¶ 1-2. On July 31, 2017, Plaintiff MDR Hotels became the ground lessee of the Property under a 60-year lease; Defendants are prior occupiers of the Property who drilled and operated the well. *Id.* at ¶¶ 2-4; Dkt. 36-17 (RJN Ex. 14).

On December 28, 1929, the prior owner of the Property, non-party Recreation Gun Club, entered into a lease agreement with non-party A.A. Curtice authorizing oil and gas extraction on the Property. Dkt. 36–4 (RJN Ex 1).[1] A.A. Curtice assigned his interest to Defendant Marathon's predecessor, The Ohio Oil Company ("Ohio Oil"), on January 16,

---

[1] As discussed below, Defendants filed a request for judicial notice as to fourteen documents. These documents are properly the subject of judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

1930.  Dkt. 3–5 (RJN Ex. 2).[2]  The lease primarily granted the right "to explore, mine and operate, take, store, remove and dispose of oil, gas, casing-head gas and other hydrocarbon substances" from the Property.  RJN Ex. 1.  Marathon constructed the oil well in 1931 and operated it from approximately 1931 to 1933.  Compl. ¶ 3.  On July 10, 1941, Marathon abandoned the oil production zone, which occurs at approximately 3,400 feet below surface level, cancelled the lease, and transferred part of its interest in the Property back to Recreation Gun Club via partial release and quitclaim deed.  Dkt. 36–8 (RJN Ex. 5).  On November 24, 1958, Marathon conveyed any remaining interest in the Property to the County via quitclaim deed.  Dkt. 36–13 (RJN Ex. 10).

On July 15, 1941, Dow entered into a lease agreement with Recreation Gun Club to operate the well for iodine extraction.  Compl. ¶ 4; Dkt. 36–9 (RJN Ex. 6).  Plaintiff alleges the saltwater zone from which Dow extracted iodine occurs just above the oil production zone from approximately 3,376 to 3,076 feet below surface level.  Compl. ¶ 4; *see also* Dkt. 36-11 (RJN Ex. 8) (request to perforate the well above the plug to produce iodine bearing salt water).  According to Plaintiff, Dow attempted to abandon the well permanently in 1956.  Compl. ¶ 4.

On December 1, 1958, Recreation Gun Club conveyed ownership of the Property to the County.  Dkt. 36–14 (RJN Ex. 11).  Dow transferred ownership of the well to the County on December 4, 1958.  Dkt. 36–15 (RJN Ex. 12).  The County filed a Notice of Intention to Abandon Well with the Department of Natural Resources ("DNR"), which was approved on January 2, 1959.  Compl. ¶ 4; Dkt. 36–16 (RJN Ex. 13).

Plaintiff MDR Hotels alleges it is the current ground lessee of the Property, on which it is attempting to construct a 288-room hotel.  Compl. ¶ 2.  According to Plaintiff, although the records from the California Division of Oil, Gas & Geothermal Resources ("DOGGR") indicated that the well would be located outside of Plaintiff's planned construction area, it discovered the records were erroneous in the fall of 2017.  *Id.* at ¶ 5.  When Plaintiff's contractor located the well, it allegedly was observed to be leaking methane.  *Id.* at ¶ 6.  Plaintiff alleges it further discovered in February 2018 that some soil on the Property contained previously undetected hazardous materials including petroleum, lead, cobalt, copper, and molybdenum, among other materials.  *Id.* at ¶ 8.  According to Plaintiff, it has incurred at least $1.7 million in excess disposal costs due to the presence of petroleum and heavy metals in the soil.  *Id.* at ¶ 9.

In June 2018, Plaintiff allegedly received approval from DOGGR to re-abandon the

---

[2] Although the assignment was made to Ohio Oil, Marathon's predecessor, for the sake of clarity the court will only refer to the organization as Marathon.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

well as part of its plans to develop the surface property.  *Id.* at ¶ 10.  Although the scope of work required to re-abandon the well was initially estimated to cost approximately $12,000, Plaintiff alleges the well conditions reported in DOGGR records were inaccurate and it ultimately incurred at least $10 million to completely re-abandon the well.  *Id.* at ¶¶ 10-11, 16.  According to Plaintiff, the annulus around the casting was not properly sealed, allowing methane to vent to the surface, and construction defects in the well provided a pathway for petroleum hydrocarbons to migrate upwards and into beneficial aquifers beneath the Property.  *Id.* at ¶ 12.

