1  PETER HSIAO (Bar No. 119881)
2  *phsiao@kslaw.com*
   MICHAEL R. LESLIE (Bar No. 126820)
3  *mleslie@kslaw.com*
   **KING & SPALDING LLP**
4  633 West Fifth Street, Suite 1600
   Los Angeles, CA 90071
5  Telephone:   (213) 443-4355
   Facsimile:   (213) 443-4310
6
7  JOEL BLANCHET (*Pro Hac Vice*)
   *jblanchet@phillipslytle.com*
8  CHRISTOPHER BARRAZA (*Pro Hac Vice*)
   *cbarraza@phillipslytle.com*
9  **Phillips Lytle LLP**
   One Canalside
10 125 Main Street
   Buffalo, NY 14203-2887
11 Telephone: (716) 847-7050
   Facsimile: (716) 852-6100
12
13 Attorneys for Defendant
   THE DOW CHEMICAL COMPANY
14
15 **UNITED STATES DISTRICT COURT**
16 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
17 **WESTERN DIVISION**
18

| | |
|---|---|
| 19  MDR HOTELS, LLC, | **Case No. 2:20-cv-08008-FLA (JPRx)** |
| 20                        Plaintiff, | The Honorable Fernando L. Aenlle-Rocha |
| 21      vs. | **ANSWER OF DEFENDANT THE DOW** |
| 22  MARATHON OIL COMPANY; | **CHEMICAL COMPANY** |
| 23  THE DOW CHEMICAL COMPANY; and DOES 1 through | Action Filed:      July 31, 2020 |
| 24  10, inclusive, | Trial Date:        June 21, 2022 |
| 25                        Defendants. | |

26
27
28

Defendant The Dow Chemical Company ("Dow" or "Defendant"), by and through undersigned counsel, now answers the complaint ("Complaint") of plaintiff MDR Hotels, LLC ("MDR" or "Plaintiff"), and denies any and all such allegations, and further admits or denies the specific allegations of the Complaint and states its affirmative defenses, as follows:

## INTRODUCTION AND FACTUAL ALLEGATIONS

1.    Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

2.    Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

3.    Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

4.    Dow admits that it operated the well from 1941 until 1956 for the purpose of extracting and producing iodine.  Dow further avers that it properly abandoned the well in 1956 in accordance with all regulations and requirements at the time.  Dow admits the County of Los Angeles acquired ownership of the well in or about 1958 and undertook additional work to re-abandon the well in or about 1959.  Dow lacks knowledge or information sufficient to admit or deny the remaining allegations within this paragraph.

5.    Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

6.    Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

ANSWER OF DEFENDANT THE DOW CHEMICAL COMPANY                    CASE NO. 2:20-CV-08008 (JPRx)

7.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

8.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

9.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

10.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

11.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

12.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

13.     Paragraph 13 contains legal contentions for which no response is required. Dow lacks knowledge or information sufficient to admit or deny the remaining allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

14.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

15.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

16.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

17.     Paragraph 17 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

18.     Paragraph 18 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

19.     Paragraph 19 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

## **PARTIES, JURISDICTION AND VENUE**

20.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

21.     Dow lacks knowledge or information sufficient to admit or deny the allegations within this paragraph, and basing its denial on that ground, denies the allegations thereof.

22.     Dow admits the allegations in this paragraph.

23.     Paragraph 23 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this

paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

24.     Paragraph 24 contains legal contentions for which no response is required. Dow denies the remaining allegations in this paragraph but avers that: this action was properly removed to the United States District Court for the Central District of California, Western Division under 28 U.S.C. § 1441; this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1); and venue is appropriate pursuant to 28 U.S.C § 1391.

## FIRST CAUSE OF ACTION

### (Negligence)

25-29. This cause of action was dismissed by the Court on April 20, 2021, and Plaintiff has chosen not to amend or contest the Court's dismissal of this claim. Accordingly, no response by Dow to these paragraphs is required.  To the extent a response is required, Dow denies the allegations in these paragraphs.

