LATHAM & WATKINS LLP
Mary Rose Alexander (Bar No. 143899)
mary.rose.alexander@lw.com
Thomas J. Heiden (Admitted *Pro Hac Vice*)
thomas.heiden@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: 312.876.7700
Fax: 312.993.9767

Shannon D. Lankenau (Bar No. 294263)
shannon.lankenau@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415.391.0600
Fax: 415.395.8095

Michael A. Hale (Bar No. 319056)
michael.hale@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: 213.485.1234
Fax: 213.891.8763

Attorneys for Defendant
Marathon Oil Company

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MDR HOTELS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MARATHON OIL COMPANY; THE DOW CHEMICAL COMPANY; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants | **Case No. 2:20-cv-08008-FLA (JPRx)**<br><br>The Honorable Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MARATHON OIL COMPANY'S ANSWER TO MDR HOTELS, LLC'S COMPLAINT**<br><br>Complaint Filed: July 31, 2020<br>Trial Date: June 21, 2022 |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

# GENERAL DENIAL

Defendant Marathon Oil Company ("Marathon"), by and through its undersigned counsel, submits the following Answer to MDR Hotels, LLC's ("Plaintiff" or "MDR") Complaint (the "Complaint"), ECF No. 1-2. Except as expressly admitted herein, Marathon denies each and every allegation contained in Plaintiff's Complaint and denies that Plaintiff is entitled to any relief requested.

## INTRODUCTION AND FACTUAL ALLEGATIONS

1. The allegation of paragraph 1 constitutes Plaintiff's characterization of its own Complaint, to which no response is required. To the extent a response is required, Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 1, and denies on that basis.

2. Marathon admits that the real property located at 4360 Via Marina in Marina Del Rey, California (the "Property") is owned by the County of Los Angeles. Marathon admits that Plaintiff is the ground lessee of the Property. Marathon lacks sufficient knowledge to admit or deny whether Plaintiff is currently undertaking to construct a 288-room hotel on the Property, and denies on that basis.

3. Marathon admits that The Ohio Oil Company is Marathon's predecessor. Marathon admits that The Ohio Oil Company drilled an oil well ("Well No. 10") on or in the vicinity of the Property in 1931. Marathon lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 3, and denies on that basis.

4. Marathon admits that The Ohio Oil Company transferred Well No. 10 to Defendant Dow Chemical Company ("Dow") on July 10, 1941. Marathon admits that the County of Los Angeles undertook work to re-abandon Well No. 10 in 1959. Marathon lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 4, and denies on that basis.

5. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 5, and denies on that basis.

6. Marathon lacks sufficient knowledge to admit or deny the allegations in

paragraph 6, and denies on that basis.

7. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 7, and denies on that basis.

8. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 8, and denies on that basis.

9. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 9, and denies on that basis.

10. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 10, and denies on that basis.

11. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 11, and denies on that basis.

12. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 12, and denies on that basis.

13. Marathon denies that Well No. 10 was or is defective, and further denies that the condition of Well No. 10 resulted in an imminent or dangerous condition, or that it endangered public health. Marathon lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 13, and denies on that basis.

14. Marathon admits that California Department of Conservation documents state that Well No. 10 briefly sprayed natural gas, water, and mud into the atmosphere on January 11, 2019. Marathon lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 14, and denies on that basis.

15. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 15, and denies on that basis.

16. Marathon denies that the condition of Well No. 10 caused an imminent and substantial threat to public health and welfare. Marathon lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 16, and denies on that basis.

17. The allegations in paragraph 17 call for a legal conclusion, to which no

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

2

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

response is required.  To the extent a response is required, Marathon denies the allegations in paragraph 17.  Marathon denies any remaining allegations in paragraph 17.

18.  The allegations in the first sentence of paragraph 18 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in the first sentence of paragraph 18.  Marathon lacks sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 18, and denies on that basis.  Marathon denies any remaining allegations in paragraph 18.

19.  Marathon denies that the condition of Well No. 10 posed a dangerous condition.  Marathon lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 19, and denies on that basis.

## PARTIES JURISDICTION, AND VENUE

20.  Marathon admits that Plaintiff is a Delaware limited liability company.  Marathon lacks knowledge sufficient knowledge to admit or deny whether Plaintiff's principal place of business is in San Diego, California and whether Plaintiff is qualified to do business in the State of California, and denies on that basis.  Marathon denies that Plaintiff is the ground lessor of the Property.

21.  Marathon admits the Marathon Oil Company is an Ohio corporation with its principal place of business in Houston, Texas.  Marathon admits that it is the successor-in-interest to The Ohio Oil Company.  Marathon denies the remaining allegations in paragraph 21.

