COX, CASTLE & NICHOLSON LLP
Perry S. Hughes (State Bar No. 167784)
Alicia N. Vaz (State Bar No. 215081)
Kevin M. Hannifan (State Bar No. 288135)
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: phughes@coxcastle.com;
avaz@coxcastle.com; khannifan@coxcastle.com

Attorneys for MDR Hotels, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MDR HOTELS, LLC,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MARATHON OIL COMPANY; THE DOW CHEMICAL COMPANY; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:20-cv-08008-FLA<br><br>*Assigned to the Hon. Fernando L. Aenlle-Rocha*<br><br>**JOINT STIPULATION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE AND CONTINUE RELATED DATES, INCLUDING TRIAL**<br><br>Action Filed: July 31, 2020<br>Discovery Cutoff: May 31, 2022<br>Pretrial Conference: January 6, 2023<br>Trial Date: January 17, 2023 |

1  Plaintiff MDR Hotels, LLC, ("MDR") and Defendants Marathon Oil Company
2  ("Marathon") and The Dow Chemical Company ("Dow") (collectively "Defendants"
3  and with Plaintiff, the "Parties") hereby stipulate, by and through their counsel of
4  record, to the following:
5  1.  This matter involves damages allegedly incurred by MDR as a result of
6  having to re-abandon an oil well constructed by Marathon in 1931 in Marina del Rey,
7  California, and subsequently operated by Dow, and abandoned in 1956. MDR's
8  claims are based in continuing nuisance, both public and private, and continuing
9  trespass, and MDR alleges they stem from the condition of the well, that the well was
10 leaking methane gas, and the condition of the soil.
11 2.  To date, the relevant records related to the subject oil well have been
12 limited to the thirty-five pages of well records found in the public files of California
13 Department of Conservation, Geologic Energy Management Division.
14 3.  On June 14, 2022, during the deposition of Marathon's 30(b)(6) witness,
15 Marathon disclosed for the first time that it located 4,100 bankers boxes
16 (approximately ten million pages) of historical documents, including technical well
17 records, that Marathon had not previously identified or disclosed to Plaintiff in
18 discovery.  According to the testimony of the 30(b)(6) witness, the 4,100 boxes were
19 not organized or indexed.
20 4.  After MDR and Marathon met and conferred, Marathon identified two
21 boxes of documents (comprising approximately 4,000-5,000 pages) that relate to
22 Marathon's historical operations in the Marina del Rey oil field, including the subject
23 oil well.
24 5.  As of the date this Joint Stipulation is executed, Marathon is in the
25 process of having the two boxes of documents scanned to be produced to Plaintiff, but
26 given the age of the documents—which necessitate the use of special equipment for

1

scanning—such production has not yet occurred, and is not expected to occur until mid-July.

6. Marathon and MDR stipulate and agree that the documents Marathon recently located are responsive (or potentially responsive) to discovery requests MDR propounded in this action, and are relevant (or potentially relevant) to the Parties' claims and defenses in this matter, as described in detail below:

a. On July 31, 2020, Plaintiff filed a complaint in the Superior Court of California for the County of Los Angeles captioned *MDR Hotels, LLC v. Marathon Oil Company, et al.*, Case No. 20STCV28908, regarding damages associated with the re-abandonment of an oil well constructed by Marathon in 1931.

b. On September 21, 2020, Dow, with the consent of Marathon, removed the action from the Superior Court of California to the United States District Court for the Central District of California.

c. On September 2, 2020, Marathon filed a Joinder to Dow's Notice of Removal.

d. On November 2, 2020, Defendants filed a Notice of Motion and Motion to Dismiss MDR's Complaint.

e. On April 21, 2021, the Court granted in part Defendants' Motion to Dismiss, with 20 days' leave to amend.

f. MDR declined to amend its Complaint after the Court entered its Order.

g. On May 25, 2021, Defendants filed their respective Answers to MDR's Complaint.

h. MDR Served its first set of Requests for Production of Documents to Marathon on July 12, 2021, and sought the following categories of documents:

**REQUEST NO. 1:**
All DOCUMENTS and COMMUNICATIONS CONCERNING the WELL.

**REQUEST NO. 2**
All DOCUMENTS and COMMUNICATIONS CONCERNING the drilling of, installation of, or alterations to the WELL.

