**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES--GENERAL

Case No. **CV 20-8008-FLA (JPRx)**                                           Date: **August 2, 2022**
Title: **MDR Hotels, LLC v. Dow Chem. Co. et al.**
==============================================================

**DOCKET ENTRY: Order Granting in Part Remaining Portion of Defendants' Supplemental Motion to Compel**
==============================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                    ATTORNEYS PRESENT FOR DEFENDANTS:
  None present                                                                         None present

**PROCEEDINGS: (IN CHAMBERS)**

At a hearing on May 12, 2022, the Court ruled on most of Defendants' supplemental motion to compel Plaintiff to produce documents but reserved ruling on those communications involving Lockton pending the Court's in camera review of a random sample of 25 of the documents at issue. The Court subsequently ruled on some of those communications and ordered further meet and confer, which proved fruitless. The Court now rules on the remaining contested communications: 72 communications on which no counsel for Plaintiff is listed on the privilege log (which the parties have dubbed "category 4") and 279 communications on which counsel is listed ("category 3").

Lockton Documents With No Plaintiff's Counsel Listed

Clearly, Plaintiff has not properly asserted privilege for those entries on the log as to which no author or recipient of the communication is listed and the only information provided is the date and a notation of "draft document" "related to insurance claim." These barren privilege-log entries still appear despite the Court's having given Plaintiff several opportunities to revise the log and pointing it to the requirements for compiling a privilege log laid out in In re Grand Jury Investigation, 974 F.2d 1068 (9th Cir. 1992), among other cases. Accordingly, the supplemental motion to compel is GRANTED as to category 4 log entries 2 through 6, 8 through 10, 15 through 21, 35, 65, and 66.

MINUTES FORM 11                                                                 Initials of Deputy Clerk : bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 20-8008-FLA (JPRx)                                              August 2, 2022
MDR Hotels, LLC v. Dow Chem. Co. et al.                                  Page 2

---

      Several similar entries provide a bit of additional information: they state that they have something to do with "Beazley/Settlement" and describe what type of document they are – for example, a "draft settlement agreement & release" or a "draft letter to Beazley." These entries, like those discussed above, are all claimed to be "work product," and they too do not list any author or recipient. But for work-product protection to apply, the document must have been written by or at the direction of an attorney or party. See, e.g., United States v. Nobles, 422 U.S. 225, 238-39 (1975). Although the information provided by Plaintiff on the log for these entries might lead the Court — or Defendants — to conjecture that that is true, that is not enough for it to meet its burden of demonstrating that the documents should be protected as work product. See, e.g., Nathu v. City of Oakland, No. 4:20-cv-05242-SBA (LB), 2022 WL 2716522, at *3 (N.D. Cal. July 13, 2022). Accordingly, the Court GRANTS the supplemental motion as to log entries 22 through 24, 57 through 62, and 71 and 72.

      The rest of the log entries all were either sent or received by Kevin Ahearn or Jim Hensley, two attorneys working at Lockton as "claims coordinator consultant[s]." (Pocrass Dep. at 100-01.)[1] Virtually all of those communications were withheld as attorney-client privileged. Ahearn's and Hensley's "role at Lockton [was] to be a conduit between information that is being provided, communication that is being provided between our client and any insureds in the policy and the carrier, the carrier's adjuster primarily, in this case adjuster underwriters." (Id. at 100.) When asked whether Ahearn (and later Hensley) was "acting in his capacity as an attorney for Lockton in this matter" (id.), Stacy Pocrass, a senior vice president and account executive at Lockton, responded somewhat equivocally:

> Well, he was acting — he was the front-facing person on behalf of [Plaintiff] in pursuing the claim against Beazley. So he was basically the

---

[1] Although the Court instructed Defendants to "file" page 101, among others, of the transcript of Pocrass's deposition, they instead simply emailed them to the Court. The Clerk is directed to append pages 100 and 101 of the Pocrass deposition to this minute order.

MINUTES FORM 11                                                                                             Initials of Deputy Clerk : bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 20-8008-FLA (JPRx)            August 2, 2022
<u>MDR Hotels, LLC v. Dow Chem. Co. et al.</u>            Page 3

-------------------------------------------------------------------------------------------------------------------

representative of MDR in pushing the claim out to Beazley.

(<u>Id.</u> at 100-01.)  Ahearn, at least, was not employed as "counsel" for Lockton.  (Cortina Decl. ¶ 17, ECF No. 77-1.)

After Defendants raised the issue that communications involving Ahearn or Hensley were not privileged because they were not acting as attorneys for Plaintiff, Plaintiff submitted declarations from its outside counsel and from Pocrass essentially claiming that they were.

