COX, CASTLE & NICHOLSON LLP
Perry S. Hughes (State Bar No. 167784)
Alicia N. Vaz (State Bar No. 215081)
Kevin M. Hannifan (State Bar No. 288135)
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: phughes@coxcastle.com;
avaz@coxcastle.com;
khannifan@coxcastle.com

Attorneys for Plaintiff MDR Hotels, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MDR HOTELS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>MARATHON OIL COMPANY, an Ohio corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No. 2:20-cv-08008-FLA (JPRx)<br><br>Assigned to the Hon. Fernando L. Aenlle-Rocha<br><br>**PLAINTIFF MDR HOTEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  September 9, 2022<br>Time:  1:30 p.m.<br>Place:  Courtroom 6B |

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
LOS ANGELES, CA

081006\15837499v3

PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE
CASE NO. 2:20-CV-08008-FLA (JPRX)

Plaintiff MDR Hotels, LLC ("**MDR**") hereby opposes Defendant Marathon Oil Company's ("**Marathon**") and The Dow Chemical Company's ("**Dow,**" and together with Marathon, "**Defendants**") Motion for Leave to File a Motion for Partial Summary Judgment.

MDR does not dispute the unremarkable propositions of law that Defendants cite in support of their Motion*:* that Federal District Courts "are vested with inherent powers enabling them to manage their cases and courtrooms effectively[,]" *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004), and "are free to grant leave of court to effectively manage litigation[,]" *Halsey v. Croskrey*, 2021 WL 6139660, at *1 (E.D. Wash. Sept. 24, 2021). And MDR agrees that "fostering the just, speedy, and inexpensive resolution of suits" guides a court when considering whether to grant leave to file an additional summary judgment motion. *Cloutier v. Ethicon, Inc.*, 2022 WL 649241, at *1 (C.D. Cal. Feb. 14, 2022) (citation omitted) (Aenlle-Rocha, J.).

But, here, granting leave to file a partial summary judgment on the continuing nuisance and trespass claims arising from the release of gases from the oil well – with Defendants expressly reserving the right to file a second summary judgment motion on the nuisance and trespass claims arising from the soil contamination caused by that *same* oil well following expert discovery – will have the <u>exact opposite effect</u>, and impose unnecessary and avoidable burdens on both the Court and MDR. Multiple summary judgment motions will not result in any efficiencies in this case. As a result, the Court should deny Defendants' request for leave to file a partial summary judgment motion.

This entire matter centers around environmental contamination and immanently dangerous and continuing conditions that resulted from an oil well Defendants drilled and operated in the 1930s, 40s and 50s in Marina Del Rey. More specifically, Defendants' historic operations on the subject property left behind petroleum contamination in soil. MDR contends that such contamination

1  constitutes a trespass and nuisance.  Additionally, Defendants' methods of
2  construction, operation, and abandonment of that same well created conditions that
3  allowed and facilitated the uncontrolled release of methane gas both underground
4  and at the surface, including two extraordinary blowouts in late 2018 and early
5  2019.  Specifically, Defendants' failure to shut off the gas bearing zones within the
6  oil well from drinking water aquifers above, resulted in the degradation of both the
7  aquifers and the natural gas reserves, as well as the release of greenhouse gases into
8  the atmosphere.  The release of gas continued from the time of original construction
9  of the well in 1931 until 2019, when MDR re-abandoned the well and took steps
10 required to abate the uncontrolled gas release that was threatening the safety of its
11 contractors and the general public during construction of a hotel on the subject
12 property with the oversight and ultimate approval of the California Division of Oil,
13 Gas & Geothermal Resources ("**DOGGR**").  MDR incurred millions of dollars in
14 damages to dispose of impacted soil, and to perform the work necessary to abate the
15 uncontrolled release of gas into the aquifers and atmosphere.

16     While MDR is confident that it will prevail on the merits of Defendants'
17 Motion for Partial Summary Judgment whenever it is heard, the merits are not at
18 issue in the present Motion.  *See Capogeannis v. Superior Court*, 12 Cal.  App. 4th
19 668 (1993) (concluding that it was erroneous to grant summary judgment in an
20 action where plaintiff had alleged nuisance and trespass causes of action based on
21 ground contamination caused from continuously leaking fuel tanks that were abated
22 to the standards imposed by the regulatory agency).  Instead, <u>the focus of the
23 present inquiry is whether granting leave to file a partial motion for summary
24 judgment *now*, with a subsequent motion for summary judgment to follow after the
25 close of expert discovery, will foster the just, speedy, and inexpensive resolution of
26 the case.  It decidedly will not.</u>

27     First, Defendants' own characterization of the central issue in their proposed
28 partial motion for summary judgment discloses and reveals that the claims related

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\15837499v3 - 3 - PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE
CASE NO. 2:20-CV-08008-FLA (JPRX)

to the oil well gas leaks cannot be disposed of prior to expert discovery. The mechanics of drilling, operating, and abandoning an oil well are matters that are sufficiently outside the experience and understanding of the average person and the parties themselves (excluding, perhaps, Marathon Oil), to require expert testimony. The same is true of the geological and hydrological conditions that are integrally related to well construction, operation, and abandonment. More succinctly, expert testimony will be required to understand why and how there was an uncontrolled release of methane, and where the release occurred (beneath the surface and at the surface). These are not issues that can be resolved by reference to "undisputed" facts but in fact mandate expert testimony. *See McCoy v. Gustafson*, 180 Cal. App. 4th 56, 96-101 (2009) (discussing how expert witness testimony is often required to prove that abatement can be achieved at a reasonable cost by reasonable means).

