1  Patrick J. Foley (Bar No. 180391)
   *Patrick.Foley@lewisbrisbois.com*
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
3  633 West Fifth Street
   Suite 4000
4  Los Angeles, CA 90071
   Telephone:   (213) 580-7914
5  Facsimile:   (213) 250-7900

6  Joel Blanchet (*Pro Hac Vice*)
   *jblanchet@phillipslytle.com*
7  Tristan D. Hujer (*Pro Hac Vice*)
   *thujer@phillipslytle.com*
8  Myles K. Bartley (*Pro Hac Vice*)
   *mbartley@phillipslytle.com*
9  **PHILLIPS LYTLE LLP**
   One Canalside
10 125 Main Street
   Buffalo, NY 14203-288
11 Telephone:   (716) 847-7050
   Facsimile:   (716) 852-6100
12
   *Attorneys for Defendant The Dow Chemical*
13 *Company*

14 [Additional Counsel Listed on Next Page]

15         **UNITED STATES DISTRICT COURT**

16   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

17 MDR HOTELS, LLC,                    CASE NO. 2:20-cv-08008-FLA (JPRx)

18                      Plaintiff,     **DEFENDANTS' OBJECTIONS TO**
                                       **EVIDENCE OFFERED IN SUPPORT**
19     vs.                             **OF PLAINTIFF'S OPPOSITION TO**
                                       **DEFENDANTS' MOTION FOR**
20 MARATHON OIL COMPANY;               **SUMMARY JUDGMENT**
   THE DOW CHEMICAL
21 COMPANY; and DOES 1 through         Trial Date: TBD
   10, inclusive                       Judge: Hon. Fernando L. Aenlle-Rocha
22
                      Defendants.      Hearing
23                                     Date: April 14, 2023
                                       Time: 1:30 p.m.
24                                     Location:  Courtroom 6B

25

26

27

28

LATHAM&WATKINS LLP

1   LATHAM & WATKINS LLP
    Mary Rose Alexander (Bar No. 143899)
2   *mary.rose.alexander@lw.com*
    330 North Wabash Avenue, Suite 2800
3   Chicago, IL 60611
    Tel:  312.876.7700
4   Fax:  312.993.9767

5   Shannon D. Lankenau (Bar No. 294263)
    *shannon.lankenau@lw.com*
6   505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
7   Tel:  415.391.0600
    Fax:  415.395.8095
8
    Michael A. Hale (Bar No. 319056)
9   *michael.hale@lw.com*
    355 South Grand Avenue, Suite 100
10  Los Angeles, CA 90071
    Tel:  213.485.1234
11  Fax:  213.891.8763

12  *Attorneys for Defendant Marathon Oil Company*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Marathon Oil Company and The Dow Chemical Company ("Defendants") submit the following Objections to Evidence Offered in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

| **Plaintiff's Statement of Additional Genuine Disputes** | **Evidentiary Objections** |
|---|---|
| 1.      The oil rush began in Los Angeles, in an area that would later become Marina del Rey in 1929, when Marathon struck oil in a well in December 1929<br><br>     Declaration of Perry S. Hughes ("Hughes Decl."), Ex. 8 ("The Discovery of Oil"), at 1. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Exhibit 8, which is an article regarding the discovery of oil at the beginning of the Great Depression, is not relevant to Defendants' Motion.  Fed. R. Evid. 401 ("Irrelevant evidence is not admissible.").<br><br>**Lack of Foundation/Personal Information/Authentication, Fed. R. Evid. 602, 901:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Exhibit 8 is purports to be an article written by a Jeffrey Stanton.  However, because MDR did not submit any declarations from anyone with direct knowledge of Exhibit 8 in connection with its opposition and no foundation for or authentication of this document has been provided, the document is inadmissible.  Fed. R. Evid. 901.<br><br>**Hearsay, Fed. R. Evid. 802:** MDR offers Exhibit 8, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; |

| | | |
|---|---|---|
| | | *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | | **Misstates Evidence:** The document MDR cites does not use the phrase "oil rush" and does not reference Marina del Rey.  *See* Hughes Decl., Ex. 8. |
| 2. | In less than a year, over fifty (50) wells were drilled in the area, and the oil field known as the Playa del Rey field was quickly the 6th most productive field in the state.<br><br>Hughes Decl., Ex. 8, at 1. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Exhibit 8, which is an article regarding the discovery of oil at the beginning of the Great Depression, is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | | **Hearsay, Fed. R. Evid. 802:** MDR offers Exhibit 8, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | | **Misstates Evidence:** The document MDR cites does not state that "over fifty (50) wells" were drilled in the area in less than a year and does not state that the Playa del Rey field was the 6th most productive field in the state.  *See* Hughes Decl., Ex. 8.  It instead states that "nearly 50 wells were in operation" and does not specify in what category "the oil field was ranked 6th in the state." *Id.* |
| | | **Lack of Foundation/Personal Information/Authentication, Fed. R.** |

| | | |
|---|---|---|
| 1 | | **Evid. 602, 901:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Exhibit 8 is purports to be an article written by a Jeffrey Stanton. However, because MDR did not submit any declarations from anyone with direct knowledge of Exhibit 8 in connection with its opposition and no foundation for or authentication of this document has been provided, the document is inadmissible. Fed. R. Evid. 901. |
| 9 | 3. Historians report that the previously fashionable and promising residential area was now "noisy, smelly, ugly and dangerous." Hughes Decl., Ex. 8, at 1. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Exhibit 8, which is an article regarding the discovery of oil at the beginning of the Great Depression, is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). **Hearsay, Fed. R. Evid. 802:** MDR offers Exhibit 8, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). **Misstates Evidence:** MDR cites to only Exhibit 8, which is written by one individual, and thus provides no basis for stating "[h]istorians" in the plural. *See* Hughes Decl., Ex. 8. **Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger |

| | | |
|---|---|---|
| | | of unfair prejudice, and the evidence is therefore inadmissible. *See* Fed. R. Evid. 403.<br><br>**Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes from the article without offering other portions of the article that bear on this topic.<br><br>**Lack of Foundation/Personal Information/Authentication, Fed. R. Evid. 602, 901:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Exhibit 8 is purports to be an article written by a Jeffrey Stanton. However, because MDR did not submit any declarations from anyone with direct knowledge of Exhibit 8 in connection with its opposition and no foundation for or authentication of this document has been provided, the document is inadmissible. Fed. R. Evid. 901. |
| 4. | Historians record that in the 1930s "oil waste was constantly being dumped into the canal and lagoon" and at least one explosion was known to have destroyed a well.<br><br>Hughes Decl., Ex. 8, at 1. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Exhibit 8, which is an article regarding the discovery of oil at the beginning of the Great Depression, is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay, Fed. R. Evid. 802:** MDR offers Exhibit 8, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a |

4

| | | |
|---|---|---|
| | | summary judgment motion). |
| | | **Misstates Evidence:** MDR cites to only Exhibit 8, which is written by one individual, and thus provides no basis for stating "[h]istorians" in the plural. *See* Hughes Decl., Ex. 8.  The article does not state that at least one explosion was known to have destroyed a well, but instead states that an explosion destroyed one oil *rig*.  *Id.* |
| | | **Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible.  *See* Fed. R. Evid. 403. |
| | | **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes from the article without offering other portions of the article that bear on this topic. |
| | | **Lack of Foundation/Personal Information/Authentication, Fed. R. Evid. 602, 901:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Exhibit 8 is purports to be an article written by a Jeffrey Stanton.  However, because MDR did not submit any declarations from anyone with direct knowledge of Exhibit 8 in connection with its opposition and no foundation for or authentication of this document has been provided, the document is inadmissible.  Fed. R. Evid. 901. |
| 5. | In 1930 Marathon accepted the assignment of a thirteen-year "oil and gas lease" dated February 5, 1929, between a landowner, the Recreation Gun Club ("RGC") and an unrelated party, A.A. Cutice.<br><br>Declaration of Tristan Hujer ("Hujer Decl."), Ex. 2 | **None.** |
| 6. | A copy of the actual "Oil and Gas Lease" assigned to Marathon has not been located.<br><br>Hughes Decl., Ex. 2 (Belew Trans.) at 30:23-25; Ex. 12 (Welch Trans.) | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether a copy of |