Due to the defective condition of the well, Plaintiff allegedly encountered overwhelming amounts of gas during re-abandonment work, resulting in imminent and dangerous conditions and delays, and the well experienced two blowouts in December 2018 and January 2019, resulting in an emergency order from DOGGR that caused Plaintiff to incur costs exceeding $100,000 per day.  *Id.* at ¶¶ 13-14.  Plaintiff was able to complete abandonment by April 6, 2019 and estimates it incurred over $40 million in damages due to the costs of completely re-abandoning the well, increased construction expenses, and the loss of business due to delayed opening of the hotel and restaurants.  *Id.* at ¶¶ 16, 28.

According to Plaintiff, Defendants engaged in several negligent acts in the construction, operation, and abandonment of the well which proximately caused or contributed to the contamination of soils and the conditions that caused the well to blow-out in December 2018 and January 2019, including:

- Installing a stove pipe casing which is incapable of holding well pressure, rather than a solid pipe;
- Failing to install concrete around the production casing throughout and above the hydrocarbon production zone;
- Failing to cement the well above the salt-water zone during the initial abandonment attempt in 1941;
- Employing "collar shots" and other methods to fracture and breach the well casing during abandonment attempts in an attempt to cut and recover the well casing, which caused discontinuity in the well casing and provided pathways for gas to migrate from the well into the surrounding soils and escape to the surface;
- Failing to install cement into the anulus of the casing at and above the 2,200-foot level, which provided further paths for gas to migrate from the well into the surrounding soils and to the surface; and
- Failing to account for the porous nature of the riveted stovepipe that was used for the production and surface casings, during all abandonment attempts, which caused or contributed to the surface migration of gasses and blowouts or other failures of the well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

*Id.* at ¶ 17.

On July 31, 2020, Plaintiff filed the Complaint in the Los Angeles County Superior Court, alleging six causes of action for: (1) negligence, (2) continuing public nuisance, (3) continuing private nuisance, (4) permanent private nuisance, (5) permanent private nuisance, and (6) trespass. Compl. ¶ 52-63. On September 1, 2020, Defendants removed the action to this court based on diversity. Dkt. 1 (Not. of Removal).

Defendants filed the subject Motion to Dismiss on November 2, 2020. Dkt. 36. Plaintiff filed its opposition on December 14, 2020, and Defendants filed their reply on December 21, 2020. Dkt. 38 ("Opp."); Dkt. 43 ("Reply"). On December 28, 2020, the court took the Motion off-calendar and under submission, finding the matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. On December 29, 2020, the action was transferred to this court's docket. Dkt. 45.

**Request for Judicial Notice**

Defendants request the court take judicial notice of fourteen documents submitted in connection with the Motion to Dismiss. Dkt. 36–2 (RJN). A court may take judicial notice of any adjudicative fact that "is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendants' requests fall into two categories: those involving land right agreements (Exhibits 1, 2, 4, 5, 6, 10, 11, and 15); and DOGGR files (Exhibits 3, 7, 8, 9, 12, and 13). RJN at 1-2. As these documents are matters of public record, they are properly the subject of judicial notice.

Plaintiff does not object to the notice of existence of any of the records mentioned or dispute their authenticity. *See* Dkt. 39 (Opp. to RJN) at 3-4. Instead, Plaintiff objects to the court taking judicial notice of the facts therein. *See id.* A court may not take "judicial notice of *disputed* facts stated in public records." *Lee*, 250 F.3d at 690. Thus, the relevant question is whether any of the facts contained within these documents are disputed.

First, as to the land right agreements, Plaintiff argues the statements are legislative facts and not properly the subject of a request for judicial notice. Opp. to RJN at 3. Fed. R. Evid. 201(a) allows the court to take judicial notice of adjudicative facts only, not legislative facts. "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201(a) advisory committee's note. Legislative facts are those "establishing the legal principles governing the case." *Von Saher*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

*v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002)).

"[W]hether a fact is adjudicative or legislative depends upon the purpose for which it is used." *Wilburn v. Bratcher*, No. 215CV00699TLNGGH, 2015 WL 9490242, at *15 (E.D. Cal. Dec. 30, 2015). For example, a legal rule may be noticeable if "offered to establish the factual context of the case, as opposed to stating the governing law." *Id.* Here, the documents at issue are not part of the legislative history for a statute or related to the formulation of general principals of law, but public records offered to establish the factual context of the case and the relevant history of the parties' transactions involving the Property. Therefore, the facts contained in these documents are adjudicative facts and are properly the subject of judicial notice as matters of public record.