## SECOND CAUSE OF ACTION

### (Continuing Public Nuisance: Civil Code 3479, 3480; Code of Civil Procedure 731)

30.     Dow restates its answers to paragraphs 1 through 29 and incorporates them as if more fully set forth herein.

31.     Paragraph 31 contains legal contentions for which no response is required. Dow denies the allegations in the second sentence of this paragraph to the extent they are directed at Dow.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

32.     Paragraph 32 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient

to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

33.     Paragraph 33 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

34.     Paragraph 34 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

35.     Paragraph 35 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

36.     Paragraph 36 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

## **THIRD CAUSE OF ACTION**

### **(Continuing Private Nuisance: Civil Code 3481; Code of Civil P. 731)**

37.     Dow restates its answers to paragraphs 1 through 37 and incorporates them as if more fully set forth herein.

38.     Paragraph 38 contains legal contentions for which no response is required. Dow denies the allegations in the second sentence of this paragraph to the extent they

are directed at Dow.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

39.    Paragraph 39 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

40.    Paragraph 40 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

41.    Paragraph 41 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

42.    Paragraph 42 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

43.    Paragraph 43 contains legal contentions for which no response is required. As to any allegation directed at Dow, Dow denies the allegations contained in this paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient to admit or deny them, and basing its denial on that ground, denies the allegations thereof.

1

**FOURTH CAUSE OF ACTION**

2

**(Permanent Public Nuisance)**

3

44-50.  This cause of action was dismissed by the Court on April 20, 2021, and

4

Plaintiff has chosen not to amend or contest the Court's dismissal of this claim.

5

Accordingly, no response by Dow to these paragraphs is required.  To the extent a

6

response is required, Dow denies the allegations in these paragraphs.

7

**FIFTH CAUSE OF ACTION**

8

**(Permanent Private Nuisance)**

9

51-57.  This cause of action was dismissed by the Court on April 20, 2021, and

10

Plaintiff has chosen not to amend or contest the Court's dismissal of this claim.

11

Accordingly, no response by Dow to these paragraphs is required.  To the extent a

12

response is required, Dow denies the allegations in these paragraphs.

13

**SIXTH CAUSE OF ACTION**

14

**(Trespass)**

15

58.    Dow restates its answers to paragraphs 1 through 57 and incorporates them

16

as if more fully set forth herein.

17

59.    Paragraph 59 contains legal contentions for which no response is required.

18

Dow lacks knowledge or information sufficient to admit or deny the remaining

19

allegations in this paragraph, and basing its denial on that ground, denies the allegations

20

thereof.

21

60.    Paragraph 60 contains legal contentions for which no response is required.

22

As to any allegation directed at Dow, Dow denies the allegations contained in this

23

paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient

24

to admit or deny them, and basing its denial on that ground, denies the allegations

25

thereof.

26

61.    Paragraph 61 contains legal contentions for which no response is required.

27

As to any allegation directed at Dow, Dow denies the allegations contained in this

28

paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient

1  to admit or deny them, and basing its denial on that ground, denies the allegations

2  thereof.

3      62.    Paragraph 62 contains legal contentions for which no response is required.

4  As to any allegation directed at Dow, Dow denies the allegations contained in this

5  paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient

6  to admit or deny them, and basing its denial on that ground, denies the allegations

7  thereof.

8      63.    Paragraph 63 contains legal contentions for which no response is required.

9  As to any allegation directed at Dow, Dow denies the allegations contained in this

10  paragraph.  As to all other allegations, Dow lacks knowledge or information sufficient

11  to admit or deny them, and basing its denial on that ground, denies the allegations

12  thereof.

13                          **PRAYER FOR RELIEF**

14      Dow denies that MDR is entitled to any of the relief requested in paragraphs (a)

15  through (h) in this section, or to any relief whatsoever.