22.  The allegations in paragraph 22 are directed at Defendant Dow, to which no response is required.  To the extent a response is required, Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 22, and denies on that basis.

23.  Marathon denies the allegations in the first, second, and third sentences of paragraph 23.  The allegation in the fourth sentence of paragraph 23 purport to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

3

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

1  describe a future action by Plaintiff, to which no response is required. To the extent a
2  response is required, Marathon lacks knowledge sufficient to admit or deny the
3  allegation in the fourth sentence of paragraph 23, and denies on that basis.

4      24.    Marathon denies the allegations in paragraph 24. This action was
5  properly removed to federal court, which is now exercising jurisdiction over this
6  dispute, and venue is proper pursuant to 28 U.S.C. § 1441(a).

## FIRST CAUSE OF ACTION

### (Negligence)

25. Paragraph 25 falls under a heading devoted solely to Plaintiff's negligence cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

26. Paragraph 26 falls under a heading devoted solely to Plaintiff's negligence cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

27. Paragraph 27 falls under a heading devoted solely to Plaintiff's negligence cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

28. Paragraph 28 falls under a heading devoted solely to Plaintiff's negligence cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

29. Paragraph 29 falls under a heading devoted solely to Plaintiff's negligence cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

## SECOND CAUSE OF ACTION

**(Continuing Public Nuisance: Civil Code 3479, 3480; Code of Civil Procedure 731)**

30. Marathon incorporates the answers to paragraphs 1 through 29 as though fully set forth herein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

4

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

1    31.    Marathon denies that Plaintiff is the ground lessor of the Property. Marathon lacks sufficient knowledge to admit or deny the allegation that Plaintiff is currently constructing a hotel on the Property, and denies on that basis.  The allegations in the second sentence of paragraph 38 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in second sentence of paragraph 38.

32.    The allegations in paragraph 32 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in paragraph 32.

33.    Marathon denies any improper construction, use, maintenance, or abandonment of Well No. 10.  Marathon further denies that Well No. 10 creates or created a dangerous condition, lacks integrity, or presents an ongoing threat to the safety and well-being of the public.  The remaining allegations in paragraph 33 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the remaining allegations in paragraph 33.

34.    The allegations in paragraph 34 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in paragraph 34.

35.    Marathon denies the allegations in the first sentence of paragraph 35. Marathon lacks sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 35, and denies on that basis.

36.    Marathon denies the allegations in paragraph 36.

### THIRD CAUSE OF ACTION

**(Continuing Private Nuisance: Civil Code 3481; Code of Civil Procedure 731)**

37.    Marathon incorporates the answers to paragraphs 1 through 36 as though fully set forth herein.

38.    Marathon denies that Plaintiff is the ground lessor of the Property. Marathon lacks sufficient knowledge to admit or deny the allegation that Plaintiff is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

5

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

currently constructing a hotel on the Property, and denies on that basis.  The allegations in the second sentence of paragraph 38 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in second sentence of paragraph 38.

39.　The allegations in paragraph 39 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in paragraph 39.

40.　Marathon denies any improper construction, use, maintenance, or abandonment of Well No. 10.  Marathon further denies that Well No. 10 creates or created a dangerous condition, lacks integrity, or presents an ongoing threat to the safety and well-being of the public.  The remaining allegations in paragraph 40 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the remaining allegations in paragraph 40.

41.　The allegations in paragraph 41 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in paragraph 41.

42.　The allegations in the first sentence of paragraph 42 call for a legal conclusion, to which no response is required.  To the extent a response is required, Marathon denies the allegations in the first sentence of paragraph 42.  Marathon lacks sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 42, and denies on that basis.

43.　Marathon denies the allegations in paragraph 43.

## FOURTH CAUSE OF ACTION
### (Permanent Public Nuisance)

44.　Paragraph 44 falls under a heading devoted solely to Plaintiff's permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54).  As such, no response is required.