**REQUEST NO. 3:**
All DOCUMENTS and COMMUNICATIONS CONCERNING the planning, permitting, or implementation of any abandonment or re-abandonment efforts relating to the PROPERTY and/or the WELL.

**REQUEST NO. 5:**
All DOCUMENTS and COMMUNICATIONS CONCERNING leases, options, quitclaims, title searches, well history, and/or property history relating to the PROPERTY or the WELL.

**REQUEST NO. 6:**
All DOCUMENTS and COMMUNICATIONS CONCERNING any investigation regarding geologic and/or hydraulic conditions relating to the PROPERTY or the WELL.

**REQUEST NO. 10:**
All DOCUMENTS and COMMUNICATIONS with any regulatory or government agency or entity, INCLUDING DOGGR/CalGEM, CONCERNING the PROPERTY or WELL, INCLUDING applications, permits, well files, well history, notices, submissions, approvals, orders, proceedings, decisions and appeals.

**REQUEST NO. 13:**
All DOCUMENTS and COMMUNICATIONS YOU intend to introduce or use at trial in this Action, INCLUDING all DOCUMENTS and COMMUNICATIONS YOU assert or may rely on to support YOUR defenses in this Action.

  i. On August 11, 2021, Marathon responded to MDR's Requests for Production, Set One, asserting various objections. Marathon substantively responded to Requests Nos. 1, 2, 3, 5, 6, and 10 as follows:

> Subject to and without waiving the foregoing objections, **Marathon responds that it has undertaken a reasonable effort to locate non-privileged responsive documents in its possession, custody, or control, and that it has no non-privileged responsive documents in its possession, custody,**

|   |   |
|---|---|
| 1 | **or control**. Marathon will produce responsive documents it has received via title company searches and Public Records Act requests. |
| 2 |   |
| 3 | j.  On October 15, 2021, MDR served a Notice of Deposition for Marathon's Person Most Knowledgeable Pursuant to Rule 30(b)6), which notice set the deposition for November 3, 2021. A number of the topics regarding the construction and operation of the subject well, as well as Marathon's retention of historic well records. Marathon's counsel represented to MDR that Marathon did not have anyone with requisite knowledge and no relevant documents to educate or prepare such a witness. As such, the deposition did not proceed as noticed. |

j.  On October 15, 2021, MDR served a Notice of Deposition for Marathon's Person Most Knowledgeable Pursuant to Rule 30(b)6), which notice set the deposition for November 3, 2021.  A number of the topics regarding the construction and operation of the subject well, as well as Marathon's retention of historic well records.  Marathon's counsel represented to MDR that Marathon did not have anyone with requisite knowledge and no relevant documents to educate or prepare such a witness.  As such, the deposition did not proceed as noticed.

k.  On January 25, 2022, MDR served an Amended Notice of Deposition for Marathon's Person Most Knowledgeable Pursuant to Rule 30(b)(6), which notice set the deposition for February 15, 2022.  The topics again included topics related to the construction and operation of the well, and included new topics related to Marathon's general practices in California during the relevant timeframe, and Marathon's efforts to locate historic documents.

l.  On February 15, 2022, Marathon served written objections to MDR's Amended Notice of Deposition.  As to 19 of the 22 topics in MDR's Amended Notice, Marathon stated the following:

> Subject to and without waiving any of the aforementioned objections, **Marathon responds that it has no information regarding this Topic beyond the information available in the public domain and equally available to MDR**. Accordingly, Marathon will not designate a witness on this Topic. (Emphasis added.)