Pocrass first declared that Lockton "served as [Plaintiff's] insurance broker" for two insurance policies it took out from Beazley concerning the hotel-development project at issue in this lawsuit.  (Pocrass Decl. ¶ 3, ECF No. 80-2.)  When Plaintiff wanted to submit a claim, Ahearn's

> role was to help guide [Plaintiff] and its counsel on issues related to its insurance claim against Beazley. . . . This included working closely with [Plaintiff's counsel] on the best way to present the claim to Beazley.

(<u>Id.</u> ¶ 5.)  Outside counsel declared that claim consultants Ahearn and Hensley were "instrumental in advising on the coverage issues," were "uniquely familiar with the underwriting of the policies and their terms," and had "valuable experience in insurance claims handling." (Hughes Decl. ¶ 17, ECF No. 80-1.)  Neither Pocrass nor Plaintiff's counsel stated that he intended the communications between Plaintiff and Ahearn or Hensley to be confidential.  See <u>Sun v. Ikea US West, Inc.</u>, No. 15-cv-01146-MEJ, 2015 WL 6734480, at *4-5 (N.D. Cal. Nov. 4, 2015) (finding that "incident report" prepared by employee at request of employer's counsel was not privileged because employer presented no evidence that document was intended to be kept confidential).

Communications concerning claims processing are not shielded from disclosure simply because an attorney was assigned to do the work of a claims adjuster.  See <u>Renovate Am. Inc. v. Lloyd's Syndicate 1458</u>, No. 19-CV-1456-GPC(WVG), 2020 WL

MINUTES FORM 11            Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: CV 20-8008-FLA (JPRx) | August 2, 2022 |
| <u>MDR Hotels, LLC v. Dow Chem. Co. et al.</u> | Page 4 |

---

5106657, at *1 (S.D. Cal. Aug. 31, 2020); <u>Vepo Design Corp. v. Am. Econ. Ins.</u>, CV 20-04950-MWF (JEMx), 2022 WL 2101743, at *1 (C.D. Cal. Mar. 24, 2022).  Under <u>Costco Wholesale Corp. v. Superior Court</u>, 47 Cal. 4th 725, 735, 739-40 (2009), the analysis of whether the privilege applies turns on what the "dominant purpose" of the relationship was between the attorneys — Ahearn and Hensley — and the client.[2]  <u>Id.</u>  The attorney-client privilege does not attach to an attorney's communications "when the client's dominant purpose in retaining the attorney was something other than to provide the client with a legal opinion or legal advice." <u>Id.</u> at 735.

    Plaintiff relies heavily on <u>Atmel Corp. v. St. Paul Fire & Marine Insurance</u>, 409 F. Supp. 2d 1180, 1182 (N.D. Cal. 2005), to support its position that because Lockton acted as a "necessary advisor for both general coverage questions and regarding specific claims tendered" to Beazley, the attorney-client privilege was not waived by disclosure of communications to it.  But <u>Atmel</u> nowhere discussed the "dominant purpose" of the relationship between the two entities there — the test emphasized in <u>Costco</u>, which was decided four years later — instead focusing on the nature of the communications at issue.  Thus, it does not govern.

    Plaintiff has not made a prima facie case that the "dominant purpose" served by Ahearn or Hensley in relation to Plaintiff was to provide legal advice.  As Defendants note, Plaintiff hasn't provided any evidence of any kind of retainer or consulting agreement with Ahearn or Hensley separate from Lockton's retention as an insurance broker, or even any kind of writing suggesting such a relationship.  (Cortina Decl. ¶ 17.)  The descriptions Plaintiff's counsel and Pocrass gave in their declarations describing the pair's role and services sound like those an excellent insurance broker would provide.  See <u>Costco</u>, 47 Cal. 4th at 735 (noting that "the privilege is not applicable when the attorney acts merely as a negotiator for the client or is providing business advice"); <u>see also</u> <u>The Role of Insurance Intermediaries</u>, Council of Insurance Agents & Brokers,

---

    [2] Because this case is in federal court under diversity jurisdiction, California law, not federal law, governs application of the attorney-client privilege.  See <u>Vepo</u>, 2022 WL 2101743, at *1.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk : bm |
| CIVIL-GEN | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 20-8008-FLA (JPRx)                                                August 2, 2022
MDR Hotels, LLC v. Dow Chem. Co. et al.                                 Page 5

---

https://www.ciab.com/issues/role-of-insurance-intermediaries/ (last visited Aug. 2, 2022) (noting that insurance brokers often maintain "an on-going relationship with a client" after insurance has been purchased); What Does an Insurance Broker Do?, Business Benefits Group, https://www.bbgbroker.com/ what-does-an-insurance-broker-do/ (last visited July 31, 2022) (noting that "[a]fter insurance has been selected and purchased, most insurance brokers will continue to provide service to their clients . . . includ[ing] advising clients on technical issues that may be helpful in the event that a client has to file a claim"). And Ahearn, at least, was apparently not even licensed to practice law in California. (See Cortina Decl. ¶ 17.)