Similarly, Defendants' Motion for Leave defines the central issue – whether the conditions about which MDR complains constitute a continuing or permanent issue – as whether the conditions can be "abated at a reasonable cost or by reasonable means." (Motion at 3:10-11.) Again, understanding what "reasonable means" could be used to abate the conditions and the costs associated with that abatement require the testimony of experts. Aside from the method MDR was instructed to use by DOGGR, the "undisputed" facts do not disclose how a gas leak can be remedied, nor how much that work reasonably costs. The existence of two "reasonableness" elements at the very heart of Defendants' proposed motion strongly suggests that attempting to bring the motion prior to expert discovery is an exercise in futility.

Second, given the overlap in the issues between the claims and contrary to Defendants' assertion, granting leave to file a partial summary judgment motion on the methane gas leaks now will not result in any reduction to the expert costs that will be incurred by the parties. Indeed, expert analysis and testimony on the same issues discussed above will be required in connection with the soil contamination

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

081006\15837499v3

- 4 -

PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE
CASE NO. 2:20-CV-08008-FLA (JPRX)

1  claims. And in any event, as a practical matter, if expert testimony cannot change
2  the undisputed facts as to the oil well gas leaks as Defendants' contend, and
3  Defendants intend to move for summary judgment as to soil contamination claims
4  after expert discovery as it appears they will do, then there simply is no benefit to
5  bifurcating the issues into separate summary judgment motions and having the
6  issues heard and decided separately.

7       Third, granting Defendants leave to file a partial motion for summary
8  judgment now will not promote efficiency, nor will it foster the just, speedy, and
9  inexpensive resolution of this case. By Defendants' own admission, any summary
10  judgment motion filed now will not result in the removal of any of the remaining
11  causes of action. Instead, granting leave now will only lead to a proliferation of
12  motions which will undoubtedly be timed when convenient or strategically
13  advantageous for Defendants. It also will unnecessarily increase the amount of
14  time the Court must devote to considering voluminous motions, and it will impose
15  undue burdens in the form of time and cost on MDR.

16       If Defendants choose to pursue summary judgment, and it is clear that they
17  will, then going through the exercise once is enough, particularly given that the
18  claims related to both the continuous gas leaks and the soil contamination will
19  require largely overlapping expert testimony. For these reasons, Plaintiff MDR
20  respectfully requests that the Court deny Defendants' Motion for Leave to File
21  Motion for Partial Summary Judgment.

22  DATED: August 19, 2022     COX, CASTLE & NICHOLSON LLP

By: _____
Perry S. Hughes
Alicia N. Vaz
Kevin M. Hannifan
Attorneys for Plaintiff
MDR Hotels, LLC

PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, Suite 2100, Los Angeles, California 90067-3284.

☐ (FOR MESSENGER) My business address is _______.

On August 19, 2022, I served the foregoing document(s) described as **PLAINTIFF MDR HOTEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT in this action by placing ¨ th**e original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

***Please see attached Service List.***

On the above date:

☐ (BY ☐ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On February 22, 2021, at _____ a.m./p.m. at Los Angeles, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) - On August 19, 2022 at Los Angeles, California, I served the above-referenced document by electronic mail to the e-mail address of the addressee(s) pursuant to Rule 2.251 of the California Rules of Court. The transmission was complete and without error and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2022, at Los Angeles, California.

[signature]

Negar Nourmohamadi

Service List

Peter Hasio, Esq.
Michael R. Leslie, Esq.
King & Spalding LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA  90071
Phone:  213-443-4355 / Fax:  213-433-4310
Email:  Mleslie@kslaw.com
         phsiao@kslaw.com
*Attorneys for The Dow Chemical Company*


Joel Blanchet (*Pro Hac Vice*)
Christopher Barraza (*Pro Hac Vice*)
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, NY  14203
Phone:  716-847-7050 / Fax:  716-852-6100
Email:  jblanchet@phillipslytle.com
         cbarraza@phillipslytle.com
*Attorneys for The Dow Chemical Company*


Mary Rose Alexander, Esq.
Thomas J. Heiden (*Pro Hac Vice Forthcoming*)
Latham & Watkins LLP
330 North Wabash Avenue., Suite 2800
Chicago, IL  60611
Phone:  312-876-7700 / Fax:  312-993-9797
*Attorneys for Marathon Oil Company*


Shannon D. Lankenau, Esq.
505 Montgomery St., Suite 2000
San Francisco, CA  94111
Phone:  415-391-0600 / Fax:  415-395-8095
Email:  Shannon.lankenau@lw.com
*Attorneys for Marathon Oil Company*


Michael A. Hale, Esq.
355 South Grand Ave., Suite 100
Los Angeles, CA  90071
Phone:  213-485-1234 / Fax:  213-891-8763
*Attorneys for Marathon Oil Company*

081006\12286968v1