| | |
|---|---|
| at 148:5-12. | the original "Oil and Gas Lease" assigned to Marathon has been located is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 7.   When deposed on the subject of Marthon's interest in the subject property, Marathon's Rule 30(b)(6) witnesses had no knowledge of the lease and Marathon's rights under the lease, and had never seen the recorded documents.<br><br>Hughes Decl., Ex. 2 (Belew Trans.) at 29:1-30:25; Ex. 12 (Welch Trans.) at 148:5-12. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether Marathon's Rule 30(b)(6) witnesses have seen or have knowledge of the original lease and rights under it is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 8.   On February 19, 1931, Marathon filed a notice of intent to drill an oil well—now known as the "Dow RGC 10" well—on the real property located at 4360 Via Marina in Marina del Rey, California (the "Property"), and began the installation of the oil well on March 17, 1931.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083211 | **Misstates Evidence:** The cited evidence, Hujer Decl., Ex. 3 at MDR0083211, which is dated February 19, 1931, does not state that drilling began on March 17, 1931. |
| 9.   Beginning at 2,200 ft. below ground surface ("bgs"), Marathon took core samples of the soil in the hole being drilled for the oil well.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083202-07 | **None.** |
| 10.  The initial samples taken at 2,200 ft. bgs showed the presence of natural gas.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083205 | **None.** |
| 11.  Well records further indicate that core samples from 2,200 to 3,082 ft. bgs showed obvious signs of natural gas, including gas bubbles, ignitability, and pressure.<br><br>Hujer Decl., Ex. 3 (Well Records) at | **Misstates Evidence:** Hujer Decl., Ex. 3 at MDR0083202-03 only indicates that at certain intervals within 2,200 to 3,082 ft. bgs were there "signs of natural gas, including gas bubbles, ignitability, and pressure."  Hujer Decl., Ex. 3 at MDR 0083202-03.  The |

| | |
|---|---|
| MDR0083205-06; Hughes Decl., Ex. 1 (Arthur Trans.) at 198:14-18. | cited portion of Mr. Arthur's testimony includes only agreement to the statement that gas shows were generally identified from 2,200 feet to 3,082 feet.  Hughes Decl., Ex. 1 at 198:14-18. |
| 12.  Oil was first identified in sand beginning 3,331 ft. bgs, and extended down to 3,906 ft. bgs.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083202-03 | **Misstates Evidence:** Hujer Decl., Ex. 3 at MDR0083202-03 only indicates that oil was identified at certain intervals within the range 3,331 ft. bgs and 3,906 ft. bgs.  Hujer Decl., Ex. 3 at MDR 0083202-03. |
| 13.  By the time Marathon drilled Dow RGC 10 it was familiar with the potential for high pressure gas zones in the area.<br><br>Hughes Decl., Ex. 13 (Summary of Operations, California Oil Fields) at 6 & 13; Declaration of Jeff Jordan ("Jordan Decl."), Ex. 1 (Expert Report), at 18-24 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether Marathon was familiar with "high pressure gas zones" is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").  In addition, the cited portions of Exhibit 13 are not relevant to whether *Marathon* (as opposed to DOGGR) was aware of high pressure gas zones.<br><br>**Lack of Authentication, Fed. R. Evid. 901:** Hughes Decl., Exhibit 13 purports to be a "Summary of Operations, California Oil Fields," issued by the Department of Natural Resources in 1931.  However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that "Summary," no authentication of the document has been provided, and the document is inadmissible.  Fed R. Evid. 901.<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; |

| | |
|---|---|
| | *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 14.  According to CalGEM records, when Marathon installed the first of the RGC wells, RGC 1, in 1929, the well produced 1,500,000 cubic feet of gas per day.<br><br>Hughes Decl., Ex. 13 (Summary of Operations, California Oil Fields) at 6 & 13; Jordan Decl., Ex. 1 (Expert Report), at 18-24 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The production amount of "RGC 1" in 1929 is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Lack of Authentication, Fed. R. Evid. 901:** Hughes Decl., Exhibit 13 purports to be a "Summary of Operations, California Oil Fields," issued by the Department of Natural Resources in 1931.  However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that "Summary," no authentication of the document has been provided, and the document is inadmissible.  Fed R. Evid. 901.<br><br>**Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible.  *See* Fed. R. Evid. 403.<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |

| | |
|---|---|
| 15. Blow outs and explosions were a common occurrence at the time Marathon drilled the Dow RGC 10 well.<br><br>Hughes Decl., Ex. 13 (Summary of Operations, California Oil Fields) at 6 & 13; Jordan Decl., Ex. 1 (Expert Report), at 18-24, and 126. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether blowouts and explosions were "common" at the time Marathon drilled the Well is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible. *See* Fed. R. Evid. 403.<br><br>**Lack of Authentication, Fed. R. Evid. 901:** Hughes Decl., Exhibit 13 purports to be a "Summary of Operations, California Oil Fields," issued by the Department of Natural Resources in 1931.  However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that "Summary," no authentication of the document has been provided, and the document is inadmissible.  Fed R. Evid. 901.<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 16. Marathon had experienced at least one blowout on its adjacent well, RGC 8, just three months before. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to |

9

| | |
|---|---|
| Jordan Decl., Ex. 1 (Expert Report), at 23-24 | make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether MDR had experienced a blowout on another well is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible. *See* Fed. R. Evid. 403. |
| | **Best Evidence, Fed. R. Evid. 1002:** The report of Jeff Jordan is not the best evidence for MDR's purportedly undisputed fact. The alleged well records that Mr. Jordan purportedly reviewed are the best evidence of the purportedly undisputed fact. |
| | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 17. At least six wells within 650 feet of Dow RGC 10 experience blowouts in the six months prior to Marathon drilling the well.<br><br>Jordan Decl., Ex. 1 (Expert Report), at 23-24, and 126. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether other wells located within 650 feet blew out is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is |

| | |
|---|---|
| | therefore inadmissible. *See* Fed. R. Evid. 403. |
| | **Best Evidence, Fed. R. Evid. 1002:** The report of Jeff Jordan is not the best evidence for MDR's purportedly undisputed fact. The alleged well records that Mr. Jordan purportedly reviewed are the best evidence of the purportedly undisputed fact. |
| | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 18.  Just months before Marathon installed the well, the International Petroleum Well #2, located immediately adjacent to DOW RGC 10, blew out for four days, catching fire and damaging the rig.<br><br>Hughes Decl., Ex. 15 (Portion of Well File for the International Petroleum Well #2) at 1. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether International Petroleum Well #2 blew out is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible. *See* Fed. R. Evid. 403. |
| | **Lack of Foundation/Personal Information/Authentication, Fed. R. Evid. 602, 901:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Exhibit 15 is the well file for another well, the International |

| | |
|---|---|
| | Petroleum Well #2.  However, because MDR did not submit any declarations from anyone with direct knowledge of Exhibit 8 in connection with its opposition and no foundation for or authentication of this document has been provided, the document is inadmissible.  Fed. R. Evid. 901. |
| 19.  The blowout happened just two days after CalGEM conducted a "thorough investigation" of the blow out prevention equipment and found it to be "satisfactory."<br><br>Hughes Decl., Ex. 15 (Portion of Well File for the International Petroleum Well #2) at 3. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether International Petroleum Well #2 blew out and whether CalGEM had conducted an investigation of International Petroleum Corporation's blow-out prevention equipment is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible.  *See* Fed. R. Evid. 403.<br><br>**Rule of Completeness, Fed. R. Evid. 106:**  MDR selectively quotes Exhibit 15 without offering other portions of Exhibit 15 that bear on the topic.<br><br>**Lack of Foundation/Personal Information/Authentication, Fed. R. Evid. 602, 901:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Exhibit 15 is the well file for another well, the International Petroleum Well #2.  However, because MDR did not submit any declarations from anyone with direct knowledge of Exhibit 8 in connection with its opposition and no foundation for or authentication of this document has been provided, the document is inadmissible.  Fed. R. Evid. 901. |
| 20.  In 1931, in a "Summary of Operations in the California Oil Fields," CalGEM identified the | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to |