Second, as to the DOGGR files, Plaintiff argues these documents are not properly the subject of judicial notice because it has already disputed the accuracy of the information contained within these documents. Opp. to RJN 5. Defendants assert the files are only provided to prove notice of the documents and not as evidence of the accuracy of the information therein. Dkt. 43–1 (Reply ISO RJN) at 4. There is no dispute these are documents contained within DOGGR's records, and the court will take judicial notice of the existence and legal effect of these documents. The court does not take judicial notice of the accuracy of reasonably disputable facts contained within these records,

Accordingly, the court GRANTS Defendants' request for judicial notice as to all these documents.

<u>Discussion</u>

**I.     Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citations omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A court must normally convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment if it considers evidence outside the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*

**II.     Statute of Limitations**

Defendants argue that Plaintiff's claims for negligence (count I), permanent public nuisance (count IV), permanent private nuisance (count V), and trespass (count VI), are barred by the three-year statute of limitations for actions "for trespass upon or injury to real property." Mot. Br. 7 (citing Cal. Code Civ. Proc. § 338(b)).

"Historically, the application of the statute of limitations for trespass has been the same as for nuisance and has depended on whether the trespass has been continuing or permanent." *Mangini v. Aerojet-Gen. Corp.*, 230 Cal. App. 3d 1125, 1148 (1991), *superseded by statute on unrelated grounds as discussed in Rufini v. CitiMortgage, Inc.*, 227 Cal. App. 4th 299, 311 (2014). "Where a nuisance is of such character that it will presumably continue indefinitely it is considered permanent, and the limitations period runs from the time the nuisance is created. On the other hand, if the nuisance may be discontinued at any time it is considered continuing in character." *Id.* at 1143 (internal citations omitted). "A nuisance is regarded as continuing if the 'nuisance can be remedied at a reasonable cost by reasonable means.'" *McCoy v. Gustafson*, 180 Cal. App. 4th 56, 63 (2009) (quoting *Mangini v. Aerojet-Gen. Corp. (Mangini II)*, 12 Cal. 4th 1087, 1103 (1996).

"Every repetition of a continuing nuisance is a separate wrong for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred." *Mangini*, 230 Cal. App. 3d at 1143. "[W]here a private citizen sues for damage from a permanent nuisance, the statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

limitations begins to run upon creation of the nuisance. Where a continuing nuisance is alleged, every continuation of the nuisance gives rise to a separate claim for damages caused by the nuisance." *Id.*

According to Defendants, these causes of action are barred by the statute of limitations because they are predicated on alleged conduct that occurred over 60 years ago, and neither Defendant has had any interaction with the Property since 1956. Mot. Br. 7-9. Plaintiff contends it has pleaded timely claims for both continuing and permanent injuries to the Property. Opp. 13-16. The court will address the parties' arguments in turn.

    **A.**    **Continuing Trespass**

First, Plaintiff argues its trespass claim is timely because the claim is based, in part, on the allegation that Defendants left behind contaminated soil, which is an injury to the Property that continued until MDR Hotels removed the unlawful intrusions in 2018. Opp. 13-14.

In *Mangini*, 230 Cal. App. 3d at 1148-49, the California Court of Appeal recognized: "The actor's failure to remove from land in the possession of another a thing which he has tortiously ... placed on the land constitutes a continuing trespass for the entire time during which the thing is on the land." There, the court found the plaintiffs could state a valid claim for continued trespass against prior lessees of real property, who had allegedly contaminated the property with hazardous waste, where "the lease arguably did not give defendant unrestricted possession of the land." *Id.* at 1141.

As the *Mangini* court explained, "[a] trespass may occur if the party, entering [land] pursuant to a limited consent, i.e., limited as to purpose or place, proceeds to exceed those limits by divergent conduct on the land of another. 'A conditional or restricted consent to enter land creates a privilege to do so only in so far as the condition or restriction is complied with.'" *Id.* (internal quotations omitted). Because the *Mangini* complaint pleaded the defendant interfered with the plaintiffs' right to possession of the property at issue "by wrongfully depositing hazardous substances on the Subject Property and failing and refusing to remove them at any time since plaintiffs acquired the Subject Property" and because the plaintiffs could plead facts showing the contamination could be abated, the Court of Appeal concluded the plaintiffs should be allowed to amend their complaint to plead a theory based on a continuing injury. *Id.* at 1141, 1145, 1149.