16                          **AFFIRMATIVE DEFENSES**

17      Dow alleges the following affirmative defenses to each and every cause of action

18  alleged in the Complaint.  In asserting these affirmative defenses, Dow does not assume

19  the burden to establish any fact or proposition where that burden is properly imposed

20  on MDR:

21                          **FIRST AFFIRMATIVE DEFENSE**

22      MDR has failed to state facts sufficient to constitute a claim upon which relief

23  can be granted.

24                          **SECOND AFFIRMATIVE DEFENSE**

25      MDR fails to allege facts with reasonable precision and specific particularity.

26                          **THIRD AFFIRMATIVE DEFENSE**

27      MDR has failed to mitigate its own alleged damages.

28

1

**FOURTH AFFIRMATIVE DEFENSE**

2 MDR has suffered no legally compensable damages as a result of the acts

3 and/or omissions complained of against Dow.

4

**FIFTH AFFIRMATIVE DEFENSE**

5 MDR is seeking to recover lost profits or damages that are speculative in nature

6 and that are barred by the economic loss rule.

7

**SIXTH AFFIRMATIVE DEFENSE**

8 If any damages were sustained by MDR, which Dow denies, such damages

9 were proximately caused by the negligence of MDR and/or third parties other than

10 Dow, named or unnamed, and should be apportioned according to their relative

11 degrees of fault. The liability of Dow, if any, should be reduced accordingly and

12 apportioned pursuant to California Civil Code §§ 1431-1432, California Code of Civil

13 Procedure § 876, other state and federal laws and any applicable equitable principles.

14

**SEVENTH AFFIRMATIVE DEFENSE**

15 Dow was not the proximate or legal cause of MDR's alleged injury or damages.

16

**EIGHTH AFFIRMATIVE DEFENSE**

17 MDR's alleged injury was caused by superseding, intervening events, which

18 bar and/or diminish MDR's recovery, if any, against Dow.

19

**NINTH AFFIRMATIVE DEFENSE**

20 The Complaint is defective for non-joinder of parties who are necessary and/or

21 indispensable.

22

**TENTH AFFIRMATIVE DEFENSE**

23 At all relevant times, Dow acted in accordance with all applicable federal, state,

24 and local statutes, laws, regulations, and ordinances, and Dow's conduct conformed to

25 the generally recognized state of scientific and technical knowledge and standards at

26 the relevant time.

27 ///

28 ///

1

### ELEVENTH AFFIRMATIVE DEFENSE

2    MDR's claims are barred by the statute of limitations set forth in California

3    Code of Civil Procedure Section 338(b).

4

### TWELFTH AFFIRMATIVE DEFENSE

5    MDR's claims are barred by the doctrine of coming to the nuisance and by Cal.

6    Civ. Code § 3482, which precludes nuisance liability for all acts "done or maintained

7    under the express authority of a statute."

8

### THIRTEENTH AFFIRMATIVE DEFENSE

9    MDR's claims for, *inter alia*, future damages, lost profits, delay damages, loss

10   of use, and diminution in value are barred under the remaining continuing nuisance

11   and continuing trespass causes of action.

12

### FOURTEENTH AFFIRMATIVE DEFENSE

13   The facts alleged by MDR in the Complaint against Dow do not constitute

14   either a continuing nuisance or a continuing trespass.

15

### FIFTEENTH AFFIRMATIVE DEFENSE

16   Dow's conduct was lawful in all respects when taken under the federal and state

17   laws and regulations then applicable, and Dow did not create or contribute to any

18   public nuisance under any applicable law.  To the extent that MDR's alleged claims

19   are based on current federal or state statutes and regulations, retroactive application of

20   subsequently enacted federal and state statutes and regulations to Dow's prior conduct

21   over sixty years ago violates the due process clauses of the Fifth and Fourteenth

22   Amendments of the United States Constitution and the due process limitations of the

23   California Constitution.  Additionally, MDR seeks application of those statutes and

24   regulations at a time when relevant documents and persons knowledgeable as to Dow,

25   and the defenses to which Dow is or would have been entitled, are not available as a

26   consequence of loss or destruction of documents by third parties, relocation,

27   termination of operations, employment or retirement, death, memory loss, or

28   otherwise.  Application of these statutes and regulations therefore denies Dow a fair

opportunity to defend itself and violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the due process limitations of the California Constitution as applied.