45.　Paragraph 45 falls under a heading devoted solely to Plaintiff's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

6

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

46. Paragraph 46 falls under a heading devoted solely to Plaintiff's permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

47. Paragraph 47 falls under a heading devoted solely to Plaintiff's permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

48. Paragraph 48 falls under a heading devoted solely to Plaintiff's permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

49. Paragraph 49 falls under a heading devoted solely to Plaintiff's permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

50. Paragraph 50 falls under a heading devoted solely to Plaintiff's permanent public nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

## FIFTH CAUSE OF ACTION
### (Permanent Private Nuisance)

51. Paragraph 51 falls under a heading devoted solely to Plaintiff's permanent private nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

52. Paragraph 52 falls under a heading devoted solely to Plaintiff's permanent nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

53. Paragraph 53 falls under a heading devoted solely to Plaintiff's permanent private nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

7

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

54. Paragraph 54 falls under a heading devoted solely to Plaintiff's permanent private nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

55. Paragraph 55 falls under a heading devoted solely to Plaintiff's permanent private nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

56. Paragraph 56 falls under a heading devoted solely to Plaintiff's permanent private nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

57. Paragraph 57 falls under a heading devoted solely to Plaintiff's permanent private nuisance cause of action, which the Court dismissed in its April 20, 2021 Order (Dkt. 54). As such, no response is required.

## SIXTH CAUSE OF ACTION

### (Trespass)

58. Marathon incorporates the answers to paragraphs 1 through 57 as though fully set forth herein.

59. Marathon denies that Plaintiff is the ground lessor of the Property. Marathon lacks sufficient knowledge to admit or deny the allegation that Plaintiff is currently constructing a hotel on the Property, and denies on that basis.

60. Marathon denies the allegations in paragraph 60.

61. Marathon lacks sufficient knowledge to admit or deny the allegations in paragraph 61, and denies on that basis.

62. Marathon denies the allegations in paragraph 62.

63. Marathon denies the allegations in paragraph 63.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Marathon denies that Plaintiff is entitled to the relief sought in the Complaint or to any relief

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

8

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

1  whatsoever.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

9

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

# AFFIRMATIVE DEFENSES

Marathon hereby assert the following affirmative defenses without assuming the burden of proof for issues where the burden would not ordinarily be upon the responding party.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's alleged claims, and each of them, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Plaintiff's alleged claims are barred, in whole or in part, by the applicable limitations periods, including, but not limited to, those set forth in the California Code of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE
### (Chain of Title and Conveyances)

3. Plaintiff's alleged claims are barred, in whole or in part, by the chain of title and property conveyances, including by quitclaim deeds.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4. Plaintiff's alleged claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5. Plaintiff's alleged claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6. Plaintiff's alleged claims are barred, in whole or in part, because

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

10

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

Plaintiff, by its conduct and actions, has waived each of the alleged claims for relief.

## SEVENTH AFFIRMATIVE DEFENSE
(Coming to the Nuisance)

7. Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of coming to the nuisance.

## EIGHTH AFFIRMATIVE DEFENSE
(Consent)

8. Plaintiff's alleged claims are barred, in whole or in part, because, on information and belief, Plaintiff has consented to its alleged damages by its conduct and actions.

## NINTH AFFIRMATIVE DEFENSE
(Uncertainty)

9. The Complaint, and each alleged claim for relief asserted therein, is uncertain.

## TENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

10. Plaintiff's alleged claims are barred, or alternatively Plaintiff's recovery should be limited, to the extent Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE
(Avoidable Consequences)

11. Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## TWELFTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

12. Plaintiff's alleged claims are barred to the extent any recovery would result in unjust enrichment to Plaintiff.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

11

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

## THIRTEENTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Cause)

13. Plaintiff's alleged claims were proximately caused by an independent intervening or superseding cause of which Marathon had no knowledge or over which it had no control at the time.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

14. Plaintiff did not exercise ordinary care, and has acted in such a manner so as to cause or contribute to its alleged damages. Therefore, any resulting injuries sustained by Plaintiff were caused, in whole or in part, by its own negligence. Should Plaintiff recover any amount from Marathon as a result of its Complaint, Marathon is entitled to have such recovery reduced or eliminated to the extent of Plaintiff's comparative negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Plaintiff)

15. Marathon alleges that the injuries complained of and the damages sought by Plaintiff were caused directly and proximately by Plaintiff's own fault, acts, or omissions. In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Marathon is liable only for that portion of any damages that corresponds to its degree of fault or responsibility, if any, and not for the fault, acts, or omissions of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Others)

16. Marathon alleges that the injuries complained of and the damages sought by Plaintiff were caused directly and proximately by the fault, intervening acts, or omissions of third persons, including the County of Los Angeles. In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Marathon is liable only for that portion of any damages that corresponds to its degree

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

12

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

of fault or responsibility, if any, and not for the fault, intervening acts, or omissions of third persons, whether individual, corporate, or otherwise, and whether named or unnamed in Plaintiff's Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Conformance with Governing Law and Industry Standards)

17. Marathon alleges that it has conformed to and performed any and all obligations imposed by applicable statutes, regulations, permits, and industry standards to the full extent of its responsibilities. In addition, Marathon's conduct conformed to the generally recognized state of scientific and technical knowledge in existence at all relevant times.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Nonjoinder of Other Necessary Parties)

18. Plaintiff has failed to join necessary parties to this action.

### NINETEENTH AFFIRMATIVE DEFENSE

(Nuisance Claim Preempted by Statutory Compliance)

19. Plaintiff's alleged nuisance claim is barred, in whole or in part, by Cal. Civ. Code § 3482, which precludes nuisance liability for all acts "done or maintained under the express authority of a statute."