Marathon agreed to produce a witness on topics related to document retention and its corporate relationship to Ohio Oil.

|   |   |   |
|---|---|---|
| m. | | MDR and Marathon subsequently met and conferred regarding MDR's Amended Notice and Marathon's objections thereto in order to avoid a motion to compel. As the result of the Parties' meet and confer process, MDR agreed to limit the time period for certain topics, and Marathon agreed to produce a witness as to all twenty-two (22) topics. However, Marathon requested additional time to conduct further review of its documents and to prepare its witness. As such, the parties further agreed to conduct the deposition on June 14, 2022. |
| n. | | Marathon represented to MDR that it was undertaking a significant additional effort to search for documents relating to the broader topics of Marathon's general practices in California and prepare its witness to testify in connection with those topics. |
| o. | | MDR took the deposition of Marathon's 30(b)(6) designee on June 14, 2022. During that deposition, Marathon's designee, David Belew, testified that Marathon had undertaken two separate searches for records in this litigation - one in 2020, and the other in 2022: |

> Q. Well, what did Marathon do to locate documents related to this well?
>
> A. My understanding is there were two separate searches. **The first search, I believe, occurred in June or July of 2020, and it was a very limited search for records or documents, using very specific terminology, property name, I believe, county, and possibly even well name or address.** And they conducted those searches in the areas of our lands department, what we call HES, which is our Health, Environmental and Safety Department, and the TNC department, which is the Contracts Group, Transportation and Contracts Group, and there were no records found in that initial search.
>
> Q. You mentioned there was a second search?
>
> A. Yes, **I believe there was a second search that occurred**

|   |   |   |
|---|---|---|
| | | **sometime in 2022, and it was an expanded search**. And that was on the -- in the lands department for technical records, or what we call technical records, which are our **records related directly to the well files**. |
| | | Q. Did the second search retrieve any documents? |
| | | A. Yes. |
| | | Q. And what documents were found? |
| | | A. **We found approximately 4,100 boxes located at an offsite storage facility.** |
| | p. | Mr. Belew further testified that the 4,100 boxes in offsite storage were not indexed, stating: |
| | | […]  there was no specific indexing on those boxes.  There was **no way to call up any specific relationship to a specific well, a specific stay, address, county**." |
| | q. | Mr. Belew also testified that "to the best of my knowledge, this [the collection of 4,100 boxes] is the only location for well records or technical – physical technical records" going back to the 1930's. He further testified that Marathon presently had a permanent retention policy for technical well files. |
| | r. | Mr. Belew testified that at some point in 2022, a random sample of 35 of the 4,100 boxes were pulled from storage and reviewed by another Marathon employee, Ms. Lindee Carter.  He testified that the 35 boxes reviewed by Ms. Carter did not contain records related to the subject oil well or the Marina del Rey oil field. |
| | s. | After Mr. Belew's deposition, MDR emailed Marathon's counsel, on June 15, 2022, to meet and confer concerning the new documents that Marathon had identified. |
| | t. | After an exchange of meet and confer communications, MDR and Marathon met and conferred telephonically June 22, 2022.  During this conference, Marathon reported that it was able to locate two |

boxes (approximately 4,000 pages) of ancient documents related to the Marina Del Rey oilfield, including the subject oil well.

    u.    On June 27, 2022, Marathon reported that the records it identified were in the process of being scanned.

    v.    On June 29, 2022, Marathon reported that the scanning operation was expected to be completed on July 7, 2022.  Marathon is working in good faith to make these recently discovered records available for production as soon as possible.

    w.    Fact Discovery ended on May 31, 2022.  Expert reports are to be disclosed on August 1, 2022.

7. Marathon and MDR stipulate and agree that Marathon shall produce the records related to the Marina del Rey oil field, including the subject well, no later than July 15, 2022, and that fact discovery should be re-opened between Marathon and MDR for the limited purpose of discovery regarding the newly discovered Marathon records, running through September 15, 2022, to allow MDR time to review said records and conduct additional discovery related to said documents.