The dominant purpose of the relationship between Plaintiff and Lockton's Ahearn and Hensley appears to have been client and insurance broker. See Renovate, 2020 WL 5106657, at *4. Accordingly, the attorney-client privilege does not shield their communications with Plaintiff's nonattorney representatives, and those category 4 log entries must be produced.

That leaves two unresolved entries on the category 4 log, entries 32 and 33, which were withheld on the basis of work-product protection, not attorney-client privilege. The "because of" test — applicable in the work-product context — "does not consider whether litigation was a primary or secondary motive behind the creation of a document." In re Grand Jury Subpoena, 357 F.3d 900, 908 (9th Cir. 2004) (as amended). Instead, it looks at "the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." Id. (cleaned up). The emails noted at log entries 32 and 33 were sent from Ahearn to Pocrass — in other words, entirely within Lockton — "forward[ing] emails with PSH." PSH is presumably Plaintiff's lead outside counsel, Perry Hughes.

Although Plaintiff argued that the material claimed to be protected as work product was prepared in anticipation of litigation with Beazley (see Suppl. Opp'n at 15, ECF No. 80), no such evidence was put before the Court. Neither Plaintiff's counsel nor Pocrass declared as much in their declarations, nor did Plaintiff submit in connection

MINUTES FORM 11                                                                                Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 20-8008-FLA (JPRx)                              August 2, 2022
MDR Hotels, LLC v. Dow Chem. Co. et al.                       Page 6

---

with this motion any deposition testimony or other evidence to that effect. As far as the Court knows, no litigation with Beazley ever occurred. Thus, any disputes Plaintiff was having with Beazley don't satisfy the "anticipated litigation" requirement for protection. Further, to the extent protection is claimed because the communications allegedly occurred in anticipation of this litigation, Plaintiff again has not pointed to evidence demonstrating that. This lawsuit was filed on July 31, 2020. (See Removal Notice at 1, ECF No. 1.) The two communications occurred in November 2019, three-quarters of a year before. The Court can't speculate that litigation was already anticipated. As such, Plaintiff has not made a prima facie showing that log entries 32 and 33 are protected work product, and they must be disclosed.

For these reasons, all of the documents logged under "Category 4" — involving Lockton and no counsel for Plaintiff — must be produced, and Defendants' motion to compel is GRANTED as to them.

Lockton Documents on Which Plaintiff's Counsel Is Listed

For the same reason as stated above, communications between Plaintiff's outside counsel and his client on which Ahearn or Hensley is copied, or with Ahearn or Hensley alone, are not protected by attorney-client privilege because the dominant purpose of the relationship between Plaintiff and Lockton and/or Ahearn and Hensley was not one of attorney-client but rather attorney-insurance broker or claims adjuster.

Plaintiff's work-product claims for communications involving counsel are not so easily dismissed, however. A few of the work-product claims on the category 3 log — entries 211, 216, 237, 238, 251, 252, 256, and 274 through 277 — concern communications by Plaintiff's outside counsel that occurred after this lawsuit was filed. Nothing about those log entries gives the Court reason to believe that they are not properly the subject of attorney-work-product protection. Indeed, Federal Rule of Civil Procedure 26(b)(3)(A) "provides that a party may not discover documents that are 'prepared in anticipation of litigation or for trial by or for another party or its representative,' including the party's insurer or attorney." Vepo, 2022 WL 2101743, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 20-8008-FLA (JPRx)                                                 August 2, 2022
MDR Hotels, LLC v. Dow Chem. Co. et al.                                    Page 7

---

*4. Hughes's and Pocrass's declarations show that Lockton was partly acting as Plaintiff's representative in negotiating a settlement with Beazley, and several of the communications at issue apparently had as a "key term" Defendants' name. It is reasonable to assume that they would not have been prepared in substantially similar form but for the litigation with Defendants. Accordingly, those entries need not be produced.

For the reasons stated in the category 4 section above, however, Plaintiff has not shown that the entries predating this litigation were prepared in anticipation of any litigation. Accordingly, they must be produced.

## Conclusion

For the foregoing reasons, Plaintiff must produce to Defendants no later than 10 days from the date of this order all of the communications logged in categories 3 and 4 except, as to category 3, log entries 211, 216, 237, 238, 251, 252, 256, and 274 through 277.

cc: Judge Aenlle-Rocha

MINUTES FORM 11                                                                       Initials of Deputy Clerk: bm
CIVIL-GEN