| | |
|---|---|
| presence of "high pressure gas" in the Play del Rey oil field, specifically between 2500 and 3000 ft. bgs.<br><br>Hughes Decl., Ex. 13 (Summary of Operations, California Oil Fields) at 13 | make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether CalGEM identified the presence of "high pressure gas" in the Playa Del Rey oil field is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes from Exhibit 13 without offering other portions of Exhibit 13 that bear on this topic.<br><br>**Lack of Authentication, Fed. R. Evid. 901:** Hughes Decl., Exhibit 13 purports to be a "Summary of Operations, California Oil Fields," issued by the Department of Natural Resources in 1931.  However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that "Summary," no authentication of the document has been provided, and the document is inadmissible.  Fed R. Evid. 901. |
| 21.  In 1951, Marathon performed an analysis of the potential gas reserved in the RGC wells, and concluded that a potential "1 billion cubic feet or better" of natural gas may exist at "about 2000 level" that could offer a "rapid payout" to Marathon.<br><br>Hughes Decl., Ex. 14 (Review of Recreation Gun Club Lease) at 5 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  An analysis of the potential gas reserved in the RGC wells in general is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Prejudicial, Fed. R. Evid. 403:** The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, and the evidence is therefore inadmissible.  *See* Fed. R. Evid. 403.<br><br>**Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes from the Review of Recreation Gun Club Lease without offering other portions of the document that bear on this topic. |

| | |
|---|---|
| 22.  An oil well basically consists of a deep hole with a metal casing (pipe) running down the middle.<br><br>Jordan Decl., Ex. 1 (Expert Report), at 130-133. | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 23.  The space between the casing and the soil is called the "annulus" space. In this well, the main casing was an 11 ¾ inch casing, surrounded by an annulus spacing of approximately three (3) inches.<br><br>Hughes Decl., Ex. 12 (Welch Trans.) at 97:5-10; Hujer Decl., Ex. 3 (Well Records) at MDR0083208. | **None.** |
| 24.  The annulus space is typically sealed at the bottom and at sensitive layers (oil, gas and water) with cement.<br><br>Jordan Decl., Ex. 1 (Expert Report), at 130-133. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether the annulus space is "typically" sealed at the bottom and at sensitive layers is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad.,* |

OBJECTIONS TO PL.'S EVIDENCE OFFERED ISO
OPP. TO DEFS.' MOT. FOR SUMMARY JUDGMENT
CASE NO. 2:20-cv-08008-FLA (JPRx)

| | |
|---|---|
| | *Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 25.  Marathon constructed the RGC 10 well with cement running up the annulus space from the bottom (3,906 ft. bgs), up the side to 2,686 ft. bgs.<br><br>Hughes Decl., Ex. 12 (Welch Trans.) at 42:7-14; Jordan Decl., Ex. 1 (Expert Report), at 26. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether Marathon constructed the Well with cement running up the annulus space from the bottom up the side is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Best Evidence, Fed. R. Evid. 1002:** Michael Welch's deposition testimony and Jeff Jordan's expert report are not the best evidence for MDR's purportedly undisputed fact.  The well records are the best evidence of the purportedly undisputed fact.<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 26.  Notably, the cement in the annulus space did not extend to 2,200 ft bgs where gas was found during drilling.<br><br>Hughes Decl., Ex. 12 (Welch Trans.) at 42:7-14; Jordan Decl., Ex. 1 (Expert Report), at 26.; Ex. 2 (Rebuttal Report), 8-11 and 23-26. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether the cement in the annulus space did not extend to 2,200 ft bgs where gas was found during drilling is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |

OBJECTIONS TO PL.'S EVIDENCE OFFERED ISO OPP. TO DEFS.' MOT. FOR SUMMARY JUDGMENT CASE NO. 2:20-cv-08008-FLA (JPRx)

| | |
|---|---|
| | **Best Evidence, Fed. R. Evid. 1002:** Michael Welch's deposition testimony and Jeff Jordan's expert report are not the best evidence for MDR's purportedly undisputed fact.  The well records are the best evidence of the purportedly undisputed fact. |
| | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 27.  From a geologic perspective, natural gas is a critical element to the production of crude oil.   Hughes Decl., Ex. 6 (Dudak Trans.) at 238:23-239:1 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether natural gas is a critical element to the production of crude oil is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").   **Misstates Evidence:** In the cited testimony, Dan Dudak did not state that natural gas was a "critical element" and did not mention "the production of crude oil."  Hughes Decl., Ex. 6 at 238:23-239:1. |
| 28.  Natural gas applies pressure to the oil, causing it to be produced from the oil well.   Hughes Decl., Ex. 6 (Dudak Trans.) at 238:23-239:1 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether natural gas applies pressure to oil and causes it to be produced from an oil well is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is |

| | |
|---|---|
| | not admissible."). |
| | **Misstates Evidence:** In the cited testimony, Dan Dudak did not state that natural gas caused oil "to be produced" from the oil well.  Hughes Decl., Ex. 6 at 238:23-239:1.  He agreed that natural gas "puts pressure on the oil reserve to come up through the well" and indicated that "[i]t provides a driver for the oil."  *Id.* |
| 29.  As early as 1915, California laws required oil wells to be constructed with sufficient metal casing and to shut off water from entering oil- and gas-bearing zones.<br><br>Hughes Decl., Ex. 18 (Section 15 of Chapter 748 of the Statutes of California) | **Irrelevant, Fed. R. Evid. 401, 402**:  To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Section 15 of Chapter 748 of the Statutes of California is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Misstates Evidence:**  MDR purports to summarize the contents of Exhibit 18 and in so doing misstates the contents of the document and what it purports to state.  Section 15 of Chapter 748 of the Statutes of California states the oil wells must use "metal casing, in accordance with methods approved by the supervisor."  Hughes Decl., Ex. 18. |
| | **Best Evidence, Fed. R. Evid. 1002:**  MDR offers its own summary of Section 15 of Chapter 748 of the Statutes of California, which is not the best evidence.  The actual language of Section 15 of Chapter 748 of the Statutes of California is the best evidence, not MDR's representation of its contents. |
| 30.  In 1939, California renewed its statutes regarding oil wells, and enacted numerous sections in the Public Resources Code designed to continue the then-existing requirements related to the construction, operation, and abandonment of oil wells.<br><br>Hughes Decl., Ex. 19 (1939 Public Resources Code Sections 3219, 3220, 3228 and) | **Irrelevant, Fed. R. Evid. 401, 402**:  To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  The cited sections of the Public Resources Code are not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Best Evidence, Fed. R. Evid. 1002:**  MDR offers its own summary of various sections of the 1939 Public |

| | |
|---|---|
| | Resources Code and purports to describe their intent. The actual language of these sections is the best evidence of their content, not MDR's representations thereof. |
| 31.  Since their enactment in 1939, Sections 3219, 3220, and 3300 have undergone only minor grammatical changes, but the intent remains the same: operators of oil wells are required isolate water layers from oil and gas-bearing strata.<br><br>Hughes Decl., Ex. 19 (1939 Public Resources Code Sections 3219, 3220, 3228 and) | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The cited sections of the Public Resources Code are not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Best Evidence, Fed. R. Evid. 1002**: MDR offers its own summary of California Public Resources Code Sections 3219, 3220, and 3300, which is not the best evidence.  The full California Public Resources Code Sections 3219, 3220, and 3300 are the best evidence, not MDR's representation thereof.<br><br>**Misstates Evidence:** Contrary to MDR's false assertion, none of the referenced sections (Sections 3219, 3220, and 3330) contain the word "isolate." |
| 32.  As of 1939, Public Resource Code section 3220 required operators of wells "presumed to contain oil or gas" to "shut off all water overlying and underlying oil-bearing or gas bearing strata and prevent any water from penetrating such strata."<br><br>Hughes Decl., Ex. 19 (1939 Public Resources Code Section 3220) | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The cited section of the Public Resources Code is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes Public Code section 3220 without offering other portions of Public Resource Code section 3220 that bear on this topic. |
| 33.  As of 1939, Public Resource Code section 3220 required operators of wells "presumed to contain oil or gas" to "to use every effort and endeavor to shut out detrimental substance from strata contain | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The cited section of the Public Resources Code is not relevant to |