Here, Plaintiff argues Defendants improperly and illegally deposited petroleum and heavy metals into the soil that remained on the Property until MDR Hotels removed it in 2018. Opp. 17-18. The underlying lease from which Marathon obtained rights gave it the power to extract materials but did not provide unlimited rights to the land. See RJN Ex. 2 (granting right "to explore, mine and operate, take, store, remove and dispose of oil, gas,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

casing-head gas and other hydrocarbon substances from the leased property"). The subsequent lease to Dow explicitly noted that Dow was required to "carry on all operations on the demises premise in a careful and workmanlike manner and in accordance with the laws of the State of California" and "leave the premises in substantially the same condition as existed on" the day it took possession. Dkt. 36-9 (RJN Ex. 6) ¶¶ 3, 8. According to Plaintiff, the continued existence of these contaminants constitutes a continuing trespass sufficient to support the sixth cause of action. Opp. 17-18.

Defendants do not respond directly to Plaintiff's argument on reply and only argue that Plaintiff has taken inconsistent positions regarding the existence of continuing and permanent nuisances. Reply 11. The court will address this argument separately in section II.C below.

At the pleading stage, Plaintiff's allegations that Defendants unlawfully deposited and left behind contaminated soil on the Property, and that Plaintiff removed this contamination in 2018, are sufficient to plead a continuing trespass. See *Mangini*, 230 Cal. App. 3d at 1148–49 ("[C]ontinuing trespass [lasts] for the entire time during which the thing is on the land"). Therefore, Plaintiff's sixth cause of action is not barred by the statute of limitations, and the court DENIES this basis for Defendants' Motion.

**B.   Discovery Rule**

Second, Plaintiff argues the negligence and permanent nuisance claims are not barred by the statute of limitations because of the discovery rule. Opp. 11-12, 15.

The statute of limitations may be tolled under the discovery rule "until the plaintiff discovers, or has reason to discover, the cause of action." *JPMorgan Chase Bank, N.A. v. Ward*, 33 Cal. App. 5th 678, 688 n.9 (2019) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)). "This rule may be judicially implied in situations where the plaintiff is unable to see or appreciate a breach has occurred." *Id.* (quoting *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1318 (2007)) (internal quotations omitted). To rely on the discovery rule exception, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* (quoting *Fox*, 35 Cal. 4th at 808).

Plaintiff contends the discovery rule applies because it has alleged MDR Hotels could not have reasonably discovered these causes of action since Defendants constructed the well in a location and manner that was different from what was contained in the official records Defendants submitted to state authorities. Opp. 11-12. Plaintiff further notes it was not the ground-lessee prior to July 31, 2017 and could not have suffered damage or had a viable claim prior to taking possession of the Property. *Id.* at 12. The Complaint alleges Plaintiff first realized the well was misplaced "in fall of 2017, when [Plaintiff]'s contractor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

attempted to excavate the vapor 'cone' above the well." Compl. ¶¶ 5-6. According to Plaintiff, it was only after MDR Hotels located the well that it discovered the well was leaking methane into the atmosphere and other defects in the well construction and abandonment, as well as the parties responsible for the construction, operation, and abandonment of the well. Compl. ¶¶ 5-17.

Defendants counter that the discovery rule does not apply because the County knew of the well's condition or should have discovered the alleged issues by 1959 at the latest. Mot. Br. 7-9, Reply 4. Under California law, harm to real property runs with the land. *Wilshire Westwood Assocs. v. Atl. Richfield Co.*, 20 Cal. App. 4th 732, 739 (1993) (cited in Mot. Br. 7-8). "In an action involving tortious injury to property, the injury is considered to be to the property itself rather than to the property owner, and thus the running of the statute of limitations against a claim bars the owner and all subsequent owners of the property." *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1216 (1996). Consequently, Plaintiffs can only rely on the discovery rule to toll the statute of limitations if the County did not discover or have reason to discover these claims. See *JPMorgan Chase*, 33 Cal. App. 5th at 688 n.9.