**SIXTEENTH AFFIRMATIVE DEFENSE**

MDR's claims are barred, in whole or in part, by the doctrine of assumption of risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

MDR lacks standing under applicable law to bring its claims for nuisance and trespass, and is barred in whole or in part to the extent it does not own or possess the requisite legal interest in the properties at issue to assert its claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

MDR is not entitled to injunctive relief because it has failed to state facts sufficient to show continuing acts, the threat of irreparable harm, or a reasonable likelihood of repetition of the alleged conduct if it were, in fact, established to be wrongful, and because it has an adequate remedy at law.

**NINETEENTH AFFIRMATIVE DEFENSE**

Dow is entitled to an offset against any liability for monies that Plaintiff has recovered and/or will recover in the future from other sources, including but not limited to: federal, state, and local grants, other payments or reimbursements from government agencies, insurance payments and settlements, costs covered by indemnities or other contracts, payments received in settlement or otherwise from alleged responsible parties, and offsetting fees and assessments.

**TWENTIETH AFFIRMATIVE DEFENSE**

MDR's claims are barred, in whole or in part, to the extent MDR or its predecessors on the Property already released, waived, settled, entered into an accord and satisfaction with respect to, or otherwise compromised its claims relating to the well and/or MDR's alleged damages.

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2     MDR's claims are barred, in whole or in part, by the equitable doctrine of

3     estoppel.

4

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

5     MDR's claims are barred, in whole or in part, by the equitable doctrine of

6     unclean hands.

7

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

8     MDR's claims are barred, in whole or in part, because, on information and

9     belief, MDR has consented to the presence of the well, the alleged contamination, the

10    associated risks and its alleged damages by its conduct and actions.

11

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

12    MDR's alleged claims are barred to the extent any recovery would result in

13    unjust enrichment to MDR.

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

13

1    **<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

2        The allegations of the Complaint and each cause of action are set forth in

3    conclusory or uncertain terms, thereby precluding Dow from fully anticipating all

4    defenses that may be applicable.  Accordingly, Dow hereby reserves the right to add

5    additional defenses.

6
7    Dated:  May 25, 2021

8
9                                                        Respectfully submitted,

10                                                       By: */s/ Michael R. Leslie*

11                                                       MICHAEL R. LESLIE (Bar No. 126820)

12
13                                                       PETER HSIAO (Bar No. 119881)
                                                         *phsiao@kslaw.com*
14                                                       MICHAEL R. LESLIE (Bar No. 126820)
                                                         *mleslie@kslaw.com*
15                                                       **KING & SPALDING LLP**
                                                         633 West Fifth Street, Suite 1700
16                                                       Los Angeles, CA 90071
                                                         Telephone:   (213) 443-4355
17                                                       Facsimile:    (213) 443-4310

18                                                       JOEL BLANCHET (*Pro Hac Vice*)
                                                         *jblanchet@phillipslytle.com*
19                                                       CHRISTOPHER BARRAZA
                                                         (*Pro Hac Vice*)
20                                                       *cbarraza@phillipslytle.com*
                                                         **Phillips Lytle LLP**
21
22                                                       *COUNSEL FOR DEFENDANT*
                                                         The Dow Chemical Company
23
24
25
26
27
28

ANSWER OF DEFENDANT THE DOW CHEMICAL COMPANY                    CASE NO. 2:20-CV-08008 (JPRx)