### TWENTIETH AFFIRMATIVE DEFENSE

(Alleged Public Nuisance is Not Reasonably Abatable)

20. Plaintiff's alleged nuisance claim is barred, in whole or in part, because the alleged nuisance cannot be remedied at a reasonable cost by reasonable means.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Damages)

21. Plaintiff has suffered no legally compensable damages as a result of acts and/or omissions complained of against Marathon and its claims for, *inter alia*, future damages, lost profits, delay damages, loss of use, and diminution in value are barred under the remaining continuing nuisance and continuing trespass causes of action.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

13

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prospective Damages Not Recoverable)

22. In the event Plaintiff is found to have sustained and to be entitled to recovery of any damages, Plaintiff is not entitled to recover prospective damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

23. Plaintiff's alleged claims are barred, in whole or in part, by the economic loss rule.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest Not Recoverable)

24. In the event Plaintiff is found to have sustained and to be entitled to recovery of any damages, Plaintiff is not entitled to recover prejudgment interest on any unliquidated damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

25. Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of assumption of risk.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

26. In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Marathon is liable only for that portion of Plaintiff's damages in excess of any recovery or payments made to Plaintiff by third parties for the same loss, injury, or damage Plaintiff alleges in this case.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

27. Plaintiff is not entitled to injunctive relief because it has failed to state facts sufficient to show continuing acts, the threat of irreparable harm, or a reasonable likelihood of repetition of the alleged conduct if it were, in fact, established to be

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

14

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

wrongful.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

28. Plaintiff is not entitled to injunctive relief because it has a plain, common, adequate, and speedy remedy at law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Partial Payment/Offset)

29. Defendants are entitled to an offset against any liability for monies that Plaintiff has recovered and/or will recover in the future from other sources, including but not limited to: federal, state, and local grants, other payments or reimbursements from government agencies, insurance payments and settlements, costs covered by indemnities or other contracts, payments received in settlement or otherwise from alleged responsible parties, and offsetting fees and assessments.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Plaintiff's Alleged Injuries Not Foreseeable)

30. Plaintiff's alleged injuries were not reasonably foreseeable at the relevant times of manufacture.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Election of Remedies)

31. Plaintiff's Complaint includes two inconsistent and concurrent remedies, and Plaintiff must choose between them.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Reservation of Defenses/Rights)

32. The Complaint does not describe its claims or events with sufficient particularity to permit Marathon to ascertain what other defenses may exist, and Marathon presently have insufficient knowledge or information to form a belief as to whether it has additional, as yet unstated, defenses available to it. Marathon therefore reserves the right to assert all defenses which may pertain to the Complaint once the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

15

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

precise nature of the claims is ascertained and in the event discovery indicates that such claims would be appropriate.

.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

16

DEFENDANT MARATHON'S
ANSWER TO COMPLAINT
CASE NO. 2:20-cv-08008-FLA (JPRx)

| | |
|---|---|
| Dated: May 25, 2021 | **LATHAM & WATKINS LLP** |
| | By */s/ Mary Rose Alexander* |
| | Mary Rose Alexander (Bar No. 143899) |
| | mary.rose.alexander@lw.com |
| | Thomas J. Heiden (Admitted *Pro Hac Vice*) |
| | thomas.heiden@lw.com |
| | 330 North Wabash Avenue, Suite 2800 |
| | Chicago, Il 60611 |
| | Tel: 312.876.7700 |
| | Fax: 312.993.9767 |
| | |
| | Shannon D. Lankenau (Bar No. 294263) |
| | shannon.lankenau@lw.com |
| | 505 Montgomery Street, Suite 2000 |
| | San Francisco, CA 94111 |
| | Tel: 415.391.0600 |
| | Fax: 415.395.8095 |
| | |
| | Michael A. Hale (Bar No. 319056) |
| | michael.hale@lw.com |
| | 355 South Grand Avenue, Suite 100 |
| | Los Angeles, CA 90071 |
| | Tel: 213.485.1234 |
| | Fax: 213.891.8763 |
| | |
| | Attorneys for Defendant Marathon Oil Company |