8. Marathon and MDR stipulate and agree that Marathon shall produce a supplemental 30(b)(6) witness to testify based on the contents of the discovered records.

9. Marathon and MDR stipulate and agree that this limited extension of the fact discovery and expert discovery is necessary to avoid undue prejudice to MDR.

10. The parties stipulate and agree that the May 31, 2022 discovery cutoff between Dow and MDR shall not be extended.

11. The parties further stipulate and agree that the late identification and production of records by Marathon establishes good cause to continue the trial date and all un-expired pretrial deadlines.

12. The proposed re-opening of discovery, and subsequent change to the

schedule, suggests a trial date in early May 2023.  However, counsel for Marathon has another three-week trial scheduled to commence on May 1, 2023 in *Anadarko Petroleum Corporation, et al., v. Commissioner of Internal Revenue*, Docket Nos. 23018-18 and 23019-18, in the United States Tax Court.  Accordingly, the Parties suggest an alternative schedule to accommodate this conflict.

13. The Parties have previously been granted two prior extensions of deadlines in this action.

14. The Parties stipulate and agree that none of the Parties will be prejudiced by an extension of the pretrial and trial deadlines set forth herein.

15. On June 28, 2022, MDR served Marathon with a joint stipulation regarding a motion to compel production of documents, compel an additional Rule 30(b)(6) deposition, and extension of the discovery and other trial deadlines.  In light of this stipulation, MDR agrees to withdraw its motion to compel.

16. IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants, subject to the Court's approval, that all as-yet unexpired pretrial and trial deadlines shall be extended by approximately three and a half months, as follows, to accommodate the extended discovery period:

| **Event** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Production of Well Records | | 07/15/2022 |
| Fact Discovery Cutoff | 05/31/2022 | 09/15/2022 (limited purpose: MDR and Marathon Only) |
| Expert Disclosure (Initial) | 08/01/2022 | 11/15/2022 |
| Expert Disclosure (Rebuttal) | 08/31/2022 | 01/12/2023 |
| Expert Discovery Cut-off | 9/30/2022 | 02/28/2023 |
| Last Date to Hear Rule 56 Motions | 10/28/2022 | 03/31/2023 |
| Deadline to Complete | 11/18/2022 | 04/14/2023 |

| Settlement Conference | | |
|---|---|---|
| Trial Filings (First Round) | 11/23/2022 | 04/14/2023 |
| Trial Filings (Second Round) | 12/09/2022 | 05/05/2023 |
| Final Pretrial Conference, Hearing on Motions in Limine | 01/6/2023 at 1:00 p.m. | 06/09/2023 at 1:00 p.m. |
| Bench Trial | 01/17/2023 at 8:30 a.m. | 06/13/2023 at 8:30 a.m. |

DATED:   July 5, 2022        COX, CASTLE & NICHOLSON LLP


By: */s/ Perry S. Hughes*
   Perry S. Hughes
   Alicia N. Vaz
   Kevin M. Hannifan
   Attorneys for MDR Hotels, LLC


DATED:   July 5, 2022        LATHAM & WATKINS LLP


By:  */s/ Mary Rose Alexander*
   Mary Rose Alexander (SBN 143899)
   Shannon D. Lankenau (SBN 294263)
   Michael A. Hale (SBN 319056)
   Attorneys for Defendant Marathon Oil Company

DATED:   July 5, 2022        KING & SPALDING LLP


By:  */s/ Michael R. Leslie*
   Peter Hsiao (SBN 119881)
   Michael R. Leslie (SBN 126820)
   Attorneys for Defendant The Dow Chemical Company

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(I), I, Perry Hughes, attest under penalty of perjury that I have obtained concurrence and authorization from the other signatories to affix their electronic signatures to this filing.

DATED:    July 5, 2022          COX, CASTLE & NICHOLSON LLP


By: */s/ Perry S. Hughes*
    Perry S. Hughes