OBJECTIONS TO PL.'S EVIDENCE OFFERED ISO OPP. TO DEFS.' MOT. FOR SUMMARY JUDGMENT CASE NO. 2:20-cv-08008-FLA (JPRx)

| | |
|---|---|
| water suitable for irrigation or domestic purposes." <br><br> Hughes Decl., Ex. 19 (1939 Public Resources Code Section 3220) | Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes Public Code section 3220 without offering other portions of Public Resource Code section 3220 that bear on this topic. |
| 34.  As of 1939, Public Resource Code section 3228 required operators of wells "shut off and exclude all water from entering oil- bearing or gas-bearing strata encountered in the well" before abandoning the well. <br><br> Hughes Decl., Ex. 19 (1939 Public Resources Code Section 3228) | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The cited section of the Public Resources Code is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes Public Code section 3228 without offering other portions of Public Resource Code section 3228 that bear on this topic. |
| 35.  As of 1939, Public Resource Code section 3228 required operators of wells "to protect any underground or surface water suitable for irrigation or domestic purposes from infiltration or addition of any detrimental substances." <br><br> Hughes Decl., Ex. 19 (1939 Public Resources Code Section 3228) | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The cited section of the Public Resources Code is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes Public Code section 3228 without offering other portions of Public Resources Code section 3228 that bear on this topic. |
| 36.  Water flowing into oil and gas zones will compromise those natural resources. <br><br> Hughes Decl., Ex. 6 (Dudak Trans.) at 238:23-239:1 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether water flowing into oil and gas zones will "compromise those natural resources" is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Misstates Evidence:**  The cited |

| | |
|---|---|
| | evidence does not support the proposition MDR cites it for.  In the cited testimony, Daniel Dudak did not testify that "[w]ater flowing into oil and gas zones will compromise those natural resources."  He instead agreed that "the import of natural gas is that it puts pressure on the oil reserve to come up through the well" and stated that "[i]t provides a driver for the oil."  Hughes Decl., Ex. 6 at 238:23-239:1. |
| 37.  Additionally, oil and gas flowing into water zones are detrimental to water resources.<br><br>Hughes Decl., Ex. 11 (Phillips Trans.) at 319:2-15 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether oil and gas flowing into water zones are "detrimental to water resources" is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Misstates Evidence:** The cited evidence does not stand for the proposition MDR cites it for.  In the cited testimony, Christopher Phillips testified regarding his interpretation of what counts as a "detrimental substance" in the context of Public Resources Code Section 3220.  Hughes Decl., Ex. 11 at 319:2-15.  He did not state that "oil and gas flowing into water resources are detrimental to water resources."  *Id.* |
| 38.  After a decade of use for oil production, on July 10, 1941, Marathon sold the oil well to Dow.<br><br>Hujer Decl., Ex. 8 | **Misstates Evidence:**  The evidence cited (Exhibit 8) does not specifically reference the Well, does not reference a sale of the Well, and does not state that Marathon had used the Well for oil production for a decade. |
| 39.  Dow entered an Oil and Gas Lease with Recreational Gun Club on July 15, 1914 ("Dow Oil & Gas Lease").<br><br>Hujer Decl., Ex. 7 (Dow Oil & Gas Lease) | **None.** |
| 40.  The Dow Oil & Gas Lease specifically requires Dow to "carry on all operations on the [Property] in a careful and workmanlike | **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes from the lease without offering other portions of the lease that bear on this topic. |

| | |
|---|---|
| manner and in accordance with the laws of the State of California." <br><br> Hujer Decl., Ex. 7, ¶3 | |
| 41. The Dow Oil & Gas Lease specifically requires Dow to "remove all structures and foreign matter and shall leave the premises in substantially the same condition as existed on the 5th day of February 1929. <br><br> Hujer Decl., Ex. 7, ¶8 | **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes from the lease without offering other portions of the lease that bear on this topic. |
| 42. Before transferring the well to Dow, Marathon filled the perforated oil production pipe, below 3,400 ft. bgs with cement. However, it took no action to isolate or shut off the gas layer at 2,200 ft. <br><br> Hujer Decl., Ex. 3 (Well Records) at MDR0083195 | **Misstates Evidence:**  The evidence cited (Hujer Decl., Ex. 3 at MDR0083195) does not state what actions Marathon did *not* take, and does not use the word "isolate." |
| 43. At the time Marathon transferred the well to Dow there was no structure or barrier existed in the well to keep gas from traveling up the annulus to the surface. <br><br> Hujer Decl., Ex. 3 (Well Records) at MDR0083186-201; Jordan Decl., Ex. 1, 30-35; Ex. 2 (Rebuttal Report), 8-11 and 23- 26; Declaration of Michael Giuliani ("Giuliani Decl.) Ex. 4.; Hughes Decl. Ex. 6 (Dudak Trans.) at 239:14-243:3 and Ex. 12 (Welch Trans.) at 89:25-112:14 | **Misstates Evidence:** In the cited portion of Daniel Dudak's testimony, he actually stated that drilling mud likely served as a barrier keeping gas from traveling up the annulus to the surface.  Hughes Decl., Ex. 6 at 241:10-18.  Mr. Dudak did not otherwise testify in the cited testimony that there was no structure or barrier keeping gas from traveling up the annulus to the surface. *Id.* at 239:14-243:3.  In the cited portion of Michael Welch's testimony, he did not testify that there was no structure or barrier that existed in the well to keep gas from traveling up the annulus to the surface at the time Marathon transferred the Well to Dow.  Hughes Decl., Ex. 12 at 89:25-112:14. <br><br> **Failure to Submit Declaration and Exhibit Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute.  In addition, to the extent |

| | |
|---|---|
| | MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so.

**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 44.  Well records indicate that in 1956, the well blew out with gas coming from a depth of 1,800 ft. bgs, and that was escaping from the space <u>outside</u> the 11 ¾ inch casing.

Hujer Decl., Ex. 3 (Well Records) at MDR0083186-89 | **Misstates Evidence:**  MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents of the document and what it purports to memorialize.  The document states that gas was coming from "behind" the 11 ¾ inch casing, not from "outside" of it. |
| 45.  On April 14, 1941, Dow performed a test to confirm that the 11¾ casing was watertight and that water from outside the casing was not getting into the interior of casing. | **None.** |

| | |
|---|---|
| Hujer Decl., Ex. 3 (Well Records) at MDR0083192 | |
| 46. After confirming that the casing was watertight, on April 16, 1941, Dow began a long series of actions to perforate the 11 ¾ casing to allow saltwater to enter the casing<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083193-94 | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents of the document and what it purports to memorialize. The document only reflects actions occurring on three separate days. Hujer Decl. Ex. 3 at MDR0083193-94. |
| 47. Between April 16 and October 11, 1941, Dow cut at least 657 perforations in the casing, ranging from 3,341 to 3,076 ft. bgs, in order to filter saltwater for the production of iodine.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083193-94 | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents of the document and what it purports to memorialize. Exhibit 3 does not state that perforations were made to "filter saltwater." Hujer Decl. Ex. 3 at MDR0083193-94. |
| 48. These perforations ranged from the known oil-bearing zone at 3,300 ft bgs and the gas-bearing zone that ranged down to 3,086.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083193-94; Hughes Decl., Ex. 1 (Arthur Trans.) at 198:14-18 | **Misstates Evidence:** MDR purports to rely on the cited testimony of Dan Arthur for the proposition that the gas-bearing zone "ranged down to 3,086," but Mr. Arthur testified in the cited testimony only that gas shows were "identified" from 2,200 to 3,082 feet. Hughes Decl., Ex. 1 at 198:14-18. |
| 49. In 1956, Dow submitted a Notice of Intention to Abandon Well to CalGEM.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083193-94 | **None.** |
| 50. As part of the Notice, Dow was required to describe the current condition of the well.<br><br>Jordan Decl., Ex. 1 (Expert Report), at 37-39, and 56. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether Dow was required to describe the current condition of the well in the Notice of Intention to Abandon Well is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other |

| | | |
|---|---|---|
| 1 | | than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 51. | In that description, Dow only identified the original perforations in the 6 ⅝ inch production liner (3,423-3,903 ft. bgs) that Marathon had plugged with cement, but failed to identify the 657 perforations performed by Dow on the 11 ¾ inch casing.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083187-90; Jordan Decl., Ex. 1 (Expert Report), at 37-39, and 56. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Dow's description in the Notice of Intention to Abandon Well is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Misstates Evidence:** MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents of the document and what it purports to memorialize. Exhibit 3 states "3,424," not "3,423." Hujer Decl., Ex. 3 at MDR0083187-90.<br><br>**Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 52. | Dow indicated that the 11¾ inch casing was "W.S.O." – or watertight.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083191 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether Dow |