Although Plaintiff alleges MDR Hotels was unaware of the actual location and condition of the well, the allegations of the Complaint and documents in the public record clearly establish the County was aware of these facts because the County "undertook additional work to re-abandon the well in 1959." See Compl. ¶ 4; see also Dkt. 36–15 (RJN Ex. 12); Dkt. 36–16 (RJN Ex. 13). The County's Notice to Abandon Well, dated December 23, 1958, describes the condition of the well, plugs, and casing at that time and proposes additional work and testing on the plug to re-enter and re-abandon the well. Dkt. 36–16 (RJN Ex. 13). This judicially noticed document establishes the County knew of the oil well's actual location and condition. See Compl. ¶¶ 26-27, 47, 54. Accordingly, the court finds the County knew or had reason to suspect Plaintiff's claims regarding the alleged "improper construction, use, maintenance and abandonment of the well" at least as of 1959.

Plaintiff, in turn, does not plead any facts to establish the County's inability to have made earlier discovery of these claims despite reasonable diligence and, thus, fails to allege sufficient facts to plead tolling under the discovery rule. See *Fox*, 35 Cal. 4th at 807. The court, therefore, GRANTS Defendants' Motion as to the first cause of action for negligence, the fourth cause of action for a permanent public nuisance, and the fifth cause of action for a permanent private nuisance, with 20 days' leave to amend.[3]

---

[3] Having dismissed the negligence claim on this basis, the court need not address the parties' arguments regarding the existence of a duty or the economic loss rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

**III.   Continuing and Permanent Nuisance**

Defendants argue the second, third, fourth, and fifth causes of action are defective because Plaintiff is prohibited from pleading both continuing and permanent nuisance claims on the same facts.  Mot. Br. 16-17.

According to Defendants, Plaintiff must elect between pleading a continuing or permanent nuisance but, instead, impermissibly seeks to maintain both types of nuisance claims on the same facts.  Mot. Br. 16-17.   Plaintiff responds that both types of claims are proper because some issues, like the alleged contaminated soil, constitute a continuing nuisance which have been abated by MDR Hotels, while other issues, like the potentially unresolved defects in the well construction and abandonment, may still exist and may not be abatable.  Opp. 23.

Continuing and permanent nuisances are "[t]wo distinct classifications ... which determine the remedies available to injured parties…."  *Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 39 Cal. 3d 862, 869 (1985).  "In case of doubt as to the permanency of the injury the plaintiff may elect whether to treat a particular nuisance as permanent or continuing."  *Id.* at 870.

The Complaint alleges Defendants improperly engaged in on-site disposal of petroleum-impacted soil and that Plaintiff incurred at least $1.7 million in excess disposal costs to remove soil contaminated by petroleum and heavy metals.  Compl. ¶¶ 8-9, 27, 30, 33, 37, 40.   As Plaintiff pleads this soil contamination was an issue that could be and was abated, the Complaint pleads sufficient facts to state claims based on a continuing nuisance.  *See Mangini*, 230 Cal. App. 3d at 1148.

At the same time, the Complaint alleges Defendants negligently constructed, operated, and abandoned the well in a manner that provided pathways for gas to migrate from the well into the surrounding soils and beneficial aquifers beneath the Property and escape to the surface, and which presents an ongoing threat to the safety and well-being of the public.  Compl. ¶¶ 11-13, 17, 47, 54.   These allegations are sufficient for Plaintiff to plead the existence of a separate issue that cannot "be remedied at a reasonable cost by reasonable means."  *See McCoy*, 180 Cal. App. 4th at 63.

The Complaint, thus, states sufficient facts to plead the existence of both a continuing nuisance and a permanent nuisance.  *See Mangini*, 230 Cal. App. 3d at 1146 (recognizing physical invasions of land have been held to be continuing in character and "the crucial distinction between a permanent and continuing nuisance is whether the nuisance may be discontinued or abated.")  *Id.* at 1146.   As a result, the court DENIES Defendants' request to dismiss all nuisance claims on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

### IV. Plaintiff's Claims Against Marathon

Defendants argue Marathon cannot be held liable for any claim because it extinguished its obligations on multiple separate occasions, namely when it cancelled the lease and released its interest back to the original property owner via partial release and quitclaim deed on July 10, 1941, and when it conveyed any remaining interest to the County on November 24, 1958.  Mot. Br. 17-18.  Marathon cites cases including *Safarian v. Govgassian*, 47 Cal. App. 5th 1053, 1067 (2020), to argue that a "void contract is without legal effect."  Mot. Br. 18.  Plaintiff responds the quitclaim merely served to terminate Marathon's oil lease rights and did not contain "as is" language or any other type of release of liability.  Opp. 16-18.