| | |
|---|---|
| | indicated that the 11 ¾ inch casing was "W.S.O" or watertight is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 53.  At the time of abandonment the casing had been perforated over 657 times and used for the production of saltwater.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083193-94 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether the well had been perforated over 657 times and used for the production of saltwater is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 54.  On or before March 12, 1956, Dow engaged contractor, Gordon Graham to began an attempt to abandon the oil well<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083189-91 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether Dow engaged contractor Gordon Graham to begin to attempt to abandon the well is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 55.  CalGEM approved the planned abandonment based on Dow's representations, echoing that that the 11 ¾ inch casing was "W.S.O." or watertight.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083190 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether CalGEM approved the planned abandonment based on Dow's representations is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 56.  In an effort to recover the valuable metal used in the casing, Mr. Graham attempted to cut and pull the casing from the ground at a depth of 887 ft. bgs.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083186-91 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether Mr. Graham attempted to cut and pull casing from the ground at a depth of 887 ft. bgs. and his purpose in doing so is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Misstates Evidence:**  MDR purports to summarize the contents of Exhibit 3 |

| | and in so doing misstates the contents of the document and what it purports to memorialize.  Exhibit 3 does not state that Mr. Graham attempted to cut and pull the casing in an effort to recover valuable metal used in the casing. |
|---|---|
| 57.  After pulling the casing up four (4) feet, the well experienced a blowout.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083186-91 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether the well blew out after casing was pulled up is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 58.  Based on observations of CalGEM recorded in the well record, the gas was coming from "behind the 11 ¾ in. casing at a depth of 1800."<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083189 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The location from which the gas was coming during the blowout in 1956 is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes the Well file without offering other portions of the Well file that bear on this topic. |
| 59.  This blowout lasted thirty- six (36) hours.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083189 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The duration of the 1956 blowout is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 60.  After multiple failed attempts to cut and pull the casing, Mr. Graham cut the casing at 40 ft. bgs and removed the top 40 ft. of casing from the surface, leaving only thin "stove pipe" casing at the surface.<br><br>Hujer Decl., Ex. 3 (Well Records) at | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether Mr. Graham failed in attempts to cut and pull the casing, whether he removed the top 40 ft. of casing from the |

| | |
|---|---|
| MDR0083186-91 | surface, and whether "thin" stove pipe casing was left at the surface is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents of the document and what it purports to memorialize. The document does not state that the "stove pipe" surface casing was "thin." |
| 61.  At the time of the abandonment in 1956, the casing had been left perforated at the base and exposed to the constant influx of oil and gas, as well as corrosive saltwater.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083186-91 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether casing had been left perforated at the base at the time of abandonment in 1956 and "exposed to the constant influx of oil and gas, as well as corrosive saltwater" is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents of the document and what it purports to memorialize.  The document does not state that the base had been left "exposed to the constant influx of oil and gas, as well as corrosive saltwater."  Hujer Decl., Ex. 3 at MDR0083186-91. |
| 62.  At the time of the abandonment 1956, the gas zone known to exist at, and below, 2,200 ft. bgs (and below) was left open to the annulus space surrounding the 11 ¾ inch casing, free to flow to water layers and surface.<br><br>Hujer Decl., Ex. 3 (Well Records) at MDR0083186-91 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether, at the time of abandonment in 1956, the gas zone was "left open" to the annulus space surrounding the 11 ¾ inch casing, "free to flow to water layers and surface" is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 3 and in so doing misstates the contents |

| | |
|---|---|
| | of the document and what it purports to memorialize. The document does not state that the gas zone "was left open to the annulus space" or was "free to flow to water layers and surface." Hujer Decl., Ex. 3 at MDR0083186-91. |
| 63.  In 2006, MDR's predecessor entity entered into a term sheet with the County of Los Angeles to develop the Property<br><br>Declaration of Hyrum Madsen ("Madsen Decl.") at ¶3. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether MDR's predecessor entered into a term sheet with the County in 2006 is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion).<br><br>**Lack of Foundation/Personal Information, Fed. R. Evid. 602:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 64.  Over time, the planned development and the amount of land to be leased changed significantly.<br><br>Madsen Decl. at ¶3. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether the planned development and amount of land to be leased "changed |

| | |
|---|---|
| | significantly" is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 65.  At the inception of the negotiations, a high-rise condo complex was planned with parking on an adjacent lot.  Madsen Decl. at ¶3. | **Irrelevant, Fed. R. Evid. 401, 402:**  To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  The prior plan to build a high-rise condo complex is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable |

| | | |
|---|---|---|
| | | exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 66. | The size of the Property was reduced to accommodate wetlands on a portion of the site, and the planned development changed to a hotel complex, featuring two hotels and a restaurant in the middle.<br><br>Madsen Decl. at ¶3. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Reduction in the size of the Property is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Hyrum Madsen started working at MDR in 2019, and |

| | | |
|---|---|---|
| | | thus does not have personal knowledge of this purported fact. |
| 67. | While MDR was first lead to believe the oil well was located off the Property, it soon became aware of the potential that the oil well may be located on the Property.<br><br>Madsen Decl. at ¶4. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable" than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether MDR was first led to believe the oil well was located off the Property is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 68. | Accordingly, in 2008, MDR engaged its contractor Methane Specialists to conduct a survey of the Property to locate the well using a magnetometer.<br><br>Madsen Decl. at ¶4. | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is |

| | |
|---|---|
| | inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). **Lack of Foundation/Personal Information, Fed. R. Evid. 602**:  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 69.   The report concluded that the oil well was immediately adjacent to the road, stating "The instrument's response was unequivocal, resulting in very high confidence that here the well was positively located to within +/- 1 foot." Madsen Decl. at ¶4, and Ex. 1. | **Hearsay, Fed. R. Evid. 802**:  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). **Lack of Foundation/Personal Information, Fed. R. Evid. 602**:  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 70.   Understanding that the well was located immediately adjacent to the street, MDR planned its hotel development accordingly. Madsen Decl. at ¶4, and Ex. 1. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether MDR understood the well was located immediately adjacent to the street is not relevant to Defendants' Motion. |

| | | |
|---|---|---|
| 1 | | Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 2 | | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 1 to the Madsen Declaration and in so doing misstates the contents of the document and what it purports to memorialize. |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | 71. In 2017, prior to signing the ground lease with the County, MDR conducted a second magnetometer survey, which confirmed the location of the well near the boundary of the Property.<br><br>Madsen Decl. at ¶4, and Ex. 2. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether MDR conducted a second magnetometry survey is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 2 to the Madsen Declaration and in so doing misstates the contents of the document and what it purports to memorialize. |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 72. On July 31, 2017, MDR entered a lease with the County to develop a hotel project on a portion of the Property.<br><br>Hujer Decl., Ex. 11 | **None.** |
| 73. Upon entering the Lease, MDR instructed Methane Specialists to physically locate the Dow RGC 10 well.<br><br>Madsen Decl. at ¶5. | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |

| | | |
|---|---|---|
| | | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:** "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 74. | The well was located on September 7, 2017, within the planned footprint of the development, under the planned parking garage<br><br>Madsen Decl. at ¶5. | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion).<br><br>**Lack of Foundation/Personal Information, Fed. R. Evid. 602:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 75. | On October 2, 2017, Methane Specialists examined the condition of the well and determined to be leaking methane and surrounded by viscous fluids—described as being "thicker than water."<br><br>Hughes Decl., Ex. 3 (Conohan Trans.) at 101:10-104-1, and Ex. 4 (Field Inspection Report) | **Lack of Authentication, Fed. R. Evid. 901:** Hughes Decl., Exhibit 4 purports to be a field inspection report dated September 18, 2017.  However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that field report, no authentication of the document has been provided, and the document is inadmissible.  Fed R. Evid. 901. |
| 76. | On October 31, 2017, CalGEM confirmed to Methane Specialists | **Misstates Evidence:** The cited testimony in Exhibit 3 does not state |

| | |
|---|---|
| that if the well was leaking, MDR would be required to re-abandon the well.<br><br>Hughes Decl., Ex. 5.; Ex. 3 (Conohan Trans.) at 101:10-104 | that CalGEM confirmed to Methane Specialists that if the well was leaking, MDR would be required to re-abandon the well.  Hughes Decl., Ex. 3 at 101:10-104. |
| 77.  With the assistance of and recommendation from Methane Specialist, MDR engaged InterACT PMTI ("InterACT") to perform the well abandonment.<br><br>Madsen Decl. at ¶7. | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion).<br><br>**Lack of Foundation/Personal Information, Fed. R. Evid. 602:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Hyrum Madsen started working at MDR in 2019, and thus does not have personal knowledge of this purported fact. |
| 78.  InterACT is well experienced working on and abandoning oil wells in Southern California.<br><br>Hughes Decl., Ex. 9 (Lerma Trans.) at 40:4-45:10; Giuliani Decl. ¶2, Ex. 1. | **Misstates Evidence:** In the cited testimony from Val Lerma, she does not testify at all regarding experience abandoning wells, and testifies only regarding her own experience, not that of InterACT.  Hughes Decl., Ex. 9 at 40:4-45:10.<br><br>**Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, |