The Complaint asserts tort claims for negligence, nuisance and trespass, and alleges Defendants trespassed upon the Property by failing to use due care in their construction, use, and maintenance of the well and through the on-site disposal of petroleum-impacted soil.  Compl. ¶¶ 17-18, 26-27, 58, 60.  Plaintiff does not assert claims for breach of contract or any claim based on or arising from the lease.  As discussed above, while a lessee cannot trespass upon land in its own possession, it may commit a trespass when it exceeds the scope of the lease.  *Mangini*, 230 Cal. App. 3d at 1138-41.  Marathon does not identify any provision of its lease agreements with Recreation Gun Club or the County that would have allowed it to engage in the alleged conduct.  Marathon similarly does not cite any legal authority for the proposition that a lessee who exceeds the scope of a lease may excuse its own trespass and tortious conduct by releasing its interest in the leased property through a quitclaim deed.  Consequently, Marathon fails to establish the quitclaim deeds released it of any duties or liabilities to the Property.

Marathon also argues the quitclaim deeds released it of all potential liability for the Property because the County took the Property from Ohio Oil "as-is" and because quitclaim deeds do not contain any implied covenants.  Mot. Br. 19.  According to Marathon, under the doctrine of caveat emptor, "the liability of a person selling land terminates when the buyer assumes control of the land."  Mot. Br. 20, citing *Galen v. Mobil Oil Corp.*, 922 F. Supp. 318, (C.D. Cal. 1996).  Marathon, however, was not the seller of the Property; it was a lessee and had no right to quitclaim more than it received under the lease.

Furthermore, "'release, remise and quitclaim' are the words commonly used in simple quitclaim deeds."  *City of Manhattan Beach v. Superior Ct.*, 13 Cal. 4th 232, 239 (1996).  Yet, "[d]eeds are to be construed like any other contract and the intent of parties arrived at by a consideration of the whole instrument and not of detached clauses."  *Id.* at 240.  Neither of the referenced quitclaim deeds offer any "as is" language or other type of release of liability.  Dkt. 36–8 (RJN Ex. 5); Dkt. 36–13 (RJN Ex. 10).  These quitclaim deeds only "release, surrender, quit-claim and relinquish … all rights and titles whatsoever acquired or held by [Marathon] under said lease…."  Dkt. 36–8 (RJN Ex. 5) at 22; *see also* Dkt. 36–13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

(RJN Ex. 10) at 44-45 (containing similar language).

Moreover, Marathon does not identify any provision of the quitclaim deeds that would establish that Recreation Gun Club or the County's acceptance of the deeds would constitute consent to or excuse of the alleged negligence, nuisance, and trespass. The submitted releases only state Ohio Oil releases, surrenders, quitclaims, and relinquishes "all rights and titles" under the lease to Recreation Gun Club and the County. Dkt. 36–8 (RJN Ex. 5); Dkt. 36–13 (RJN Ex. 10). These instruments do not contain any language that can be read to release the <u>lessor's</u> potential tort claims against Marathon or that impose any condition upon the lessor's acceptance of the return of rights. *See id.* Thus, Marathon's execution of these quitclaim deeds is insufficient to extinguish Plaintiff's claims, and the court DENIES Defendants' Motion on this ground. *See City of Manhattan Beach*, 13 Cal. 4th at 240.

**V.      Insufficient Pleading Standards**

Defendants move to dismiss all of Plaintiff's claims on the grounds that Plaintiff has failed to meet pleading standards because it relied on group pleading, failed to adequately plead tortious conduct with specificity, and failed to adequately plead causation. Mot. Br. 21–25. To give fair notice to the defendants, a plaintiff must plead specific allegations as to each defendant's actions. *See Thomas v. Dep't of Child Support Servs.*, No. CV 18-3236-DSF-KK, 2019 WL 1371150, at *4 (C.D. Cal. Jan. 18, 2019) ("Absent specific, nonconclusory allegations identifying what actions each defendant took against [p]laintiff and how such actions violated Plaintiff's rights, the SAC fails to provide [d]efendants with fair notice of [p]laintiff's claims or the grounds upon which they rest.").