| | |
|---|---|
| | Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 79. On April 27, 2018, MDR submitted a Notice of Intent to re-abandon the well. <br><br> Giuliani Decl. ¶4, Exs. 3-5. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 80. On June 5, 2018, CalGEM approved the Notice, and issue a permit to abandon the well. <br><br> Giuliani Decl. ¶5, Ex. 6. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the |

| | | |
|---|---|---|
| | | extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 81. | CalGEM's permit specifically included the following requirements: The operator shall isolate the following zones: a. The Base of Freshwast at 700 +/-[bgs]; b. The [Underground Source of Drinking Water] at 1512 [bgs]; c. Top of the upper most hydrocarbon zone at 2200' +/-[bgs]; and d. Top of the Upper [oil-bearing] zone 3330' +/-"  Giuliani Decl. ¶5, Ex. 6. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 82. | It was known and understood by both CalGEM and MDR, prior to MDR initiating the re-abandonment efforts, that Dow and Marathon had failed to shut off or isolate the water layers from the oil-bearing zone at 3,330 ft. | **Misstates Evidence:** In the cited portion of Christopher Phillips' testimony (Exhibit 11), he does not testify as to what CalGEM or MDR's knowledge and understanding were prior to MDR initiating the re-abandonment efforts.  Hughes Decl., |

| | |
|---|---|
| bgs and from the gas-bearing zone at 2,200 ft. bgs.<br><br>Hughes Decl., Ex. 11 (Phillips Tran.) at 280:17-20; Giuliani Decl. ¶5, Ex. 6. | Ex. 11 at 280:17-20.<br><br>**Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 83.  With cement in the annulus (the space between the casing pipe and the earth) only ranging from the base of the well at 3,423 ft. up to 2,686 ft. bgs, neither Dow nor Marathon had shut off the hydrocarbon or gas zone at 2200 ft. bgs<br><br>Hughes Decl., Ex. 11 (Phillips Tran.) at 277:21-280:11; Giuliani Decl. ¶5, Ex. 6. | **Best Evidence, Fed. R. Evid. 1002:** MDR offers an incomplete fragment of Christopher Phillips' deposition testimony (Exhibit 11), which is not the best evidence.  The full excerpt of Mr. Phillips' testimony on the subject is the best evidence, not MDR's representation of its contents.<br><br>**Misstates Evidence:**  MDR purports to summarize the contents of Christopher Phillips' cited testimony (Exhibit 11) and in so doing misstates the contents of his testimony and what it purports to state.  Mr. Phillips also did not testify that he had any certainty regarding whether zones had been "shut off" by Dow or Marathon.  Hughes Decl., Ex. 11 at 277:21-280:11.<br><br>**Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants |

| | |
|---|---|
| | object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 84. MDR began the reabandonment of the well on August 6, 2018.<br><br>Giuliani Decl. ¶6, Ex. 7 (Daily Work History) at 150. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 85. Almost instantly, MDR saw signs that gas from below was leaking to | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not |

| | |
|---|---|
| the surface. InterACT was constantly dealing with gas kicks from the subsurface as it attempted to reenter the well<br><br>Giuliani Decl. ¶7, Ex. 7 (Daily Work History) at 150-162. | filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 86.  Despite numerous requests to modify the re-abandonment plan, CalGEM insisted that oil and gas zones must be isolated to protect water layers above.<br><br>Giuliani Decl. ¶9. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |

| | |
|---|---|
| 87. On December 24, 2018, after the well had been shut in and, the well experienced a blow out during the night when work at the Property had ceased for the Christmas holiday.<br><br>Giuliani Decl. ¶11; Ex. 7 (Daily Work History) at 160. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 88. Following the Christmas blow out, MDR's contractor met with CalGEM at the Property and again requested that CalGEM approve a modified abandonment plan that did not require abandonment to 3,375 ft. bgs.<br><br>Giuliani Decl. ¶12; Ex. 7 (Daily Work History) at 160. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional |

| | |
|---|---|
| | declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 89. Following the Christmas blow out CalGEM still insisted that MDR continue with the planned re-abandonment.<br><br>Giuliani Decl. ¶12; Ex. 7 (Daily Work History) at 160. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 90. MDR's contractor continued to experience gas kicks almost daily through the remainder of December, 2018 and early January, 2019.<br><br>Giuliani Decl. ¶13; Ex. 7 (Daily Work History) at 160-62. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend |

| | |
|---|---|
| | their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 91.  On the morning of January 11, 2019, MDR's contractor experienced various gas kicks and emailed CalGEM noting the condition and again asking that CalGEM reconsider its position regarding a modification to the planned abandonment.<br><br>Giuliani Decl. ¶13; Ex. 8. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 92.  Later on January 11, 2019, MDR's contractor experienced a blowout consisting mostly of natural gas up a drill string (a long metal tube, approximately four inches in diameter) that was being used to work towards the bottom of the well.<br><br>Giuliani Decl. ¶14; Ex. 7 at 162. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported |

| | |
|---|---|
| | declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 93. The end of the drill string was believed to be at a depth of 1,492 ft. bgs when gas blew up the drill string with significant pressure.<br><br>Giuliani Decl. ¶14; Ex. 7 at 162. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 94. The source of the gas was believed to be below the end of the drill strill at 1,492 ft.<br><br>Giuliani Decl. ¶14; Ex. 7 at 162. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated |

| | |
|---|---|
| | filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 95. Attempts by the rig crew to screw on a safety valve on the end of the drill string at the surface were unsuccessful due to the pressure of the gas coming up the drill string.<br><br>Giuliani Decl. ¶14; Ex. 7 at 162. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 96. The drill string was released into the well to stop the blow out. In total, the blow out lasted approximately 10 minutes.<br><br>Giuliani Decl. ¶14; Ex. 7 at 162. | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a |

| | |
|---|---|
| | deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 97.  The blow out did not result in any damage to life or property.<br><br>Giuliani Decl. ¶14. | **<u>Failure to Submit Declaration and Exhibits Relied Upon</u>:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 98.  On January 18, 2019, CalGEM issued Emergency Order No. 1143 requiring MDR to perform around-the-clock remedial work on Dow RGC 10.<br><br>Hughes Decl., Ex. | **<u>Failure to Specify Exhibit Relied Upon</u>:** MDR has not specified what supporting evidence MDR relies on for this statement of additional genuine dispute. |
| 99.  From the time of the blow out (before the Order), MDR's contractor maintained watch over the well, twenty-hours a day, and did not discontinue this program until allowed by CalGEM.<br><br>Giuliani Decl. ¶15; Ex. 7 at 162-76. | **<u>Failure to Submit Declaration and Exhibits Relied Upon</u>:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to the complete lack of evidence provided by MDR in support of this purported statement of additional |

| | |
|---|---|
| | genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so. |
| 100. InterACT was unable to retrieve the entire drill string from the well.<br><br>Giuliani ¶16; Jordan Decl., Ex. 1 (Expert Report) at 45-48 | **<u>Failure to Submit Declaration and Exhibits Relied Upon:</u>** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto.  As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute.  In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay.  Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition.  Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so.<br><br>**<u>Hearsay, Fed. R. Evid. 802:</u>** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. |

| | |
|---|---|
| | 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 101. The presence of the drill string (often referred to as the "fish") in the wellbore at depth made further attempts to reach the bottom of the well impractical.<br><br>Giuliani ¶16; Jordan Decl., Ex. 1 (Expert Report) at 45-48 | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so.<br><br>**Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is |