First, Defendants argue the Complaint is defective because it "repeatedly lumps Marathon and Dow together" and that Plaintiff does not identify Marathon or Dow by name in MDR Hotels' six causes of action. Mot. Br. 22. Plaintiff responds it has pleaded sufficient factual matter to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) and *Iqbal*. Opp. 27. The court agrees with Plaintiff.

While the Complaint asserts claims against both Defendants for negligently constructing, operating, and abandoning the well, Plaintiff alleges Defendants leased and controlled the well at distinct periods of time. According to Plaintiff, Marathon was responsible for the construction of the well in 1931, operating the well from approximately 1931 to 1933, and abandoning the oil production zone of the well in 1941, while Dow acquired and operated the well after Marathon abandoned the oil production zone and attempted to permanently abandon the well in 1956. Compl. ¶¶ 3-4. Although Plaintiff asserts all six causes of action against both Defendants, the Complaint, when taken as a whole, gives Defendants "fair notice" of what Plaintiff's claim against each Defendant is and the grounds upon which they rest. *See Iqbal*, 556 U.S. at 698-99. The court will not grant the Motion on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | MDR Hotels, LLC v. The Dow Chemical Co., et al. | | |

    Second, Defendant contends Plaintiff has failed to plead adequately tortious conduct with specificity. Mot. Br. 22-23. The court disagrees. The Complaint alleges Defendants negligently constructed, operated, and abandoned the oil well. *E.g.*, Compl. ¶¶ 6, 8, 11-17. Plaintiff specifically alleges Defendants engaged in negligent conduct including installing stove pipe casting which was incapable of holding well pressure, failing to install concrete around the surface casing to the ground, failing to install concrete around the production casing throughout and above the hydrocarbon production zone, failing to install cement in the anulus of the casing at and above the 2,200 foot level, failing to cement the well above the saltwater zone during the initial abandonment attempt in 1941, employing "collar shots" and other methods to fracture and breach the well casing during abandonment attempts, and failing to account for the porous nature of the riveted stovepipe that was used for the production and surface casings during all abandonment attempts. Compl. ¶ 17. These allegations regarding Defendants' conduct in the construction, operation, and abandonment of the well are specific enough to support Plaintiff's claims.

    Third, Defendants contend Plaintiff fails to plead causation adequately. The court disagrees. The Complaint describes how Defendants' allegedly negligent actions in the construction, operation, and abandonment of the well provided pathways for petrochemicals, including methane, to migrate from the well into the surrounding soils and escape to the surface. Compl. ¶¶ 17-18. According to Plaintiff, this gas-leak caused two well blowouts and Plaintiff was forced to incur over $10 million to re-abandon the well completely. Compl. ¶¶ 11-16. Plaintiff further alleges Defendants improperly engaged in the on-site disposal of petroleum-impacted soil that increased Plaintiff's construction and soil disposal expenses. Compl. ¶¶ 8-9, 27. These allegations are sufficient for Plaintiff to plead Defendants' conduct proximately caused its alleged injuries.

    While Defendants argue there can be no proximate cause because the County and Plaintiff's re-abandonment work constituted intervening acts that were a substantial factor in Plaintiff's damages, the Complaint clearly pleads the soil contamination and gas leaks were the result of Defendants' conduct in constructing, operating, and abandoning the well. *See* Compl. ¶¶ 8-17. At the pleading stage, these factual allegations are sufficient for Plaintiff to plead its tort claims against Defendants.

    In sum, the court finds the Complaint pleads sufficient facts to meet the pleading requirements for Plaintiff's claims, and the court DENIES this basis for Defendants' Motion.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08008-FLA (JPRx) | Date | April 20, 2021 |
| Title | *MDR Hotels, LLC v. The Dow Chemical Co., et al.* | | |

**<u>Conclusion</u>**

  For the above reasons, the court finds the first cause of action for negligence and the fourth and fifth causes of action for permanent nuisance are barred by the applicable statute of limitations and GRANTS Defendants' Motion to Dismiss in part as to these claims with 20 days' leave to amend. Otherwise, the Motion is DENIED.

  IT IS SO ORDERED.

                        _____ : _____

                 Initials of Preparer  vrv