| | | |
|---|---|---|
| | | inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 102. | In order to abandon the well following the blow out, MDR proposed a series of cement barriers at depth to isolate the oil and gas zones from the water zones and surface above. The two-phased approach was reviewed and approved by CalGEM.<br><br>Giuliani ¶16, Ex.9; Jordan Decl., Ex. 1 (Expert Report) at 45-48 | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so.<br><br>**Improper Expert Testimony, Fed. R. Evid. 702:** Plaintiff offers the Report of Jeff Jordan, which is inadmissible because he renders an improper conclusion of law. *See* Fed. R. Evid. 702. *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059 (9th Cir. 2008).<br><br>**Legal Conclusion, Fed. R. Evid. 701:** Mr. Jordan's conclusion that the approach was "approved by CalGEM" is not an evidentiary fact and is subject to dispute. Improper legal conclusions and impermissible opinion testimony are inadmissible. *See* Fed. R. Evid. 701; *Flintkote Co. v. Gen. Accident Assurance Co.*, 410 F. Supp. 2d 875 (N.D. Cal. 2006) (portions of |

| | | |
|---|---|---|
| 1 | | declaration consisting of legal argument and opinions were inadmissible on motion for summary adjudication); *Long Beach Police Officers' Ass'n v. Luman*, No. 99-13090, 2001 WL 1729693, at *1 n. 4 (C.D. Cal. May 10, 2001) (sustaining objections to declaration because it "indeed sets forth a legal conclusion"); *See also Greene v. Westfield Ins. Co.*, 963 F.3d 619, 627 (7th Cir. 2020) ("[A]ffidavits are for stating facts, not legal conclusions."). |
| 8 | | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 17 | 103. The process was approved by CalGEM and the County of Los Angeles.<br><br>Giuliani ¶16, Ex.9; Jordan Decl., Ex. 1 (Expert Report) at 45-48 | **Failure to Submit Declaration and Exhibits Relied Upon:** MDR has not filed or served any document titled, "Giuliani Declaration," or any exhibits related thereto. As such, Defendants object to MDR's reliance on this declaration and the exhibit purportedly attached to it for this purported statement of additional genuine dispute. In addition, to the extent MDR attempts to introduce a declaration from Michael Giuliani, Defendants object to that declaration and any exhibits attached to it as hearsay. Defendants note that while MDR is apparently working with Mr. Giuliani, MDR has refused to provide Mr. Giuliani's contact information to Defendants or make him available for a deposition. Defendants reserve the right to move to strike any belated filing of declaration(s) and/or exhibit(s), including the purported |

declaration of Michael Giuliani and any exhibits thereto, and/or to amend their responses and/or objections should MDR file such additional declaration(s) and/or exhibit(s) after its now-expired deadline for doing so.

**Misstates Evidence:**  MDR purports to summarize the contents of Jeff Jordan's expert report and in so doing misstates the contents of the report.

**Improper Expert Testimony, Fed. R. Evid. 702:** Plaintiff offers the Report of Jeff Jordan, which is inadmissible because he renders an improper conclusion of law. *See* Fed. R. Evid. 702. *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059 (9th Cir. 2008).

**Legal Conclusion, Fed. R. Evid. 701:** Mr. Jordan's conclusion that the process was "approved by CalGEM and the County of Los Angeles" is not an evidentiary fact and is subject to dispute.  Improper legal conclusions and impermissible opinion testimony are inadmissible.  *See* Fed. R. Evid. 701; *Flintkote Co. v. Gen. Accident Assurance Co.*, 410 F. Supp. 2d 875 (N.D. Cal. 2006) (portions of declaration consisting of legal argument and opinions were inadmissible on motion for summary adjudication); *Long Beach Police Officers' Ass'n v. Luman*, No. 99-13090, 2001 WL 1729693, at *1 n. 4 (C.D. Cal. May 10, 2001) (sustaining objections to declaration because it "indeed sets forth a legal conclusion"); *See also Greene v. Westfield Ins. Co.*, 963 F.3d 619, 627 (7th Cir. 2020) ("[A]ffidavits are for stating facts, not legal conclusions.").

**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable

| | |
|---|---|
| | exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 104. On December 29, 2020, the State Oil and Gas Supervisor executed an Amended Emergency Order and Satisfaction "finding that [MDR] satisfied Emergency Remedial Order No. 1143 . . . by acting in accordance of the alternate programs 'Dow RGC 10, Two Stage Program to Cement through the Fish' and 'Dow RGC 10 Abandonment Program above the Fish' submitted to CalGEM on March 18, 2019 and March 26, 2019, respectively."<br><br>Hughes Decl. Ex. 17 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether DOGGR executed an Amended Emergency Order and satisfied Emergency Remedial Order No. 1143 is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes Amended Emergency Order No. 1143 without offering other portions of Amended Emergency Order No. 1143 that bear on this topic.<br><br>**Lack of Authentication, Fed. R. Evid. 901:** Exhibit 17 purports to be an Amended Emergency Order executed by DOGGR. However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that order and/or agreement, no authentication of this document has been provided, and the document is inadmissible. Fed. R. Evid. 901.<br><br>**Hearsay, Fed. R. Evid. 802:** MDR offers Amended Emergency Order No. 1143, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Exhibit 17 does not appear in the well file referenced by MDR and is not an official government record. Absent a specifically identifiable applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v.* |

| | | |
|---|---|---|
| 1 2 | | *CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 3 4 5 6 | 105. The Amended Order noted that the well control challenges were the "result of wellbore integrity issues related to the original abandonment."  Hughes Decl. Ex. 17 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether an Amended Order noted that well control challenges were the "result of wellbore integrity issues related to the original abandonment" is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 10 11 12 | | **Rule of Completeness, Fed. R. Evid. 106:** MDR selectively quotes Amended Emergency Order No. 1143 without offering other portions of Amended Emergency Order No. 1143 that bear on this topic. |
| 13 14 15 16 17 18 19 | | **Lack of Authentication, Fed. R. Evid. 901:** Exhibit 17 purports to be an Amended Emergency Order executed by DOGGR.  However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that order and/or agreement, no authentication of this document has been provided, and the document is inadmissible.  Fed. R. Evid. 901. |
| 20 21 22 23 24 25 26 27 28 | | **Hearsay, Fed. R. Evid. 802:** MDR offers Amended Emergency Order No. 1143, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Exhibit 17 does not appear in the well file referenced by MDR and is not an official government record.  Absent a specifically identifiable applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision |

| | | |
|---|---|---|
| | | to exclude hearsay evidence in deciding a summary judgment motion). |
| | 106. At the request of CalGEM, MDR constructed the parking garage such that a casing riser sits above the well, allowing future access to the well if necessary.<br><br>Madsen Decl. ¶8. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether, at the request of CalGEM, MDR constructed the parking garage such that a casing riser sits above the well, allowing future access to the well, is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | 107. The re-abatement by MDR was approved by the County of Los Angeles, and Building and Safety issued a Final Certificate of Occupancy for the property.<br><br>Madsen Decl. ¶9. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether MDR's "re-abatement" was "approved" by the County of Los Angeles and whether Building and Safety issued a Final Certificate of Occupancy for the property is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Legal Conclusion, Fed. R. Evid. 701:** Mr. Madsen's statement that the "re-abatement" was "approved by the County of Los Angeles" is not an evidentiary fact and is subject to dispute.  Improper legal conclusions and impermissible opinion testimony |

| | | |
|---|---|---|
| | | are inadmissible. *See* Fed. R. Evid. 701; *Flintkote Co. v. Gen. Accident Assurance Co.*, 410 F. Supp. 2d 875 (N.D. Cal. 2006) (portions of declaration consisting of legal argument and opinions were inadmissible on motion for summary adjudication); *Long Beach Police Officers' Ass'n v. Luman*, No. 99-13090, 2001 WL 1729693, at *1 n. 4 (C.D. Cal. May 10, 2001) (sustaining objections to declaration because it "indeed sets forth a legal conclusion"); *See also Greene v. Westfield Ins. Co.*, 963 F.3d 619, 627 (7th Cir. 2020) ("[A]ffidavits are for stating facts, not legal conclusions."). |
| | | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| 108. | The hotel property has been operational since October 2020, and is not impacted by the well or any methane gases emanating from the well.<br><br>Madsen Decl. ¶10. | **Irrelevant, Fed. R. Evid. 401, 402:**  To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  The length of time of the hotel has been operating and whether the hotel has been impacted by the well or methane gases from the well since becoming operational is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. |

| | | |
|---|---|---|
| | | Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | 109. As a safety measure, MDR installed a leak detection system and regularly checks the well for leaks.<br><br>Madsen Decl. ¶11. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether MDR regularly checks the well for leaks is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay, Fed. R. Evid. 802**: MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion). |
| | 110. To date, there has been no evidence of any leak of methane or other natural gas from the well.<br><br>Madsen Decl. ¶11.; Hughes Decl. Ex. 6 (Dudak Trans.) at 187:17-19 | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether there has been no evidence of any leak of methane or natural gas from the well since the hotel became operational is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |

| | |
|---|---|
| | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Hyrum Madsen, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion).<br><br>**Misstates Evidence**: In the cited portion of Daniel Dudak's testimony, he does not testify regarding methane or natural gas. Hughes Decl., Ex. 6 at 187:17-19. |
| 111. Prior to raising the statute of repose in their Motion, Defendants had not asserted an affirmative defense based on a statute of repose.<br><br>ECF 57, 58; Hughes Decl. ¶19. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether Defendants "had not asserted an affirmative defense based on a statute of repose" is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Misstates Evidence**: For the reasons explained in Defendants' Reply in Support of Motion for Summary Judgment, ECF No. 57 and 58 do include assertions of an affirmative defense based on the statute of limitations. |
| 112. Neither Marathon nor Dow include an affirmative defense related to the statute of repose related to construction defects in their Answers to the Complaint.<br><br>ECF 57, 58; Hughes Decl. ¶19. | **Irrelevant, Fed. R. Evid. 401, 402**: To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether Defendants included an affirmative defense related to the statute of repose "related to construction defects" in their Answers is not relevant to |

| | | |
|---|---|---|
| | | Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | | **Misstates Evidence**: For the reasons explained in Defendants' Reply in Support of Motion for Summary Judgment, ECF No. 57 and 58 do include assertions of an affirmative defense based on the statute of limitations. |
| | 113. With the exception of discovery related to well records withheld by Marathon, discovery in this matter concluded almost a year ago, May 31, 2022.<br><br>ECF 74 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  The date discovery concluded is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | 114. Defendants have known they intended to file their Motion since at least August 12, 2022, when they filed a motion for leave to file multiple motions for summary judgment.<br><br>ECF 106 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Defendants' intentions regarding filing a motion or motions is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| | | **Lack of Foundation/Personal Information, Fed. R. Evid. 602:**  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  MDR did not submit any declarations from anyone with direct knowledge of Defendants' strategic intentions in connection with their motion.  This additional statement of genuine dispute is inadmissible. Fed. R. Evid. 901. |
| | 115. At no point was an affirmative defense based on the statute of repose informally raised between counsel.<br><br>Hughes Decl. ¶19. | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Whether defenses were "informally raised" by counsel is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence |

| | |
|---|---|
| | is not admissible."). |
| 116. Soil gas sampling done in 2006 showed that shallow soil gases were comprised of 100% explosive methane at ten feet below ground surface.<br><br>Hujer Decl. Ex. 18 at 4 (Test Results) | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 18 and in so doing misstates the contents of the document and what it purports to memorialize. |
| 117. The highest levels of methane were detected in 2006 in the area that would later be determined to be the location of the well.<br><br>Hujer Decl. Ex. 18 at 4 (Test Results) | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 18 and in so doing misstates the contents of the document and what it purports to memorialize. |
| 118. In 2006, Methane Specialists concluded that the high level of methane were likely coming from the Dow RGC 10 well<br><br>Hujer Decl. Ex. 18 at 4 (Test Results) | **Misstates Evidence:** MDR purports to summarize the contents of Exhibit 18 and in so doing misstates the contents of the document and what it purports to memorialize. Exhibit 18 states that the high levels of methane were "caused by oil wells on and nearby subject site." |
| 119. On September 18, 2017, Methane Specialists located and tested the well. It was revealed to be leaking methane, and the soil surrounding the well head appeared to be covered with a "viscous fluid" leaking from the well.<br><br>Hughes Decl. Ex. 4 | **Lack of Authentication, Fed. R. Evid. 901:** Hughes Decl., Exhibit 4 purports to be a field inspection report dated September 18, 2017. However, because MDR submitted only a declaration from its counsel in this matter regarding the document rather than declarations from anyone with any direct knowledge of that field report, no authentication of the document has been provided, and the document is inadmissible. Fed R. Evid. 901. |
| 120. DOGGR specifically informed Methane Specialists that if the well was found to be leaking, it would need to be re-abandoned.<br><br>Hughes Decl. Ex. 5 | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Whether DOGGR specifically informed Methane Specialists that if the well was found to be leaking, it would need to be re-abandoned is not relevant to Defendants' Motion. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 121. A contractor by the name of H. Hilsinger performed the | **Irrelevant, Fed. R. Evid. 401, 402:** To be legally relevant, the proffered |

| | |
|---|---|
| perforations to the well casing in 1941.<br><br>Hujer Decl., Ex 3 at MDR0083194 | evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether a contractor by the name of H. Hilsinger performed the perforations to the well casing in 1941 is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 122. Mr. Hilsinger was affiliated with an entity called "The Dow Chemical Company, Contractors."<br><br>Hujer Decl., Ex 3 at MDR0083192-05 | **Irrelevant, Fed. R. Evid. 401, 402**:<br>To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether Mr. Hilsinger was affiliated with an entity called "The Dow Chemical Company, Contractors," is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). |
| 123. Gordon Graham was an independent contractor.<br><br>Hujer Decl., Ex 3 at MDR0083186 | **Irrelevant, Fed. R. Evid. 401, 402:**<br>To be legally relevant, the proffered evidence must have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.  Whether or not Gordon Graham was an independent contractor is not relevant to Defendants' Motion.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Misstates Evidence**:  Exhibit 3 states "contractor," not "independent contractor." |
| 124. Oil and gas are free to flow at levels below ground.<br><br>Jordan Decl. ¶6 | **Hearsay, Fed. R. Evid. 802:**  MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein.  *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  Absent a specifically identified applicable exception, such evidence is inadmissible.  *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude |

| | | |
|---|---|---|
| | | hearsay evidence in deciding a summary judgment motion). |
| | 125. It is very likely that the gas and oil that impact the Property originated offsite and migrated to the Property due to the presence of the well.<br><br>Jordan Decl. ¶6 | **Hearsay, Fed. R. Evid. 802:** MDR purports to offer the declaration of Jeff Jordan, which consists of out-of-court statements, for the truth of the matters asserted therein. *See* Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically identified applicable exception, such evidence is inadmissible. *See* Fed. R. Evid. 802; *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) (affirming decision to exclude hearsay evidence in deciding a summary judgment motion).<br><br>**Improper Expert Testimony, Fed. R. Evid. 702(b):** MDR offers the Declaration of Jeff Jordan, which is inadmissible because his opinions are not based on sufficient facts or data. *See* Fed. R. Evid. 702(b). Opinions which are not based on reliable underlying facts are subject to exclusion. *Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 831-32 (9th Cir. 2001) (stating that at summary judgment an expert must "back up his opinion with specific facts" and excluding expert testimony where the acts relied on by the expert were not established in the factual record). Such evidence is improper expert testimony and inadmissible. |
| | 126. The County refused to provide any credit or rent reduction related to the oil well or any potential environmental condition related to the property.<br><br>Hughes Decl. Ex. 10 (Pangelinan Trans.) at 112:1-113:16 and 158:3-160:21 | **Best Evidence, Fed. R. Evid. 1002:** MDR offers an incomplete fragment of Bill Pangelinan's deposition testimony, which is not the best evidence. The full excerpt of Mr. Pangelinan's testimony on the subject is the best evidence, not MDR's representation of its contents. |

Dated: March 31, 2023

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Patrick J Foley*
Patrick J. Foley
Attorneys for Defendant
*The Dow Chemical Company*

**PHILLIPS LYTLE LLP**

By: */s/ Joel A. Blanchet*
Joel A. Blanchet (*Pro Hac Vice*)
Tristan D. Hujer (*Pro Hac Vice*)
Myles K. Bartley (*Pro Hac Vice*)
Attorneys for Defendant
*The Dow Chemical Company*

**LATHAM & WATKINS LLP**

By: */s/ Mary Rose Alexander*
Mary Rose Alexander
Shannon D. Lankenau
Michael A. Hale
Attorneys for Defendant
*Marathon Oil Company*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(I), I, Patrick J. Foley, attest under penalty of perjury that I have obtained concurrence and authorization from the other signatories to affix their electronic signatures to this filing.

Dated:  March 31, 2023          **LATHAM & WATKINS LLP**

By *<u>/s/ Patrick J. Foley</u>*
Patrick J. Foley